IN THE UNITED STATES DISTRICT COURT **RECEIVED**
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 JUN 18  A 11: 48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ARTIS WILLIAMS and BEVERLY WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. ) 2:07CV538-MEF ) |
| CNH AMERICA, LLC, et al., | ) ) |
| Defendants. | ) ) ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the

properly joined defendant CNH America LLC ("CNH")[1] hereby gives notice of removal of the

above-captioned action, pending in the Circuit Court of Bullock County, Alabama, Civil Action

No. CV 07-900016, to the United States District Court for the Middle District of Alabama,

Northern Division which encompasses this circuit court.  Thus, venue is proper under 28 U.S.C.

§§ 81(a) and 1441(a).  In further support of this removal, Defendants show the Court as follows:

**A.    This Notice of Removal is timely filed.**

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating

to the removal of cases.

---

[1] Plaintiffs also named the Bullock County Commission ("the Commission") as a defendant in this lawsuit.  The Commission does not join in this removal, but as explained *infra*, because the Commission has been improperly joined, it is not required to join in this removal. See, e.g., Clay v. Brown & Williamson Tobacco Corp., 77 F.Supp.2d 1220, 1223 n.3 (M.D. Ala. 1999)("Unless and until the case is remanded, it is not necessary that a fraudulently or improperly joined defendant join with the other defendants in a petition for removal.").

2.     This action was commenced on or about May 14, 2007, by the filing of the summons and the Complaint herein in the Circuit Court of Bullock County, Alabama, Civil Action No. CV 07-900016. CNH was served with the summons and the Complaint on May 17, 2007. The Commission was served with the summons and the Complaint on May 18, 2007.

3.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely in that it is being filed within thirty (30) days of service of the summons and the Complaint on the first-served defendant, CNH America, LLC.

4.     The time in which Defendants are required by state law or rules of court to answer or plead to the Complaint in state court has not expired.

**B.    The only proper parties to this lawsuit are of diverse citizenship, therefore, the Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332**

5.     At all times relevant to the Complaint and at the time of the filing of the Complaint, Plaintiffs Artis Williams and Beverly Williams were residents of the State of Alabama. See Complaint ¶ 1.

6.     CNH is now and was at the time of the filing of the Complaint and at all times intervening a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Pennsylvania.

7.     The Commission is now and was at the time of the filing of the Complaint and at all times intervening organized and existing under the laws of the State of Alabama. Because, however, the Commission was improperly or fraudulently joined, its citizenship is disregarded for purposes of removal. See Section C, *infra*, and CNH's Motion to Sever and Remand Plaintiffs' Worker's Compensation Claim, filed contemporaneously herewith.

2

8.      Pursuant to 28 U.S.C. § 1441(a), the citizenship of the fictitious defendants named in the Complaint must be disregarded for removal purposes.

**C.      Plaintiffs' only claim against the Commission is for Worker's Compensation benefits and is due to be severed and remanded to state court, leaving complete diversity.**

9.      Plaintiffs' Complaint contains four counts.  The first three counts relate to the allegedly defective nature of the product that is alleged to have caused Plaintiffs' injuries.  <u>See</u> Complaint.  These three counts are brought <u>only</u> against the diverse defendant, CNH.  Plaintiffs' fourth and final count is brought <u>only</u> against the non-diverse defendant, the Commission.  This fourth count is brought pursuant to Alabama's Worker's Compensation Statute (Ala. Code §25-5-1, et seq.).

10.      As more fully set forth in CNH's contemporaneously filed Motion to Sever and Remand Plaintiffs' Worker's Compensation Claim (the arguments in which are incorporated herein), Plaintiffs' claim against his employer for worker's compensation benefits should be severed from his third party tort claims against CNH and remanded to state court.  <u>See, e.g.,</u> <u>Bryant v. Wausau Underwriters Insurance Co.</u>, et al., 2007 WL 1159699 (M.D. Ala. April 18, 2007)(severing and remanding to state court Plaintiff's worker's compensation claims while retaining jurisdiction over Plaintiff's third party tort claims against diverse defendants).  If Plaintiffs' worker's compensation claims are severed and remanded to state court, then the only claims left are against diverse defendant CNH and, assuming the amount in controversy requirement is satisfied, this Court has jurisdiction over the claims against CNH.

3

**D.    The amount in controversy exceeds the statutory jurisdictional threshold.**

11.    The amount in controversy in this lawsuit exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, thus satisfying the amount in controversy requirement of 28 U.S.C. § 1332.  Plaintiffs have asserted claims under the Alabama Extended Manufacturer's Liability Doctrine, negligence  and wantonness.  Although the Complaint does not assert a specific monetary demand, Plaintiffs have demanded compensatory and punitive damages for the injuries and emotional distress allegedly suffered, as well as alleged future pain and anguish and earning capacity as well as loss of consortium.

12.    Because Plaintiffs claim wantonness and punitive damages, any potential award of punitive damages against CNH is included in determining the amount in controversy.  Bell v. Preferred Life Assurance Society of Montgomery, Alabama, 320 U.S. 238, 240 (1943); Holley Equipment Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987).

13.    Based on the allegations and claimed damages in the Complaint, it is clear that the amount in controversy exceeds $75,000.00.  Alabama juries routinely award high six and seven figure punitive verdicts against corporations in cases involving personal injuries to individuals.  See, e.g., General Motors Corp. v. Saint, 646 So.2d 564, 565 (Ala. 1994)(jury verdict of $13,000,000 in product liability case); Sears, Roebuck & Co. v. Harris, 630 So.2d 1018 (Ala. 1993)($12,000,000 damages award remitted to $7,350,001); General Motors Corp. v. Johnston, 592 So.2d 1054 (Ala. 1992)($15,000,000 punitive damages award affirmed in products liability case).  In determining whether the amount in controversy has been met, the Court may also look for guidance to recent decisions rendered in similar cases.  Bolling v. Union Nat'l Life Ins. Co., 900 F. Supp. 400, 404 (M.D. Ala. 1995).  In Bolling, the court held that the amount in controversy requirement had been met even where the plaintiff had not specified a damages

4

amount where the defendant presented the court with numerous decisions from Alabama courts in which the action yielded liability of greater than $75,000.00. See id. at 405.

14.     Under the authority of Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), a defendant only has the burden to prove that the amount in controversy requirement has been met by a "preponderance of the evidence" where, as in this case, a plaintiff makes an unspecified demand for damages. Id. at 1357. It is clear that the amount in controversy in this lawsuit is in excess of the $75,000.00 jurisdictional limit, exclusive of interest and costs.

15.     In addition to the guidance as to the amount in controversy provided by these previous product liability decisions, the clearest evidence that the amount in controversy requirement is satisfied in this case comes from Plaintiffs' own Complaint. In it, Plaintiffs seek damages related to past medical expenses incurred and future medical expenses expected to be incurred. See Complaint. Plaintiffs do not specify an amount of those expenses, but clearly if plaintiffs' medical expenses to date exceed $75,000.00, then the amount in controversy requirement is satisfied.

16.     In an effort to ascertain the value of Plaintiffs' claim for medical expenses, the undersigned contacted the attorney for the Commission, Mike Eley. Eley forwarded the attached email from the Commission's Worker's Compensation insurance carrier confirming that Mr. Williams' medical bills paid to date total $163,465.56. See E-mail from Mike Eley to Chandler Bailey (June 15, 2007, 11:55AM) attached hereto as Exhibit A. This email also confirms that total even though bills from two of Mr. Williams' three treating hospitals have not yet been paid. Accordingly, even if Plaintiffs' claims for punitive damages, emotional distress and pain and

5

suffering are not included (which they should be), it is clear that Plaintiffs' claim for medical expenses <u>alone</u> easily exceeds this Court's jurisdictional limits.

**E.     The other prerequisites for removal are satisfied, and this Court has jurisdiction under 28 U.S.C. §1332.**

17.     As set forth above, all proper parties to this action are of diverse citizenship, and the amount in controversy exceeds $75,000.00.  Accordingly, pursuant to 28 U.S.C. §1332, 1441 and 1446, this case is removable to this Court.

18.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Bullock County, Alabama.

19.     Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon defendants in this lawsuit are attached as Exhibit B.

20.     The necessary filing fee has been paid with this Notice of Removal.

_____
One of the Attorneys for Defendant
CNH America, LLC

OF COUNSEL:
Jere F. White, Jr. (WHI007)
J. Chandler Bailey (BAI043)
Hyde Carby (CAR175)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this ___19th___ day of ___June___, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Jere L. Beasley, Esq.
J. Gregg Allen, Esq.
Beasley, Allen, Crow, Methvin,
 Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36104

L. Shane Seaborn, Esq.
Myron C. Penn, Esq.
Penn & Seaborn, LLC
P. O. Box 688
Clayton, AL 36016

Michael M. Eley, Esq.
Webb & Eley, P.C.
PO Box 240909
Montgomery, AL 36124

Of Counsel

## Chandler Bailey

| | |
|---|---|
| **From:** | Mike Eley [meley@webbeley.com] |
| **Sent:** | Friday, June 15, 2007 11:55 AM |
| **To:** | Chandler Bailey |
| **Subject:** | FW: Artis Williams |

---

**From:** DeeDee Calloway [mailto:DeeDee.Calloway@Meadowbrook.com]
**Sent:** Thursday, June 14, 2007 3:58 PM
**To:** Mike Eley
**Subject:** RE: Artis Williams

PTD as of right now is $163,465.56 in medical benefits. He is still receiving his regular check from the county.

**DeeDee Calloway**
*Sr. Claims Representative*
Meadowbrook Insurance Group
P.O. Box 11047
Montgomery, AL 36111
Direct: (334) 954-7241  Fax: (877) 471-2509
DeeDee.Calloway@meadowbrook.com
www.meadowbrook.com

---

**From:** Mike Eley [mailto:meley@webbeley.com]
**Sent:** Thursday, June 14, 2007 3:45 PM
**To:** DeeDee Calloway
**Subject:** RE: Artis Williams

have we paid any more?

**From:** DeeDee Calloway [mailto:DeeDee.Calloway@Meadowbrook.com]
**Sent:** Friday, June 08, 2007 3:59 PM
**To:** Mike Eley
**Cc:** Dawn Hicks
**Subject:** Artis Williams

Total PTD thus far, $163,269.21 in medicals. But the medicals are just now starting to come in. I have paid the hospital bill for BMC South, but I am waiting on the bill for Troy Regional to be paid and waiting on the records for Jackson Hsp LTC so we can review for pymt. I will then have various medicals to pay, etc. In regards to the comp, we have not paid any comp benefits. Lillie at the acct says that they had so many people to donate time that they county will continue to pay him his full salary. She is going to let me know when this runs out so I can start his comp benefits.

If you need anything else let me know.



6/18/2007

**DeeDee Calloway**
*Sr. Claims Representative*
Meadowbrook Insurance Group
P.O. Box 11047
Montgomery, AL 36111
Direct: (334) 954-7241  Fax: (877) 471-2509
DeeDee.Calloway@meadowbrook.com
www.meadowbrook.com

The Information contained in this message is privileged and confidential.  It
is intended only to be read by the individual or entity named above or their
designee.  Unless you are the named addressee or an authorized designee, you
may not copy or use it, or disclose it to anyone else.  If the reader of this
message is not the intended recipient, you are on notice that any distribution
of this message, in any form, is strictly prohibited.  If you receive this
message in error, please immediately notify the sender and delete or destroy
any copy of this message.

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.472 / Virus Database: 269.8.11/838 - Release Date: 6/7/2007 2:21 PM

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.472 / Virus Database: 269.8.16/849 - Release Date: 6/14/2007 12:44 PM

The Information contained in this message is privileged and confidential.  It
is intended only to be read by the individual or entity named above or their
designee.  Unless you are the named addressee or an authorized designee, you
may not copy or use it, or disclose it to anyone else.  If the reader of this
message is not the intended recipient, you are on notice that any distribution
of this message, in any form, is strictly prohibited.  If you receive this
message in error, please immediately notify the sender and delete or destroy
any copy of this message.

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.472 / Virus Database: 269.8.16/849 - Release Date: 6/14/2007 12:44 PM

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.472 / Virus Database: 269.8.17/850 - Release Date: 6/15/2007 11:31 AM

6/18/2007

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/17/2007
Log Number 512230994

**TO:**     Allan Crider
          CNH America LLC
          700 State Street
          Racine, WI, 53404

**RE:**     **Process Served in Alabama**

**FOR:**    CNH America LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Artis Williams and Beverly Williams, individually and as a dependent and next friend of Artis Williams, Pltfs. vs. CNH America, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice, Summonses, Cover Sheet, Complaint, First Interrogatories, Certificates of Service, First Request for Production |
| **COURT/AGENCY:** | Bullock County Circuit Court, AL<br>Case # CV 2007 900016 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Negligence in manufacturing the defective product - New Holland LB75B3 loader |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/17/2007 postmarked on 05/16/2007 |
| **APPEARANCE OR ANSWER DUE:** | within 30 days after delivery |
| **ATTORNEY(S) / SENDER(S):** | J. Allen<br>Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.<br>PO Box 4160<br>Montgomery, AL, 36104<br>334-269-2343 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 798177223443<br>Image SOP - Page(s): 31<br>Email Notification, Allan Crider allan.crider@cnh.com<br>Email Notification, Barbara MacMaster barbara.macmaster@cnh.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL, 36109 |
| **TELEPHONE:** | 334-387-7680 |

**EXHIBIT**

tabbies®

*B*

Page 1 of  1 / SR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.



**AlaFile E-Notice**

09-CV-2007-900016.00

To:  CNH AMERICA, LLC
     C/O THE CORPORATION COMPANY
     2000 INTERSTATE PARK DR. STE 204
     MONTGOMERY, AL 36109

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

ARTIS WILLIAMS ET AL v. CNH AMERICA, LLC ET AL
09-CV-2007-900016.00

The following complaint was FILED on 5/11/2007 2:34:21 PM

Notice Date:    5/11/2007 2:34:21 PM

**WILBERT JERNIGAN**
**CIRCUIT COURT CLERK**
BULLOCK COUNTY, ALABAMA
217 PRAIRIE STREET
UNION SPRINGS, AL 36089

334-738-2280
wilbert.jernigan@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>09-CV-2007-900016.00 |
|---|---|---|

**IN THE CIVIL COURT OF BULLOCK, ALABAMA**

**ARTIS WILLIAMS v. CNH AMERICA, LLC**

**NOTICE TO**   CNH AMERICA, LLC, C/O THE CORPORATION COMPANY 2000 INTERSTATE PARK DR. STE

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY J. ALLEN

WHOSE ADDRESS IS 218 COMMERCE STREET, MONTGOMERY AL, 36104

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ARTIS WILLIAMS
   pursuant to the Alabama Rules of the Civil Procedure

| 5/11/2007 2:34:21 PM | /s WILBERT JERNIGAN | *RMF* |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested      /s J. ALLEN

                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____

Date                               Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form ARCIv-93   Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number:<br>09-CV-200<br>Date of Filing:<br>05/11/2007 |  |

## GENERAL INFORMATION

### IN THE CIRCUIT OF BULLOCK COUNTY, ALABAMA
### ARTIS WILLIAMS ET AL v. CNH AMERICA, LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
Appeal/Enforcement of Agency Subpoena/Petition to
Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
Judgment/Injunction Election Contest/Quiet Title/Sale For
Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING       A ☐ APPEAL FROM       O ☐ OTHER
                                              DISTRICT COURT

          R ☐ REMANDED          T ☐ TRANSFERRED FROM       _____
                                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**     ☑ Yes  ☐ No

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   ALL021       5/11/2007 2:30:05 PM              /s J. ALLEN

**MEDIATION REQUESTED:**     ☐ Yes  ☑ No  ☐ Undecided



IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

ARTIS WILLIAMS and BEVERLY )
WILLIAMS, Individually and as a )
dependent and next friend of Artis )
Williams, )
)
     Plaintiffs, )
)
vs. )    CIVIL ACTION NO. CV- 07-900016
)
CNH AMERICA, LLC; BULLOCK COUNTY )
COMMISSION; "A", that person, )
corporation or other legal entity who or )
which designed, manufactured, sold, )
distributed or otherwise placed into the )
stream of commerce the tractor which is )
the subject matter of this lawsuit; "B", )
that person, corporation or other legal )
entity who or which maintained, serviced )
or inspected the tractor which is the )
subject matter of this lawsuit; "C", that )
person, corporation or other legal entity )
who or which removed any safety guard )
from the tractor which is the subject )
matter of this lawsuit; "D", that person, )
corporation or other legal entity who's )
negligence, wantonness or other wrongful )
conduct caused or contributed to the )
injury to Artis Williams; all of said )
fictitious parties are unknown to Plaintiffs )
at this time but will be substituted by )
amendment when ascertained, )
)
     Defendants. )

## COMPLAINT

### Statement of the Parties

    1.    Plaintiff, Artis Williams, is over the age of nineteen years and is a

resident citizen of Bullock County, Alabama.  Beverly Williams is the wife, next

1

friend, and dependent of Artis Williams and is over the age of nineteen years and a resident citizen of Bullock County, Alabama.

2.    Defendant CNH America, LLC (hereinafter "CNH"), is believed to be a foreign corporation organized and existing under the laws of the State of Delaware but at all times material is and was doing business in Bullock County, Alabama.

3.    Defendant Bullock County Commission is a corporate entity organized and existing under the laws of this State and was the employer of Artis Williams at the time of this accident.

4.    Fictitious Defendant "A" is that person, corporation or other legal entity who or which designed, manufactured, sold, distributed or otherwise placed into the stream of commerce the tractor which is the subject matter of this lawsuit.

5.    Fictitious Defendant "B" is that person, corporation or other legal entity who or which maintained, serviced or inspected the tractor which is the subject matter of this lawsuit.

6.    Fictitious Defendant "C" is that person, corporation or other legal entity who or which removed any safety guard from the tractor which is the subject matter of this lawsuit.

7.    Fictitious Defendant "D" is that person, corporation or other legal entity who's negligence, wantonness or other wrongful conduct caused or contributed to the injury of Artis Williams.

2

## Statement of the Facts

8.    Artis Williams, at the time of this accident, was married to Beverly Williams and they resided together in Bullock County, Alabama.

9.    Artis Williams was an employee of Bullock County, Alabama at the time of this accident and was acting within the line and scope of his duties with Bullock County.

10.    On or about April 16, 2007, Artis Williams was driving a New Holland LB75B3 loader backhoe (hereinafter "tractor"), which is the subject matter of this lawsuit manufactured by CNH as a part of his employment.

11.    While driving the tractor, it went out of control and rolled over, ejecting Mr. Williams and causing his injuries.

## COUNT ONE

### (Alabama Extended Manufacturer's Liability Doctrine – AEMLD)

12.    Plaintiffs reallege all allegations contained in paragraphs 1 through 11 as if set out here in full.

13.    Plaintiff, Artis Williams was operating the tractor in the normal course of business on behalf of Bullock County.  The tractor was being operated on County Road 53 in Bullock County, Alabama.

14.    As Mr. Williams was driving the tractor down the road, it went out of control and rolled over causing his ejection and serious injury.

15.    The tractor was being used as it was intended to be used and in a manner that was reasonably foreseeable to Defendant CNH.

3

16.    The collision mode was reasonably foreseeable.    There were alternative designs available to the manufacturer that would have prevented or minimized the injury to Mr. Williams but those designs were not utilized.

17.    The alternative designs were reasonable, both economically and technologically, at the time the tractor was designed, manufactured, and sold.

18.    The alternative designs would not have hampered the utility of the tractor.

19.    As a proximate result of the defective nature of the tractor, Plaintiff Artis Williams was injured resulting in his being severely and permanently injured; he has incurred medical and other expenses and will do so in the future; he has undergone pain, mental anguish, both past and future; he has lost earning capacity; he has lost the enjoyment of life, and he has otherwise been injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant CNH America, LLC and Fictitious Defendants "A through D" in such an amount that a jury may award, including both compensatory and punitive damages, plus the cost of this action.

## COUNT TWO

### (Negligence or Wantonness)

20.    Plaintiffs reallege all allegations contained in paragraphs 1 through 19 as if set out here in full.

4

21.    Defendants CNH and Fictitious Defendants "A through D" negligently or wantonly designed, manufactured, tested, sold or failed to recall or warn of the danger of the tractor which is the subject matter of this lawsuit.

22.    As a proximate consequence of the negligence, wantonness or other wrongful conduct as alleged herein, Plaintiff Artis Williams was severely injured and received the damages as alleged in paragraph 19 above.

WHEREFORE, Plaintiffs demand judgment against Defendant CNH America, LLC and Fictitious Defendant "A through D" in such an amount that a jury may award, including both compensatory and punitive damages, plus the cost of this action.

## COUNT THREE

### (Loss of Consortium)

23.    Plaintiffs reallege all allegations contained in paragraphs 1 through 22 as if set out here in full.

24.    Plaintiff, Beverly Williams, claims damages for loss of consortium as a result of the injury to her husband, Artis Williams.

WHEREFORE, Plaintiff, Beverly Williams claims such damages to which she may be entitled under the applicable laws and for such other, further, and different relief to which she may be entitled plus the cost of this action.

## COUNT FOUR

### (Workers' Compensation)

25.    Plaintiffs reallege all allegations contained in paragraphs 1 through 24 as if set out here in full.

5

26.     Artis Williams was an employee of Defendant Bullock County Commission. Defendant Bullock County Commission owned the tractor which is the subject matter of this lawsuit.

27.     Bullock County Commission had the responsibility for the maintenance of the tractor which is the subject matter of this lawsuit.

28.     Artis Williams was carrying out his job duties with Bullock County Commission in the course of his employment on the day he was injured.

29.     As a proximate consequence of his employment duties, Artis Williams received severe injuries while operating the CNH tractor.

30.     This claim is brought by Artis Williams and Beverly Williams, as the dependent and next friend of Artis Williams.

31.     This claim is brought pursuant to *Code of Alabama* §25-5-11, and such other laws which may be applicable in the claim for workers' compensation benefits.

32.     Plaintiff Artis Williams is permanently damaged and has lost his earning capacity and is therefore entitled to workers' compensation benefits.

WHEREFORE, Plaintiffs, Artis Williams and Beverly Williams, demand such damages from his employer to which they may be entitled under the applicable laws and for such other further relief to which they may be entitled plus the cost of this action.

JERE L. BEASLEY (BEA020)

6

_____
J. GREG ALLEN (ALL021)
Attorneys for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36104
(334) 269-2343

_____
L. SHANE SEABORN

_____
MYRON C. PENN
Attorneys for Plaintiffs

PENN & SEABORN, LLC
P. O. Box 688
Clayton, AL  36016
(334) 738-4486

## JURY DEMAND

        PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF
THIS CAUSE.

_____
OF COUNSEL

7



## IN THE CIRCUIT COURT
## FOR BULLOCK COUNTY, ALABAMA

ARTIS     WILLIAMS     and     BEVERLY )
WILLIAMS,    Individually    and    as    a )
dependent    and    next    friend    of    Artis )
Williams, )
)
      Plaintiffs, )
)
vs. )
)
CNH AMERICA, LLC; BULLOCK COUNTY )
COMMISSION, et al., )
)
      Defendants. )

CIVIL ACTION NO. CV- 07-900016

### SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:       **CNH America, LLC**
      **c/o  The Corporation Company**
      **2000 Interstate Park Drive, Suite 204**
      **Montgomery, AL  36109**

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

      **J. GREG ALLEN**
      **BEASLEY, ALLEN, CROW, METHVIN,**
      **PORTIS & MILES, P.C.**
      **P. O. Box 4160**
      **Montgomery, Alabama  36103-4160**

the attorney for the Plaintiffs.   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.   You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Wilbert M. Jernigan /RMF
CIRCUIT CLERK

Dated: 5/14/07



## IN THE CIRCUIT COURT
## FOR BULLOCK COUNTY, ALABAMA

ARTIS   WILLIAMS   and   BEVERLY )
WILLIAMS,   Individually   and   as   a )
dependent   and   next   friend   of   Artis )
Williams, )
                           )
       Plaintiffs, )
                           )
vs. )    CIVIL ACTION NO. CV- 07-900016
                           )
CNH AMERICA, LLC; BULLOCK COUNTY )
COMMISSION, et al., )
                           )
       Defendants. )

### SUMMONS

    This service by certified mail of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:       **Bullock County Commission**
                     **110 W. Hardaway**
                     **Union Springs, AL  36089**

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

               **J. GREG ALLEN**
               **BEASLEY, ALLEN, CROW, METHVIN,**
                **PORTIS & MILES, P.C.**
               **P. O. Box 4160**
               **Montgomery, Alabama  36103-4160**

the attorney for the Plaintiffs.   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                           *Wilbert M. Jernigan* /RMF
                                           CIRCUIT CLERK

Dated:   5-14-07



ELECTRONICALLY FILED
5/4/2007 4:45 PM
CV-2007-900016.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBER J JERNIGAN, CLERK

## IN THE CIRCUIT COURT
## FOR BULLOCK COUNTY, ALABAMA

ARTIS    WILLIAMS    and    BEVERLY )
WILLIAMS,    Individually    and    as    a )
dependent    and  next    friend    of    Artis )
Williams, )
)
      Plaintiffs, )
)
vs. )
)
CNH AMERICA, LLC; BULLOCK COUNTY )
COMMISSION, et al., )
)
      Defendants. )

CIVIL ACTION NO. CV-07-900016

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
### OF DOCUMENTS TO DEFENDANT CNH AMERICA, LLC

Pursuant to Rule 34, A.R.Civ.P., Plaintiffs in the above-styled cause request

Defendant CNH America, LLC ("CNH"), to produce for inspection and copying documents

described below that are in the possession, custody, and control of Defendant, its

employees or subordinates, agents, and attorneys.

If a privilege is claimed as to any document otherwise covered by this Request for

Production, Plaintiffs request that each document to which privilege is claimed be identified

with such particularity and in such a manner that the Court, and not counsel unilaterally,

may determine whether the document is indeed entitled to privileged status.

### Definitions and Instructions

A.    "You" or "your" refers to this Defendant and/or anyone acting on its behalf.

B.    "New Holland Tractor" or "subject tractor" may be used interchangeably
and refers to and/or means the New Holland Tractor, LB75B3, Serial Number
31040649, involved in this accident.

C.    "Similar tractor" and/or "similar product" means any New Holland tractor
which is similar in make and/or design to the tractor at issue in this lawsuit.

1

D.      "Incident" or "accident" may be used interchangeable and refers to the incident at issue in this case, which took place on April 16, 2007, in Bullock County, Alabama, and caused the injuries to Artis Williams.

E.      "ROPS" means rollover protective system and includes the rollover bar, seatbelts and/or canopy, and cab.

F.      "Identify" means to state the full name, address, telephone number (if known), of the person, place, thing or entity which is the subject of the query.

G.      "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody, and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogs, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, worksheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy, or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings; and every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original.  Plaintiffs expressly intend for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference.

H.      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

I.      Plaintiffs request that Defendant not apply any stamp or markings or other document management numbers, symbols, or colored inking or striping to any documents produced in connection with these interrogatories so as to obscure any information contained on the documents or copies made therefrom or to interfere with character recognition software, thus preserving the legibility of all such documents and copies in their entirety.

J.      Plaintiffs request that this Defendant respond to and supplement these and all future document requests by producing the requested documents segregated according to request number and identifying the documents produced in a formal written pleading and stating which numbered request they respond to.  Plaintiffs request that Defendant not produce unidentified documents via letters that state essentially nothing more than "here are some more responsive documents."

2

K.    If Defendant fails to disclose any document and then at a later date discloses such document to Plaintiffs in response to Plaintiffs' Request for Production of Documents, please provide full information about how such existence of this additional document was "discovered" by Defendant, by whom such additional document was "discovered," when such additional document was "discovered," who made the decision to disclose such additional document to Plaintiffs, when that decision was made, and in detail, why such additional document was not disclosed to Plaintiffs in Defendant's initial responses.

## REQUESTS FOR PRODUCTION

You are to produce for inspection and/or copying those items enumerated below. As to each request, Plaintiffs is requesting in electronic format, delivered to him on accessible electronic devices (e.g., cd's or external hard drives), all data that has been stored in any type of electronic format. These storage locations include but are not limited to databases, emails, cd's, dvd's, zip disks, floppies, external hard drives, emails, flash cards, websites, pda's of any type, backup tapes and servers/workstations of any type on or off of the network. All data including hidden files regardless of file format should be delivered on accessible electronic devices. This includes data at your facility as well as data used that is stored in other locations. These locations include but are not limited to office space, home/home office, vendors, and off site storage facilities.

1.    Any and all documents that reference and/or reflect the sale of the subject tractor. This request includes but is not limited to receipts, bills of lading, notes, memoranda, correspondence, purchase orders, advertisements, brochures, bulletins, and product descriptions, pertaining to the manufacture, sale, distribution, design, and history of the subject tractor.

2.    Any and all engineering drawings for the subject tractor and/or a tractor that is similar to the one that is the subject matter of this lawsuit.

3.    Any and all engineering drawings or blue prints regarding the subject tractor and/or a similar tractor that would show the following:

3

(a)     any product change or engineering change;

(b)     any proposed product change;

(c)     the current design of the subject tractor;

(d)     any predecessor designs which were incorporated into the design of the subject tractor or similar tractors.

4.     Any and all incident reports or other writings wherein this Defendant was notified that a tractor similar to the subject tractor caused an injury and/or death.

5.     Any and all photographs, films, and videotapes relative to any tests of the subject tractor and/or similar tractors for rollovers.

6.     Any and all legal complaints and/or lawsuits filed against this Defendant alleging any defect, injury and/or lack of safety equipment concerning the subject tractor and/or similar tractors.

7.     Any and all documentation, including but not limited to notes, memoranda, correspondence, reports, claims, notices, and paperwork referencing, arising from, and/or relative to consumer complaints, reports of injury, and allegations of defect and/or lack of safety equipment concerning the subject tractor and/or similar tractors.

4

8.    Any and all brochures for the subject tractor by this Defendant.

9.    Any and all advertising or promotional material, whether in the form of booklets, brochures, pamphlets, videotapes, or otherwise relative to the subject tractor and/or similar tractors.

10.    A list of employees, including full names, addresses and position titles, who work and/or worked for this Defendant as an engineer or otherwise that had responsibility for the design of the subject tractor or similar tractors.

11.    Any and all documents, warnings, brochures, labels or other materials that would accompany the subject tractor at the time it left the control of this Defendant.

12.    Any and all warnings that accompanied the subject tractor or similar tractors at any time.

13.    Any and all photographs, videos, and drawings of any other tractor similar to the one involved in this lawsuit, wherein it was claimed or alleged that the tractor was defective and/or caused injury or death.

14.    The organizational chart, book or manual for this Defendant which includes the departments, committees and/or groups involved in the design, distribution and sale of the subject tractor or similar tractors.

5

15.     Any and all quality control specifications or manuals.

16.     Any and all documents evidencing any recall or retro-fit campaign related to ROPS for the subject tractor or any tractor using a substantially similar design.

17.     Any and all documents that reflect, document, pertain to, and/or reference any recall or attempt to recall the subject tractor and/or similar tractors.

18.     Any and all notices, letters, and/or bulletins to purchasers, consumers, retailers/distributors and/or users of the subject tractor or similar tractor regarding ROPS (rollover protective systems) and/or the retrofit of New Holland tractors with ROPS.

19.     Any and all studies, reports, or analysis leading to the conclusion the subject tractor and/or similar tractors should be modified, redesigned, recalled, and/or retro-fitted with ROPS or ROPS cab enclosures.

20.     Any and all dealer notices actually transmitted to any Ford and/or New Holland tractor dealer regarding modification, recall, redesign, and/or retro-fit of the subject tractor with ROPS.

21.     Any risk benefit analysis, fault tree analysis, hazards risk analysis, or failure modes and effects analysis relative to ROPS for the subject tractor or which in any way mentions ROPS designed or installed on the subject tractor.

6

22.    Any cost benefit analysis performed by or for this Defendant regarding installation of ROPS as optional or standard equipment on its tractors.

23.    Any and all reports, correspondence, notices, and/or documentation between this Defendant, its predecessor and/or successor and the U.S. Consumer Products Safety Commission.

24.    Any and all minutes of any meetings wherein engineers, directors, or other officers of the corporation discussed the possibility of the subject tractor and/or similar tractors failing, causing injury and/or otherwise being defective as a result of rollovers and/or the need for ROPS.

25.    Any and all engineering correspondence, memoranda or other writing of any kind relative to the potential for the subject tractor and/or similar tractors to roll over.

26.    Provide any and all manuals, including but not limited to owner's manuals, service manuals, parts manuals, and maintenance manuals that accompanied the subject tractor and/or were available to the purchaser, owner and/or service/maintenance technicians of the subject tractor and/or similar tractors.

27.    Provide any updated or new manuals that accompany the subject tractor and/or similar tractors.

7

28.     Any and all documents regarding consideration and design alternatives to minimize the risk of injuries that occur in tractor rollovers.

29.     Any and all engineering tests, including the type of test performed, the method of testing and results thereof, performed on the subject tractor and/or similar tractors.

30.     Please produce any and all insurance agreements, contracts, and declaration pages concerning all policies of insurance and/or representations of indemnification that may satisfy part or all of a judgment entered against this Defendant in this action or any legal action and/or to indemnify or reimburse this Defendant for payments made to satisfy a judgment.

31.     For each and every expert this Defendant intends to call at the trial of this case, please produce a copy of the current résumé or curriculum vitae, all prior depositions, all billing/statements for expert fees and consultation, and copies of all draft and final reports prepared by or for any of such expert.

32.     An exemplar of ROPS for the subject tractor.


_____
J. GREG ALLEN (ALL021)
Attorney for Plaintiffs


8

OF COUNSEL:

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama   36103-4160
(334) 269-2343


## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court along with the Summons and Complaint and with sufficient copies for service on all herein named Defendants on this the ___11th___ day of _____May_____, 2007.


_____
OF COUNSEL

9



IN THE CIRCUIT COURT
FOR BULLOCK COUNTY, ALABAMA

ARTIS    WILLIAMS    and    BEVERLY )
WILLIAMS,    Individually    and    as    a )
dependent    and    next    friend    of    Artis )
Williams,                                                    )
                                                              )
        Plaintiffs,                                          )
                                                              )
vs.                                                           )        CIVIL ACTION NO. CV- 07-900016
                                                              )
CNH AMERICA, LLC; BULLOCK COUNTY )
COMMISSION, et al.,                                  )
                                                              )
        Defendants.                                       )

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO DEFENDANT CNH AMERICA, LLC

Pursuant to Rule 33 of the Alabama Rules of Civil Procedure, Plaintiffs in the

above-styled action propounds the following interrogatories to Defendant CNH America,

LLC (hereinafter "CNH"), and request that the interrogatories be answered fully in

writing and under oath within the time provided by the Alabama Rules of Civil

Procedure.  Each interrogatory is addressed to the knowledge and information of

Defendant's attorneys, investigators, agents, employees, and other representatives.

When a question is directed to Defendant, the question is also directed to the

aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental

answers if the persons or entities to which these interrogatories are addressed obtain

further information between the time the initial answers are served and the time of trial.

### Definitions and Instructions

A.        "You" or "your" refers to this Defendant and/or anyone acting on its behalf.

1

B.    "New Holland Tractor" or "subject tractor" may be used interchangeably and refers to and/or means the New Holland Tractor, LB75B3, Serial Number 31040649, involved in this accident.

C.    "Similar tractor" and/or "similar product" means any New Holland tractor which is similar in make and/or design to the tractor at issue in this lawsuit.

D.    "Incident" or "accident" may be used interchangeable and refers to the incident at issue in this case, which took place on April 16, 2007, in Bullock County, Alabama, and caused the injuries to Artis Williams.

E.    "ROPS" means rollover protective system and includes the rollover bar, seatbelts and/or canopy, and cab.

F.    "Identify" means to state the full name, address, telephone number (if known), of the person, place, thing or entity which is the subject of the query.

G.    "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody, and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogs, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, worksheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy, or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings; and every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original.  Plaintiffs expressly intend for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference.

H.    "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

I.    Plaintiffs request that Defendant not apply any stamp or markings or other document management numbers, symbols, or colored inking or striping to any documents produced in connection with these interrogatories so as to obscure any information contained on the documents or copies made therefrom or to interfere with character recognition software, thus preserving the legibility of all such documents and copies in their entirety.

2

J.      Plaintiffs request that this Defendant respond to and supplement these and all future document requests by producing the requested documents segregated according to request number and identifying the documents produced in a formal written pleading and stating which numbered request they respond to.  Plaintiffs request that Defendant not produce unidentified documents via letters that state essentially nothing more than "here are some more responsive documents."

K.      If Defendant fails to disclose any document and then at a later date discloses such document to Plaintiffs in response to Plaintiffs' Request for Production of Documents, please provide full information about how such existence of this additional document was "discovered" by Defendant, by whom such additional document was "discovered," when such additional document was "discovered," who made the decision to disclose such additional document to Plaintiffs, when that decision was made, and in detail, why such additional document was not disclosed to Plaintiffs in Defendant's initial responses.

## INTERROGATORIES

1.      State the name, address, title and duties of the person(s) answering and/or who assisted in answering these Interrogatories.

2.      Is this Defendant named correctly in the Complaint of this case? If not, please state the correct legal name of this Defendant.

3.      Please state whether this Defendant, its predecessor and/or successor, is the manufacturer of the tractor at issue in the complaint of this cause.

4.      If this Defendant did not manufacture the subject tractor, in whole or in part, please state and/or identify the entity or entities that manufactured the subject tractor, including its component parts.

3

5.    In reference to the subject tractor, please state:

    (a)    the date of manufacture;

    (b)    the place of manufacture;

    (c)    the name of the entity or person that took possession following manufacture and/or since leaving this Defendant;

    (d)    the identity of all entities that have had possession of the subject tractor since leaving this Defendant;

    (e)    the identity of all predecessor models to the subject tractor;

    (f)    the identity of all successor models to the subject tractor; and

    (g)    whether this Defendant is currently manufacturing the subject model tractor.

    (h)    the names of the entities that designed the tractor and ROPS structure for the tractor, if different.

6.    State whether this Defendant has or knows of any photographs or motion pictures of the persons, places, and/or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence, the tractor involved in said occurrence and the manufacturing process of said tractor. If so, describe each photograph or motion picture, state when it was taken, and state the name, address and job description of the person who has possession, custody or control of each respective photograph or motion picture.

4

7.    Please list any and all standards, if any, which pertain to the design, manufacture or assembly of the subject tractor or similar tractors including, but not limited to, all standards known to this Defendant which were promulgated by local, state or federal governmental agencies, bureaus and commissions, or industry groups.

8.    Please state whether this Defendant included and/or attached as standard equipment any and all safety equipment, including but not limited to a rollover protective system and safety belts on/to the subject tractor at the time of manufacture and distribution.  If not, explain, in detail, any and all reasons said device(s) were not offered as standard equipment.

9.    Please state whether this Defendant offered as optional equipment any and all safety equipment, including but not limited to a rollover protective system and safety belts on/to the subject tractor at the time of manufacture and distribution.  If so, explain, in detail, any and all reasons said device(s) were offered as optional equipment.

10.    State whether or not this Defendant, or anyone to its knowledge, published and/or distributed any brochure, pamphlet, or other printed material which contained warnings concerning the possibility of injury or death resulting from rollover of the subject tractor and similar tractors.  If so, identify any and all materials and the author.

5

11.    State whether there were any written instructions and/or warnings accompanying the subject tractor and/or similar tractors sold by this Defendant at any time up to the present. If so, identify person(s) and/or entity (entities) that prepared the instructions and/or warnings and the verbatim context of the warning or instruction.

12.    State whether or not this Defendant has been sued and/or received legal action for injury and/or damage due to any alleged defective condition, including but not limited to, the lack and/or failure of safety equipment regarding the subject tractor and/or similar tractors. If so, please identify each such lawsuit, including but not limited to the style of the lawsuit, the filing date, and the name and address of the plaintiff's attorney.

13.    State whether this Defendant, or any agent, employee, independent contractor, attorney and/or other representative of this Defendant, ever received any oral and/or written notices, claims, and/or complaints alleging injuries arising from use of and/or regarding the subject tractor and/or similar tractors. If so, identify each such notice, claim, complaint and/or allegation, and identify the source of each such notice, claim, complaint and/or allegation.

14.    Please identify each expert this Defendant expects to call as an expert witness at the trial of this matter. Include in your answer the educational background, experience and qualifications of each such expert witness, the subject matter upon which the expert will testify, a summary of the expected testimony, the facts, opinions,

the grounds and/or basis for each opinion, and the total amount paid and/or agreed to be paid to each expert identified.

15.    List specifically, and in exact detail, each and every change, whether mechanical or design-oriented, relative to the ROPS structure or cab of the subject tractor since the date of its manufacture.

16.    List specifically, and in exact detail, each and every change, whether mechanical or design-oriented, related to the ROPS structure or cab of the subject tractor since the date of the occurrence made the basis of this lawsuit.

17.    Please identify each and every witness or person that has knowledge of the accident made the basis of this lawsuit.

18.    Please identify each and every person this Defendant has taken a statement from concerning the incident at issue in this lawsuit.

19.    Does this Defendant have a liability insurance company or carrier that protects it against any portion of the incident or occurrence that is stated in the complaint? If so, provide the names of all insurance carriers including any excess or umbrella carriers and the liability limits of such policies.

7

20.    Please state the name, address, position and duties of each person involved and/or that participated in the design of the subject tractor. Include in your answer the identity of the person(s) and/or group(s) primarily responsible for the design of the subject tractor.

21.    Identify the names of the agencies or committees within this Defendant that participated in the design of the subject tractor, giving the names, addresses and duties of all persons that served on these committees and/or agencies.

22.    Please describe this Defendant's policy and procedure for the processing, maintaining, and disposing of records, claims and/or reports of consumer and customer complaints that are made concerning products of this Defendant for the time period covering the manufacture of the subject tractor to the present. Include the identity of each person responsible for maintaining, processing, and disposing of such documentation.

23.    Please state whether this Defendant abides by any regulations from any trade associations. If so, please state the trade associations within which this Defendant is involved.

24.    Please state the name(s) of the individual(s) and department(s) in charge of field-testing the subject tractor and/or similar tractors.

25.    Please state the name of each engineer and/or individual who signed off on the design and/or creation of the subject tractor.

_____
J. GREG ALLEN (ALL021)
Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama   36103-4160
(334) 269-2343

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court along with the Summons and Complaint and with sufficient copies for service on all herein named Defendants on this the _11th_ day of _____May_____, 2007.

_____
OF COUNSEL

9