IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

2007 JUN 18 A 11: 48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| ARTIS WILLIAMS and BEVERLY WILLIAMS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:07CV538-MEF |
| CNH AMERICA, LLC, et al., | ) ) | |
| Defendants. | ) ) | |

## ANSWER OF DEFENDANT CNH AMERICA, LLC

In responding to Plaintiffs Artis Williams and Beverly Williams' ("Plaintiffs")

Complaint, Defendant CNH America LLC ("CNH") says in its defense as follows:

### Statement of the Parties

1.    CNH does not have sufficient information to admit or deny the allegations

contained in Paragraph One and therefore denies these allegations.

2.    CNH does not have sufficient information to admit or deny the allegations

contained in Paragraph Two and therefore denies these allegations.

3.    CNH does not have sufficient information to admit or deny the allegations

contained in Paragraph Three and therefore denies these allegations.

4.    CNH does not have sufficient information to admit or deny the allegations

contained in Paragraph Four and therefore denies these allegations.

5.      CNH does not have sufficient information to admit or deny the allegations contained in Paragraph Five and therefore denies these allegations.

6.      CNH does not have sufficient information to admit or deny the allegations contained in Paragraph Six and therefore denies these allegations.

7.      CNH does not have sufficient information to admit or deny the allegations contained in Paragraph Seven and therefore denies these allegations.

### Statement of the Facts

8.      CNH does not have sufficient information to admit or deny the allegations contained in Paragraph Eight and therefore denies these allegations.

9.      CNH does not have sufficient information to admit or deny the allegations contained in Paragraph Nine and therefore denies these allegations.

10.     CNH does not have sufficient information to admit or deny the allegations contained in Paragraph Ten and therefore denies these allegations.

11.     Denied.

### COUNT ONE

**(Alabama Extended Manufacturer's Liability Doctrine – AEMLD)**

12.     CNH reincorporates is responses to the allegations contained in Paragraphs One through Twelve as though set forth fully herein.

13.     CNH does not have sufficient information to admit or deny the allegations contained in Paragraph Thirteen and therefore denies these allegations.

2

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

## COUNT TWO

### (Negligence or Wantonness)

20.    CNH reincorporates is responses to the allegations contained in Paragraphs One through Twenty as though set forth fully herein.

21.    Denied.

**22.**    Denied.

## COUNT THREE

### (Loss of Consortium)

23.    CNH reincorporates is responses to the allegations contained in Paragraphs One through Twenty-two as though set forth fully herein.

24.    Denied.

## COUNT FOUR

### (Worker's Compensation)

25.     This claim is directed to another defendant, and therefore, no response from CNH is required.  To the extent this these paragraphs make claims against CNH, such allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

CNH denies the material allegations of the Complaint, both separately and severally, and demands strict proof thereof.

### SECOND DEFENSE

The complaint fails to state a claim against CNH upon which relief  can be granted.

### THIRD DEFENSE

CNH denies that any conduct on its part was the proximate cause of Plaintiffs' claimed injuries and damages.

### FOURTH DEFENSE

CNH's conduct was not in any manner negligent or wanton.

### FIFTH DEFENSE

CNH avers that the loader backhoe involved in the accident was substantially modified or altered after it left this defendant's possession and control and that said modification(s) or alteration(s) were the proximate cause of Plaintiffs' alleged injuries and damages.

### SIXTH DEFENSE

CNH avers that all of Plaintiffs' alleged injuries and damages were caused by the acts or omissions of others for whom CNH owes no legal responsibility.

### SEVENTH DEFENSE

CNH denies that the Plaintiffs were injured or harmed in any way by any act or omission by CNH or any of its agents.

### EIGHTH DEFENSE

Any alleged non-conforming or defective condition of the subject loader backhoe was the result of abuse, neglect, modification or alteration of the loader backhoe that was not authorized by CNH.

### NINTH DEFENSE

CNH avers that Plaintiffs were guilty of contributory negligence and that this negligence proximately caused or contributed to cause Plaintiffs' alleged injuries and damages.

### TENTH DEFENSE

The claims alleged against CNH, separately and severally, in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

### ELEVENTH DEFENSE

The claims alleged against CNH are preempted, in whole or in part, by federal law.

### TWELFTH DEFENSE

CNH avers that Plaintiffs were guilty of abuse or misuse of the subject loader backhoe and said abuse or misuse proximately caused or contributed to cause the Plaintiffs' alleged injuries and damages.

5

THIRTEENTH DEFENSE

CNH avers that the Plaintiffs' claimed injuries and damages were the result of Plaintiffs' assumption of the risk, and that said assumption of the risk was the proximate cause of the Plaintiffs' claimed injuries and damages.

FOURTEENTH DEFENSE

Venue in this action is improper, or alternatively, more convenient in another forum.

FIFTEENTH DEFENSE

Service and/or service of process were improper.

SIXTEENTH DEFENSE

This Court lacks jurisdiction over CNH.

SEVENTEENTH DEFENSE

The Complaint fails to state any claim for which punitive damages can be awarded.

EIGHTEENTH DEFENSE

The Complaint fails to state a claim under any liability theory other than the Alabama Extended Manufacturer's Liability Doctrine.

NINETEENTH DEFENSE

Imposition of punitive damages against CNH in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

TWENTIETH DEFENSE

Any award of punitive damages based on anything other than CNH's conduct in connection with the sale of the specific loader backhoe that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the

6

Alabama Constitution, and would be improper under the common law and public policies of the

State of Alabama, because any other judgment for punitive damages in this case cannot protect

CNH against impermissible multiple punishment for the same wrong.  In addition, any such

award would violate the Commerce Clause of the United States Constitution and principles of

comity under the laws of the State of Alabama.

TWENTY-FIRST DEFENSE

The procedure and methods asserted for awarding punitive damages against CNH in this

action violate the Due Process Clause of the United States Constitution and the Due Process

Clause of the Constitution of the State of Alabama.

TWENTY-SECOND DEFENSE

Any claim of punitive damages against CNH cannot be sustained, because any award of

such damages would constitute a retroactive impairment of contractual obligations, in violation

of the Contracts Clause of the United States Constitution (U.S. Const., Art. I, § 10).

TWENTY-THIRD DEFENSE

Any claim of punitive damages against CNH cannot be sustained, because any award of

such damages would violate the Commerce Clause of the United States Constitution (U.S.

Const., Art. I, § 8, cl. 3).

TWENTY-FOURTH DEFENSE

Unless both CNH's liability for punitive damages and the appropriate amount of such

damages are required to be established by clear and convincing evidence, any award of such

damages would violate CNH's due process rights guaranteed by the Fourteenth Amendment to

the United States Constitution and by the due process provisions of the Constitution of the State

of Alabama.

### TWENTY-FIFTH DEFENSE

Any claim for punitive damages against CNH cannot be sustained, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate CNH's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Alabama.

### TWENTY-SIXTH DEFENSE

Any claim for punitive damages against CNH cannot be sustained, because any award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate CNH's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

### TWENTY-SEVENTH DEFENSE

In 1987, the Alabama Legislature, in Ala. Code § 6-11-21, established a cap on punitive damages of $250,000.00, absent a showing of pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.  On June 25, 1993, the Alabama Supreme Court released its opinion in *Henderson v. Alabama Power Co.*, 627 So.2d 878 (Ala. 1993), and held that the cap on punitive damages established by Ala. Code § 6-11-21 violated the Alabama Constitution.  On June 24, 1994, the United States Supreme Court released its opinion in *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415 (1994).  In its opinion, the Court specifically recognized that its previous opinions in *TXO and Haslip* prevent state courts from abolishing limits on punitive damage awards.  The Court stated "[t]he *TXO* and *Haslip* opinions established that states <u>cannot abolish limits on the award of punitive damages</u>." *Oberg,* 512 U.S. at 431 n.9

8

(emphasis added). Pursuant to the Supremacy Clause of the United States Constitution, *Oberg* overrules the Alabama Supreme Court's opinion in *Henderson* and reestablishes the cap on punitive damages under Ala. Code § 6-11-21, prior to its readoption and effective date in 1999. In addition, the Alabama Supreme Court, in *Goodyear Tire and Rubber Co. and Nathaneil Willie Jefferson Brock v. Vinson*, 1999 WL 236503 (Ala. July 2, 1999), has criticized the *Henderson* opinion and indicated its willingness to revisit its decision holding the cap unconstitutional.

## TWENTY-EIGHTH DEFENSE

Any claim for punitive damages against CNH cannot be sustained, because any award of such damages under Alabama law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate CNH's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## TWENTY-NINTH DEFENSE

The claims alleged against CNH, separately and severally, in the Complaint are barred by the Supremacy Clause of the United States Constitution (U.S. Const., Art. VI), in that Plaintiffs' claims are expressly and impliedly preempted by federal law.

## THIRTIETH DEFENSE

Any claim for punitive damages against CNH cannot be sustained because any award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of CNH, (3) is permitted to award such damages under a standard

9

for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the basis of objective standards, would violate CNH's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

THIRTY-FIRST DEFENSE

Any claim for punitive damages against CNH cannot be sustained, because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate CNH's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

THIRTY-SECOND DEFENSE

Any claim for punitive damages cannot be sustained because any award of such damages under state law without the same protections that are accorded to all defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate CNH's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

10

THIRTY-THIRD DEFENSE

Section 6-11-21, Code of Alabama, bars Plaintiffs' claims for punitive damages to the extent they exceed the section's $250,000.00 limit, which has been established by the Alabama Legislature as the outer limit of reasonableness for awards of punitive damages as a matter of public policy. The Alabama Supreme Court's action in striking down this legislative mandate was beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution; therefore, the action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

THIRTY-FOURTH DEFENSE

Shortly after the Alabama Supreme Court publicly criticized its *Henderson* decision, the Alabama Legislature, by amending Ala. Code § 6-11-21, re-established the cap on the amount of punitive damages to three times the compensatory damages awarded to the party claiming punitive damages, or $500,000.00, whichever is greater. Such amendment to this Code section was effective June 7, 1999, and applies to all actions commenced more than 60 days after such effective date. Therefore, an application of the punitive damages cap to the current action is appropriate and in full accord with the public policy of the State of Alabama.

THIRTY-FIFTH DEFENSE

Pursuant to Alabama Code § 6-11-21, prior to the 1999 amendment, punitive damages are limited to $250,000.00, absent proof of a pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.

11

### THIRTY-SIXTH DEFENSE

Pursuant to Ala. Code § 6-11-21, CNH is not liable for any portion of any award of punitive damages wherein there has been no express findings that CNH engaged in conduct as defined in Ala. Code § 6-11-20.  CNH is not jointly and severally liable to Plaintiffs for any award of punitive damages.

### THIRTY-SEVENTH DEFENSE

Under Ala. Code § 6-11-20, punitive damages are only recoverable if a plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.  Accordingly, Plaintiffs are not entitled to recover punitive damages for any alleged conduct other than intentional conduct.

### THIRTY-EIGHTH DEFENSE

The Plaintiffs have failed to join necessary or indispensable parties.

### THIRTY-NINTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to CNH in this case.

### FORTIETH DEFENSE

CNH contests the amount and nature of the damages claimed by Plaintiffs in the Complaint.

### FORTY-FIRST DEFENSE

CNH denies that the loader backhoe described in the Complaint was defective when the loader backhoe left the possession of CNH.

### FORTY-SECOND DEFENSE

CNH avers that Plaintiffs' claimed damages were the result of superseding and intervening acts other than the alleged defects in the subject loader backhoe.

### FORTY-THIRD DEFENSE

CNH avers that Plaintiffs' claimed damages were the result of an independent, intervening event and that said event was the proximate cause of Plaintiffs' damages, and the alleged defects in the subject loader backhoe were not the proximate cause of Plaintiffs' alleged damages.

### FORTY-FOURTH DEFENSE

CNH avers that the invitation for a court or jury to impose liability on CNH for a loader backhoe designed in conformance with the standards set by the United States government would deny CNH due process of law in violation of the Fourteenth Amendment to the United States Constitution.

### FORTY-FIFTH DEFENSE

CNH avers that the invitation for a court or jury to impose liability on CNH for a loader backhoe designed in conformance with standards set by the United States government would be contrary to the public policy of Alabama and the United States.

### FORTY-SIXTH DEFENSE

If it is established that this defendant is in any manner legally responsible for any of the damages claimed by plaintiff, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, this defendant is entitled to equitable and applied indemnity/contribution from each of said other defendants,

persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

## FORTY-SEVENTH DEFENSE

CNH asserts as a defense, credit or set-off against the damages claimed by Plaintiffs the settlement (and any monies paid pursuant thereto) between Plaintiffs and any other person or entity and also any monies paid to or on behalf of Plaintiffs from collateral sources for injuries or damages suffered in the incident made the basis of this CNH by any source.

## FORTY-EIGHTH DEFENSE

Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part by collateral sources.

## FORTY-NINTH DEFENSE

CNH is entitled to a set-off of all amounts paid to Plaintiffs by any other defendants pursuant to pro tanto settlements. To the extent that any damages claimed by Plaintiffs have been or will be indemnified in whole or in part from any collateral source, any verdict or judgment against CNH must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

## FIFTIETH DEFENSE

CNH avers that the loader backhoe at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of each of the following:

a)      It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left this defendant's possession and control.

b)      The loader backhoe was neither defective nor unreasonably dangerous.

14

c)    The loader backhoe was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

d)    The manufacture and design of the loader backhoe was well in keeping with the state of the art at the time of the manufacture of the loader backhoe.

## FIFTY-FIRST DEFENSE

CNH avers that Plaintiffs do not have standing or capacity to bring this action.

## FIFTY-SECOND DEFENSE

The Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitations and/or Alabama' s statute of repose or common law rule of repose.

## FIFTY-THIRD DEFENSE

Plaintiffs' claims are barred due to spoliation and Plaintiffs' failure to preserve critical evidence.

## FIFTY-FOURTH DEFENSE

An award of pain and suffering, mental anguish, or emotional distress damages in this case will violate CNH's due process and equal protection rights guaranteed by the Alabama Constitution and the United States Constitution because Alabama juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damages awards.

## FIFTY-FIFTH DEFENSE

To award Plaintiffs damages for alleged pain and suffering, mental anguish, or emotional distress in the absence of any standards for the determination of pain and suffering, mental anguish, or emotional distress and/or absence of any requirement for corroborating or objective evidence of pain and suffering, mental anguish, or emotional distress makes such an award

tantamount to punitive damages. As such, CNH avers that such an award in this case would violate both the Alabama Constitution and the United States Constitution and for other separate and several reasons stated herein.

FIFTY-SIXTH DEFENSE

Any claim Plaintiffs may assert for alleged mental anguish is barred absent a showing of actual physical injury or physical manifestation of mental anguish/ emotional distress. Plaintiffs are not entitled to recover damages for such alleged mental anguish unless Plaintiffs produce evidence proving that the alleged mental anguish was so severe that an ordinary person would not be expected to endure it, i.e., the same standard applied for the tort of outrage claims.

FIFTY-SEVENTH DEFENSE

CNH reserves the right to amend its Answer to add any additional affirmative defenses or other defenses as additional information becomes available.

FIFTY-EIGHTH DEFENSE

Any claim of Plaintiffs for punitive damages or mental anguish damages against CNH cannot be sustained, because any award of such damages under Alabama law is not subject to sufficient assurance that juries are not basing that award upon their desire to punish CNH for alleged harm to persons who are not before the Court, which amounts to a taking of property from CNH without due process in violation of the Due Process Clause of the United States Constitution as announced in *Philip Morris USA v. Williams*, ____ U.S. ____, 2007 WL 505781 (Feb. 20, 2007). Specifically, "the Constitution's Due Process Clause forbids a State to use a punitive damage award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation" because: (a) in practice, such an award can impose one State's (or one jury's)

16

policies upon other States; (b) the defendant has no opportunity to defend against the charge of harm to the nonparty by showing that the other injured party was not entitled to recover; (c) permitting punishment for injury to a nonparty adds a near standardless dimension to the punitive damages equation; and (d) there is no authority supporting the use of punitive damages awards for the purpose of harming others. *See id.*

FIFTY-NINTH DEFENSE

Plaintiffs' claims are barred under the product liability statute of repose set forth at Ala. Code § 6-5-502(c) (1975). CNH respectfully submits that Lankford v. Sullivan, Long & Hagerty, 416 So. 2d 996 (Ala. 1982), holding that § 6-5-502(c) is unconstitutional, was wrongfully decided.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

One of the Attorneys for Defendant<br>
CNH America, LLC

OF COUNSEL:
Jere F. White, Jr. (WHI007)
J. Chandler Bailey (BAI043)
Hyde Carby (CAR175)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this _18th_ day of _June_, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

> Jere L. Beasley, Esq.
> J. Gregg Allen, Esq.
> Beasley, Allen, Crow, Methvin,
>  Portis & Miles, P.C.
> P. O. Box 4160
> Montgomery, AL 36104
>
> L. Shane Seaborn, Esq.
> Myron C. Penn, Esq.
> Penn & Seaborn, LLC
> P. O. Box 688
> Clayton, AL 36016
>
> Michael M. Eley, Esq.
> Webb & Eley, P.C.
> PO Box 240909
> Montgomery, AL 36124

Of Counsel