IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 JUN 18  A 11: 49

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ARTIS WILLIAMS and BEVERLY WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> CNH AMERICA, LLC, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO.
2:07cv538-MEF

### MOTION TO SEVER AND REMAND PLAINTIFFS' CLAIMS FOR WORKER'S COMPENSATION

Pursuant to 28 U.S.C. §1445(c) and this Court's precedent, Defendant CNH America LLC ("CNH") hereby moves this Court to sever Plaintiffs Artis and Beverly Williams' ("Plaintiffs") claims against the Bullock County Commission ("the Commission") for worker's compensation benefits arising under Ala. Code §25-5-1, et seq. (1975), from Plaintiffs' common law claims against CNH and remand those worker's compensation claim to the Bullock County Circuit Court. In support of its Motion, CNH says as follows:

A.  **Plaintiff's Claims Against Bullock County Commission Arise Under the Workers' Compensation Laws of the State of Alabama, Ala. Code § 25-1-1, et seq., and Are Due to be Severed and Remanded to the Circuit Court of Bullock County, Alabama**

1.  In Count IV of the Complaint, Plaintiffs have attempted to improperly join their only claim arising under the Workers' Compensation Laws of the State of Alabama, Ala. Code § 25-1-1, et seq., against the Commission with their other unrelated common law claims against CNH. These workers' compensation claims are due to be severed from Plaintiff's remaining claims against CNH and remanded to the Circuit Court of Bullock County, Alabama. This

1

severance and remand would allow the Court to properly exercise federal jurisdiction over the remaining unrelated claims against diverse defendant CNH.

2.  Pursuant to 28 U.S.C. § 1445(c), state law workers' compensation claims are not removable to a federal district court.

3.  Moreover, Plaintiffs have fraudulently or improperly joined their state law, unremovable workers' compensation claims against the Commission to its unrelated, removable claims against CNH. Plaintiffs' joinder raises an issue similar to one considered by the Eleventh Circuit in Triggs v. John Crump Toyota, Inc., 154 F.3d 1284 (11th Cir. 1998), in which the court articulated one of the tests for fraudulent joinder: "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Id. at 1287. And this is precisely the situation here: Plaintiff has added a nondiverse defendant as well as an unremovable claim that bears no real connection to the claims against the diverse CNH. As such, the Court should find that the Commission has been fraudulently or improperly joined because there is no conceivable theory of liability linking the two defendants, one of which has been added specifically to defeat federal jurisdiction, and "no real connection" between the claims.

4.  Moreover, Plaintiffs' common law claims against CNH should not be joined with their worker's compensation claims against Mr. Williams' employer, the Commission, in the same action for other reasons. The issues and damages involved in the product liability and related common law claims against CNH are entirely different from those relating to Plaintiffs' workers' compensation claims. Plaintiffs' workers' compensation claims bear no direct

relationship to any of his other claims, and no discovery necessary in the workers' compensation lawsuit will have any significant relevance in Plaintiffs' claims against CNH (and vice versa). The cases will likely take drastically different amounts of time to resolve.

5.    Further, Plaintiffs have demanded a trial by jury for the common law claims against CNH; their claims for workers' compensation benefits mandate a bench trial. For this reason alone, Plaintiff's worker's compensation claims will ultimately be severed from their common law claims. Under these circumstances, Plaintiffs' worker's compensation claims should be severed and remanded to the Circuit Court of Bullock County, Alabama. Such severance is a recognized practice. See, e.g., Raines v. Browning-Ferris Industries of Alabama, Inc., 638 So. 2d 1334, 1337 (Ala. Civ. App. 1993); Wallace v. Tee Jays Manufacturing Co., Inc., 689 So. 2d 210, 211 (Ala. Civ. App. 1997). To allow this misjoinder would run contrary to the fundamental policies of removal based on diversity of citizenship.

6.    Moreover, because Plaintiffs' common law claims against CNH do not arise under the Alabama Worker's Compensation Act, 28 U.S.C. §1445(c) does not require their remand to state court, and this Court can retain jurisdiction over the claims against CNH. In Reed v. Heil, 206 F.3d 1055, (11th Cir. 2000), the Eleventh Circuit advocated this very procedure.

7.    In Reed v. Heil, the plaintiff filed a complaint in the Circuit Court of Dekalb County, Alabama, joining a retaliatory discharge claim and a Americans with Disabilities Act (ADA) claim, and the defendant removed the case to federal court which granted summary judgment on all claims. The plaintiff appealed the grant of summary judgment on all claims. The Eleventh Circuit held that "28 U.S.C. §1445(c)[] bars the removal to federal court of claims

3

arising under state worker's compensation laws. Because we conclude that claims brought pursuant to Alabama's statute barring retaliation for the filing of worker's compensation claims do arise under that state's worker's compensation laws, the district court lacked jurisdiction to entertain Reed's retaliatory discharge claim. Reed's ADA claim, however, was properly before the district court." 206 F.3d at 1057. The Eleventh Circuit then reversed summary judgment on the plaintiff's retaliatory discharge claim, because it arose under worker's compensation laws, and thus, the district court never had jurisdiction. Thus, the claim arising under worker's compensation laws was sent back to the district court with instructions to sever and remand it to state court. Id. at 1063. The Eleventh Circuit, however, also found that the ADA claim was properly before the federal court and affirmed summary judgment on that claim. Id. Thus, the Eleventh Circuit has clearly endorsed the concept of severing and remanding worker's compensation related claims to state court, while allowing the district court to keep other joined claims over which the court otherwise has jurisdiction.

8.   Further, this Court has expressly adopted the Reed court's rationale and has severed and remanded worker's compensation claims while retaining jurisdiction over other claims that were improperly joined with those worker's compensation claims. See Bryant v. Wausau Underwriters Insurance Company, et al., 2007 WL 1159699 (M.D. Ala. 2007)(but see, Brooks v. Paulk & Cope, Inc., et al., 176 F.Supp.2d 1270 (M.D. Ala. 2001). In Bryant, the plaintiff brought two counts – Count I was a worker's compensation claim against his employer, Madix, Inc., and Count II was a tort claim for outrage against Madix, Inc. and Wausau Underwriters for failure to authorize a recommended surgery. The defendants filed a Notice of Removal and a Motion to Sever and Remand the worker's compensation claim back to the Circuit Court of Coosa County, Alabama.

4

9. In its own Motion to Remand, the plaintiff argued that both counts arose under the Alabama Worker's Compensation Act and that 28 U.S.C. §1445(c) prevented removal of the worker's compensation claim as well as the tort claim for outrage. Specifically, the plaintiff argued that "his claims may not be severed, and therefore that both should be remanded. He contend[ed] the claims may not be severed because they (1) are part of one action, (2) have not been severed in state court, and (3) are intertwined such that severing them would compromise both justice and judicial economy." Id. at *2 (internal quotations omitted). The Middle District disagreed, saying that "[t]he Court is not convinced that it is precluded from severing Plaintiff's claims. It will grant the motion to sever should it determine that the [tort claim] is properly before the Court." Id.

10. In considering the Plaintiff's arguments, the Court held that "Plaintiff's outrage claim may not be removed to this Court if it 'arises under' the Alabama Worker's Compensation Act." Id. However, the Court found that common law torts do not arise under the Alabama Worker's Compensation scheme and, consequently, are removable. Id.[1]

11. Specifically, in denying the plaintiff's Motion to Remand the outrage claim and severing it from the worker's compensation claim (which was remanded in accordance with §1445(c)), Chief Judge Fuller held that "[o]utrage is a common law intentional tort" and that "Plaintiff's outrage claim does not arise under the Alabama Worker's Compensation Act.

---

[1] Alabama courts recognize the incompatible generic differences between a worker's compensation claim and a common law tort claim. See Hubbard v. Liberty Mutual Insurance Co., 599 So.2d 20, 22 (Ala. 1992)("This Court has held that a claim filed pursuant to §25-5-11, as these claims were, is a tort action for damages, and is not a claim for worker's compensation benefits."); Johnson v. Asphalt Hot Mix, 565 So.2d 219, 220 (Ala. 1990)("An action against third parties or co-employees as allowed by §25-5-11 is not a claim for Workmen's Compensation, but is a tort action for damages.")

Therefore, §1445(c) does not require that [the outrage claim] be remanded. The Court finds that [the outrage claim] was properly removed based on diversity jurisdiction." Bryant at *2.

12. This case is no different. In conjunction with its nonremovable worker's compensation claim against a nondiverse defendant, Plaintiffs also assert classic creatures of common law, i.e., AEMLD, negligence and wantonness against CNH, a diverse defendant. According to the Eleventh Circuit and Middle District of Alabama, the claims against CNH clearly do <u>not</u> arise under Alabama's worker's compensation laws. Thus, based on the holding of this Court in Bryant, a common law tort does not arise under worker's compensation laws and may be properly removed and severed from a worker's compensation claim.

13. Moreover, in this Motion, CNH seeks the identical relief afforded the Bryant defendants by the Middle District. CNH is a diverse defendant which faces common law claims that do not arise under Alabama's worker's compensation laws are asserted, just like Wausau Underwriters in Bryant.[2] And just like Wausau Underwriters, those common law claims against CNH have been joined with a nonremovable worker's compensation claim against another defendant. As in Bryant, if the worker's compensation claims are severed and remanded, then this Court has diversity jurisdiction over Plaintiffs' remaining common law claims against CNH. See CNH's Notice of Removal, filed contemporaneously herewith. Thus, as in Bryant, Plaintiffs' worker's compensation claims against the Commission should be severed and

---

[2] It is also noteworthy that in Bryant the Middle District severed the worker's compensation claim from the common law claim when the common law claim was filed against <u>both</u> defendants.

6

remanded to state court, and CNH respectfully requests this Court to retain its proper jurisdiction over Plaintiffs' remaining claims against CNH.

14. Based on the foregoing, CNH hereby moves this Court to sever and remand Plaintiffs' worker's compensation claims pursuant to 28 U.S.C. §1445(c) and the precedent of this Court and the Eleventh Circuit.

_____
One of the Attorneys for Defendant
CNH America, LLC

OF COUNSEL:
Jere F. White, Jr. (WHI007)
J. Chandler Bailey (BAI043)
Hyde Carby (CAR175)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this ___18th___ day of ___June___, 2007, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

    Jere L. Beasley, Esq.
    J. Gregg Allen, Esq.
    Beasley, Allen, Crow, Methvin,
     Portis & Miles, P.C.
    P. O. Box 4160
    Montgomery, AL 36104

    L. Shane Seaborn, Esq.
    Myron C. Penn, Esq.
    Penn & Seaborn, LLC
    P. O. Box 688
    Clayton, AL 36016

    Michael M. Eley, Esq.
    Webb & Eley, P.C.
    PO Box 240909
    Montgomery, AL 36124

_____
Of Counsel