**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ARTIS WILLIAMS and BEVERLY WILLIAMS, Individually and as a dependent and next friend of Artis Williams,** ) ) ) ) ) | |
| **Plaintiffs,** ) | |
| **vs.** ) | **CASE NO. 2007-CV-538** |
| ) | |
| **CNH AMERICA, LLC; BULLOCK COUNTY COMMISSION, et al.** ) ) ) | |
| **Defendants.** ) | |

**BRIEF IN SUPPORT OF MOTION TO REMAND**

Plaintiffs submit this Brief in Support of their Motion to Remand this cause to the Circuit Court for Bullock County, Alabama. Defendant CNH America, LLC (hereinafter referred to as CNH) has improperly removed this case to Federal Court when federal jurisdiction is clearly lacking. As set out below, removal of this case was improper and it should be remanded back to State Court.

**I.    Summary of the Facts**

On April 16, 2007, the Plaintiff, Artis Williams, was driving a New Holland backhoe, manufactured by the Defendant CNH. [Complaint at ¶10.] He was operating the backhoe on County Road 53 in Bullock County, Alabama. [Id. at ¶13.] Mr. Williams was driving on the county road when the backhoe went out of control and rolled over. [Id. at ¶11.] As a result, Mr. Williams was ejected and suffered serious injuries. [Id.] At the time of the accident, Mr. Williams was working as employee of the Defendant, Bullock County Commission (hereinafter "Bullock County"). [Id. at ¶9.] Bullock County owned the backhoe and had the responsibility for its maintenance. [Id. at ¶¶26, 27.] Mr. Williams was working in the course of his employment with Bullock County at the time of the accident and injury in this case.

[Id. at ¶28.]

Plaintiffs' Complaint asserts various state-law based causes of action, including AEMLD, negligence and wantonness, against CNH and asserts a worker's compensation claim against Bullock County.    In addition, Beverly Williams, Artis Williams' wife, claims damages for loss of consortium as a result of the injuries to her husband.  Both Artis and Beverly Williams are residents of Bullock County, Alabama. [Complaint at ¶¶1, 8.]  Defendant Bullock County is an entity organized and existing under the laws of the State of Alabama.  [Id. at 3.]  The residencies of the Plaintiffs and Bullock County are undisputed by defendant CNH.

## II.    Standard of Review

Federal courts are courts of limited jurisdiction.  *Brooks v. Paulk & Cope, Inc.,* 176 F.Supp. 2d 1370, 1272 (M.D. Ala. 2001).    *Kokkohen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S. Ct. 1673 (1994).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *Brooks*, 176 F.Supp 2d at 1272; *Kokkohen*, 511 U.S. at 377.    "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."  *E.R. Squibb & Sons v. Accident & Casualty Ins. Co.*, 160 F.3d 926, 929 (2d Cir. 1998).  Whether raised by the litigants or not, the federal courts, including appellate courts, are duty-bound to determine jurisdiction and dismiss or remand any case in which it is found to be wanting.  "[J]urisdiction is not a game.  As the Supreme Court has made abundantly clear, it is one of the fundamental tenets of our Constitution that only some cases may be brought in federal court."  *E.R. Squibb & Sons*, 16O F.3d at 929 (2d Cir. 1998), citing *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 7OO, 78 L.Ed. 2d 1248 (1934).

> It is well-settled that the defendants, as the parties removing an action
> to federal court, bear the burden of establishing federal jurisdiction.
> Removal statutes must be strictly construed because of the significant

2

federalism concerns raised by removal jurisdiction. Placing the burden on the removing defendants and resolving all doubts in favor of plaintiff as against the defendant is consistent with, if not mandated by, the Constitution and statutory limitations on the exercise of federal judicial power. Allocating the burden in this fashion affirms an organizing tenet of removal *juris prudence*; that is, that the statutory right of removal does not outweigh nor even equal the plaintiff's right to pursue their claims in their own manner in the chosen forum.

*Harris v. Mosby's Packing Co.*, C.V. 05-PWG-595-S, Slip Op. at 5-6. (N.D. Ala. July 1, 2005). (Attached as Ex. A.)

Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp. 1270, 1272-73 (N.D.Ala. 2001); *Burns v. Windsor Insurance Co.*, 31 F. 3d 1092. 1095 (1994).

**III.  Defendant Bullock County Commission has not been Fraudulently Joined in this Action, and Therefore, the Case Must Be Remanded.**

The Defendants have removed Plaintiffs' state law action to this court on the basis of diversity jurisdiction. The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Brooks,* at 1273. "To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of 'complete diversity,' no plaintiff may share the same state citizenship with any defendant." *Id.* at 1273. In the instant case, it is undisputed that Defendant Bullock County is a county entity organized under the laws of the State of Alabama and that the Plaintiffs are all citizens of Alabama. Therefore, this Court does not possess jurisdiction of this case because the parties are not completely diverse.

However, CNH seeks to create complete diversity of the parties by arguing that the Plaintiffs fraudulently joined Bullock County and that this Court should ignore the citizenship of Bullock County in analyzing whether complete diversity exists between the parties. (Joint Notice of Removal, ¶7.) CNH's argument lacks

merit.[1]

The issue before this Court is whether Bullock County, and the claim for worker's compensation benefits against it, has been fraudulently joined with the tort claims asserted against CNH. CNH requests this Court to sever the worker's compensation claim, remand it, and retain jurisdiction over the tort claims against CNH. However, in *Brooks*, supra, Judge Harold Albritton refused to sever a worker's compensation claim from tort claims, which specifically alleged AEMLD and negligence, by holding that the worker's compensation claims and, thus, the resident defendant, had not been fraudulently joined and therefore the entire case was due to be remanded. *Brooks*, 176 F.Supp. 2d at 1277. In fact, Judge Albritton phrased the issues before him as follows:

> There is apparently no question in this case that the claim for worker's compensation benefits asserted by Charlie Brooks is due to remanded. The issue before this court, therefore, is whether the entire case is due to be remanded, or whether this court may sever the workers' compensation claim, remand it, and then entertain jurisdiction over the tort claims asserted against the non-resident defendants.
>
> A party can not be misjoined if joinder is proper. Necessarily, therefore, the court's analysis of fraudulent misjoinder must begin with the text of Federal Rule of Civil Procedure 20.

*Id.* at 1274. Thus, this Court must first analyze the instant action under the fraudulent joinder test.

### A.    Fraudulent Joinder Standard.

In this regard, when determining whether a defendant has been fraudulently joined, the Eleventh Circuit applies a threefold test. *Triggs v. John Crump Toyota,* 154 F. 3d 1284, 1287 ( 11th Cir. 1998). The removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) that a diverse defendant is joined with a non-diverse

---

[1] CNH filed a separate motion to sever and remand the worker's compensation claim from this action.

defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the non-diverse defendant. *Id*. at 1287. The moving party has a heavy burden of proof to establish one of these three principles by clear and convincing evidence. *Boiling v. Union Nat'l Life Ins. Co.,* 900 F. Supp. 400, 407 ( M.D. Ala. 1995); See *Parks v. New York Times Co.,* 308 F. 2d 474, 478 ( 5th Cir. 1962). In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *Crowe v. Coleman,* 113 F. 3d 1536, 1538 (11th. Cir. 1997). In fact, " the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Cabalceta v. Standard Fruit Co.,* 883 F. 2d 1553, 1561 ( 11th Cir. 1989). If the removing party fails in an attempt to demonstrate existence of a fraudulently joined party, then the case must be remanded to state court. *Bolling v. Union Nat'l Life Ins. Co.,* 900 F. Supp. 400, 407 (M.D. Ala. 1995).

**B.    Numerous District Courts in Alabama Have Rejected CNH's Argument.**

In the instant action, the Defendant seeks to establish fraudulent joinder by asserting that there is no joint, several, or alternative liability and that the worker's compensation claim has no real connection to the tort claims. (CNH's Motion to Sever and Remand at ¶3.) The defendant also argues that Plaintiffs' workers' compensation count against Bullock County is different in kind from Plaintiffs' tort actions against CNH and that the fact that workers' compensation cases are tried non-jury, as opposed to tort claims that are tried by a jury, it is a "recognized practice" of Alabama courts to sever workers' compensation cases from third party cases. In support of its argument, CNH relies primarily upon two cases, *Reed v. Heil,* 206 F.3d 1055 (11th Cir. 2000) and *Bryant v. Wausau Underwriters Ins. Co., et al.*, 2007 WL 1159699 (M.D. Ala. 2007). However, CNH's reliance on these cases is woefully misplaced. In both of those cases, the Courts were only asked to

5

determine if the plaintiff's tort claims arose under the Alabama Worker's Compensation Act.  Neither of those cases held that tort claims were fraudulently joined with the worker's compensation claims.  Neither of those cases conducted any analysis of, or even remotely addressed, the issue of fraudulent joinder and Rule 20 of the Federal Rules of Civil Procedure.  Therefore, the cases are not applicable.  See *Strode v. Freightliner, LLC,* CV-02-JEO-2390-W, Slip Op. at 8-9 (N.D. Ala. May 8, 2003) [Ex. B]   (Where court remanded both worker's compensation claim and tort claims finding that a defendant's reliance upon a case that held the plaintiff's tort claims did not arise under Ala.Code §25-5-11 was misplaced.  The Court reasoned that the case did not hold that the tort claims under the AEMLD were misjoined with a worker's compensation claim.  The Court went on to hold that "to find fraudulent joinder under the present circumstances, it would have to overlook well-established law, including that the plaintiff is the master of his or her complaint; that the burden of proving fraudulent joinder rests with the defendant; and, that in viewing a claim of fraudulent joinder, the Court must evaluate the allegations and submissions in a light most favorable to the plaintiff.").

All of CNH's arguments have been rejected by numerous judges throughout the federal district courts of Alabama in cases identical to the one here.   See *Brooks*, *supra*; *Strode v. Freightliner*, 02-JEO-2390-W, Slip Op. (N.D. Ala., May 8, 2003) [Ex. B]; *Harris v. Mosby's Packing Co.*, 05-PWG-595-S, Slip Op. (N.D. Ala. July 1, 2005) [Ex. A]; (*Griffin v. Osborn Transportation, Inc.*, 03-AR-2384-M, Slip Op. (N.D. Ala., Sept. 30, 2003) [Ex. C]; *Erwin v. Taylor-Made Lumber Co.*, CV-02-BE-1120-W, Slip Op. (N.D. Ala., May 29, 2002) [Ex. D]; *Plyler v. Continental Conveyor & Equipment Co., et al.,* CV-04-CO-2641-J (See fn. 6 to *Harris*, Slip Op.); *Mary Ann Brascom v. Morbark, Inc.,* 01-D-1082-N, Slip Op., ( M.D. Ala. Nov. 20, 2001) (Dement, I) [Ex. E]; and *Priest v. Sealift Services International Inc.,*

953 F. Supp. 363 ( N D. Ala. 1997).

In *Brooks,* Judge Albritton's case, a plaintiff, who was injured on the job, brought suit in one action in the Alabama state courts against his employer for workers' compensation benefits and against two foreign defendants for negligence when a piece of machinery failed and injured Mr. Brooks.  The defendants removed the state actions to federal court on the basis of diversity jurisdiction asserting that plaintiff had fraudulently joined his claim for workers' compensation benefits against his employer with his tort claims against the foreign defendants.  Just as CNH has done here, the defendants in *Brooks* sought to prove the application of the fraudulent joinder doctrine by utilizing the third method of proof, i.e. that no joint, several or alternative liability existed between the employer and the foreign defendants. *Id*. at 1274.

The *Brooks* defendants argued that plaintiffs' claims against his employer for workers' compensation benefits and the foreign defendants in tort did not involve joint, several or alternative liability.   Judge Albritton, in response, noted that, because the plaintiffs' claims sought several liability against two different defendants arising out of the same alleged work-related incident, the two claims would involve common questions of fact.  Judge Albritton further reasoned that the "Rule 20 standard does not require that there be a basis for joint liability, but allows joinder also on the basis of only 'several' liability." *Id*. at 1276.  Likewise, in the instant case, the Plaintiffs have sought claims for several liability against two different defendants arising out of the same work-related incident.   Both the workers' compensation and tort actions in the instant case involve common questions of fact such how did the accident occur, why did the accident occur, and whether there were any violations of safety rules with regard to the occurrence of the accident.

Additionally, the instant workers' compensation and tort claims involve common, intertwined questions of law.  For instance, it is the Alabama Workers' Compensation Act that grants an employee the authority to bring a personal injury action against a third-party arising out of an on-the-job accident.  Section 25-5-11 states in relevant part:

> "(a) If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, <u>and at the same time</u>, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter."

*Ala. Code* § 25-5-11 (a)(1975) (emphasis added).  Thus, the Plaintiffs have a statutory right to bring these claims together in one action.  See *Mary Ann Brascom v. Morbark, Inc.,* 01-D-1082-N, Slip Op., at pages 7-8 (M.D. Ala., Nov. 20, 2001) ("By statute, Plaintiffs may combine these claims in a single action, Ala.Code §25-5-11, and the Court will not prohibit Plaintiffs from doing so.")

Also, the Alabama Workers' Compensation Act grants the employer the right to subrogate to any proceeds recovered in any third-party case arising out of an on-the-job injury.  *Ala. Code* 25-5-1 I(a)( 1975 ).  The Alabama Supreme Court has ruled that the employer is allowed to intervene in the third-party suit to protect its statutory subrogation right.  *Millers Mutual Insurance Association v. Young.,* 601 So. 2d 962, 963 (Ala. 1992).  Employers regularly seek to intervene in similar third-party cases to protect their subrogation rights.  *See Miller,* 601 So. 2d 962 (Ala. 1992).  28 U.S.C. § 1445 forbids the removal of any civil action arising under the workers' compensation laws of any state to the federal courts.  If this court were to maintain jurisdiction of the tort claims, how then would the workers'

compensation carrier enforce its statutorily created subrogation right in light of the federal courts prohibition from entertaining workers' compensation issues?  In the presence of such subrogation issues, our courts have held that the tort and workers' compensation claims are "inextricably intertwined," thereby justifying remand of the intertwined cases to state court.  *Mary Ann Brascom v. Morbark, Inc.,* supra, at 9.  ("In addition, the claims against Morbark and Flails, the diverse defendants, are inextricably intertwined with the claims against Eufaula Pulpwood, due to a subrogation claim by Eufaula Pulpwood.  Thus, there is a real connection between the claims against the diverse and non-diverse defendants.")  Accordingly, simultaneously filed workers' compensation cases and third-party cases involving common questions of fact and law reason against treating the cases separately.

Second, the defendants in *Brooks* argued that the fact that the remedies of workers' compensation and tort claims are different justified the application of the fraudulent joinder doctrine. The court rejected this argument.

> The Court finds no authority, however, for the proposition that the nature of the relief sought, or the method by which relief is awarded, undermines the applicability of Rule 20 if the plaintiff is seeking joint, several, or alternative liability for claims with common questions of law or fact.  There are case management procedures, for example, procedures applied in cases in which both money damages and equitable relief are sought, which could apply in this case.

*Brooks* at 1276-1277.  (citations omitted.)  See also, *Strode v. Freightliner, supra,* at p. 8 (stating that "[a]lthough the defendant is correct that the workmen's compensation case cannot be tried before the jury, this is a matter of 'case management' and not misjoinder.")  Likewise, in the instant case, the defendants have cited no authority that the nature of plaintiffs' workers' compensation case prohibit the plaintiffs from joining a workers' compensation case with a third party tort case.

Rather than offer such supportive authority, CNH argues that the "recognized practice" for handling cases involving workers' compensation claims

and tort claims is to sever the cases. (CNH's Motion to Sever, ¶ 5.)  The defendant cites *Raines v. Browning-Ferris Industries of Alabama, Inc.,* 638 So. 2d 1334, 1337 ( Ala.Civ.App. 1993) and *Wallace v. Tee Jays Manufacturing Co., Inc.*, 689 So.2d 210, 211 Ala.Civ.App. 1997).  However, federal courts have recognized that Alabama courts differ on how to handle cases involving workers' compensation claims and tort claims. Not all Alabama judges sever such claims. *See Mary Ann Brascom v. Morbark, Inc., supra,* at p. 7-8; and *Priest v. Sealift Services International, Inc.,* 953 F. Supp. 363 (N.D. Ala. 1997). "[S]ome Alabama trial judges under similar procedural circumstances, instead of severing a workers' compensation count from a tort count, try to a jury the tort count against the non-employer tortfeasors while reserving to themselves the separate workers' compensation claim based on the same evidence, thus saving two trials." *Priest v. Sealift Services International. Inc.,* 953 F. Supp. 363, 364 (N.D. Ala. 1997).

The *Harris* court specifically rejected the same argument asserted by CNH stating that "the defendants' reliance upon a 'line of cases' 'holding' that the 'proper procedure' under Rule 20 is a severance of workers' compensation claims from tort claims is unwarranted as a matter of law." *Harris, supra,* Slip Op. at 14. In so holding, the *Harris* court addressed *Raines* and *Wallace*, the primary cases relied upon by CNH.

> *Raines* says nothing to suggest a requirement, rule, or order which mandates severing workers' compensation claims from tort claims. Indeed, the appellate court reserved to itself the right to resolve the appeal of cases which presented both types of claims.  In *Wallace v. Tee Jays Manufacturing Co., Inc.*, 689 So.2d at 211, the Alabama Court of Civil Appeals observed that because no motion to sever had been filed by the parties, a trial court considering both worker's compensation claims and tort claims was required to rule on all issues when deciding summary judgment.  *Wallace*, like *Raines,* said nothing to suggest that an Alabama trial judge is required as a matter of law to sever worker's compensation claims from tort claims . . . .

*Harris,* Slip Op. 12-13.

Recognizing that no Alabama authority requires an Alabama judge to sever

10

such claims rather than try the cases simultaneously, the *Brooks* court reasoned that there can be no egregious, fraudulent joinder where Alabama law allows such a joinder. *Brooks* at 1277.  Pursuant to the authority of *Brooks*, *Brascom*, *Strode*, *Harris*, *Priest, and Erwin, supra*, and because no authority exists in Alabama that prohibits plaintiff from joining a workers' compensation claim with a third-party wrongful death claim, CNH's argument that Plaintiffs fraudulently joined Bullock County must fail.

CNH has not remotely proved, by clear and convincing evidence, that Plaintiffs fraudulently joined the Defendant, Bullock County Commission, in their complaint for workers' compensation benefits and personal injury damages.  As stated by the *Harris* court, "there is no Eleventh Circuit supplemental authority extant to support the defendants' theory, no federal district court case has sustained the defendants' position (at least four have rejected it), no Alabama case has sustained the defendants' position and there is Alabama authority from which a reasonable conclusion is reached that Alabama law does not require a 'severance' of worker's compensation claims from tort claims. . . .  The U. S. District Court for the Northern District of Alabama EXPRESSLY LACKS subject matter jurisdiction over the removed action."  *Harris*, Slip Op. at 19 (emphasis in the original). Consequently, this Court should remand this case to State Court.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that this Court remand this case to the Circuit Court of Bullock County because this Court lacks subject matter jurisdiction over the removed action.

/s/ Jere L. Beasley
JERE L. BEASLEY (BEA020)
J. GREG ALLEN (ALL021)
Attorneys for Plaintiff

11

OF COUNSEL:

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36104
(334) 269-2343

PENN & SEABORN, LLC
P. O. Box 688
Clayton, AL  36016
(334) 738-4486

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed and served through Alafile the above and foregoing document upon all interested parties on this the 6th day July, 2007, as follows:

/s/ Jere L. Beasley_____
OF COUNSEL

**Attys. for Defendant CNH America LLC**
Jere F. White, Jr.
J. Chandler Bailey
Hyde Carby
Lightfoot, Franklin & White LLC
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200

**Atty. for Defendant**
**Bullock County Commission**
Michael M. Eley
Webb & Eley, P.C.
P.O. Box 240909
Montgomery, AL  36124

2005 Jul-01 PM 02:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| VELMA HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-PWG-595-S |
| | ) |
| MOSBY'S PACKING COMPANY, ET AL., | ) |
| | ) |
| Defendants. | ) |

<u>ORDER OF REMAND PURSUANT TO RULE 5, GENERAL ORDER OF REFERENCE</u>

Velma Harris initiated this civil action with a complaint filed in the Circuit Court of Jefferson

County, Alabama on February 11, 2005. (CV 05-865).[1] In her complaint, plaintiff, as the spouse

of the decedent, alleged that Cecil Spraggins, a citizen of the state of Mississippi, Mosby's Packing

Company, Inc., a corporate of the state of Alabama, Nationwide Insurance Company of America,

a resident of the state of Wisconsin, and Associated Grocers of the South, Inc., a citizen of the state

of Alabama were jointly and severally liable for punitive and other damages derived from THE

February 4, 2005 death of Bruce Harris. (Doc. #1, attachment #1). The civil complaint also named

a number of fictitious defendants including insurance companies. The complaint averred Mr. Harris

was an employee of Associated Grocers of the South, the Alabama defendant, at the time he was

fatally injured when he was struck by a tractor trailer driven by Cecil Spraggins. Count one of the

complaint for negligence/wantonness names Spraggins and Mosby's Packing  in addition to "one

---

[1] "When ... death is caused to an employee by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he, or in the case of death, his personal representative, for the exclusive benefit of the surviving spouse and next of kin, shall receive compensation by way of damages therefor from the employer; provided that ... death was not caused by the wilful misconduct of an employee or was not due to misconduct on his part, ...." Section 25-5-31, *Code of Alabama* (1975). See also section 25-5-51 which defines misconduct on the part of the employee to include suicide, a wilful failure to use safety appliances, impairment because of intoxication or use of controlled substances.

**EXHIBIT A**

or more of the fictitious party defendants." Count two of the complaint alleges vicarious liability against defendants Mosby's and/or "one or more of the fictitious defendants ..." Count three of the complaint sounds in the Alabama Extended Manufacturers Liability statute and includes fictitious and as of yet unnamed defendants involved in the manufacture and design of the tractor trailer at issue. Count four makes claims of negligence and wantonness in the repair of the tractor trailer by fictitious defendant number seven. Count five of the complaint seeks under-insured motorist benefits from Mr. Harris's insurer, Nationwide. Count six is a contract claim for the under-insured motorist benefits of decedent's employer, Associated Grocers of the South, Inc. Count six alleges that at the time of the accident, Mr. Harris was an employee of Associated Grocers and that Ms. Harris, upon information, believes that Associated had at least one contract of insurance which provided under-insured coverage. Count six is a "claim for the applicable policy limits of any and all applicable under-insured insurance contracts Associated had in effect..." Count seven of the complaint seeks Worker's Compensation death benefits from Associated Grocers of the South, Inc. pursuant to the "Alabama Worker's Compensation Act." Ms. Harris seeks a jury trial on counts one through six. *Id.*

Defendants Mosby Packing Company, Nationwide Insurance of America and Cecil Sproggins filed with the Circuit Court of Jefferson County, Alabama and the United States District Court for the Northern District of Alabama a "Joint Notice of Removal." Acknowledging that Associated Grocers of the South is non-diverse, the removing defendants allege that Associated Grocers of the South was "fraudulently joined."[2] Ms. Harris has filed a motion to remand this action

---

[2]    The removing defendants also allege the existence of subject matter jurisdiction on grounds of the diversity of the remaining defendants and that the value of plaintiff's claim exceeds $75,000. The ad damnun clause of the complaint makes no specific claim for damages; however, plaintiff has not disputed that diversity jurisdiction prerequisites. (Doc. #1, attachment).

to the Circuit Court of Jefferson County, Alabama and seeks attorneys fees pursuant to the

provisions of 28 U.S.C. § 1447(c). (Doc. #2). The matter is before the court pursuant to 28 U.S.C.

§ 636(b), Federal Rule of Civil Procedure 72 and the General Orders of Reference dated July 25,

1996, May 8, 1998, as amended July 27, 2000. The motion to remand (doc. #2) is due to be

GRANTED.

## REMOVAL JURISDICTION - GENERAL PRINCIPLES

Two distinct aspects of a federal district court's removal jurisdiction are implicated by the

present motion. It beyond dispute that the United States District Court for the Northern District of

Alabama is a creation of Congress, U.S. Const., Art. III, and possesses only that portion of the

constitutionally permissible field of Article III jurisdiction specifically granted to it by Congress.

The contours of its jurisdiction may not, and must not, be expanded by judicial usurpation. *Snyder*

*v. Harris*, 394 U.S. 332, 341, 89 S.Ct. 1053, 1059, 22 L.Ed.2d 319 (1969). Congress has granted

subject matter jurisdiction to district courts over "all civil actions where the matter in controversy

exceeds the sum or value of $75,000" provided that complete diversity exists between the parties.

28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 1235 (1806). The rule

of complete diversity holds that generally diversity jurisdiction may be sustained only where "there

is no plaintiff and no defendant who are citizens of the same state." *Wisconsin Department of*

*Corrections v. Schacht*, 524 U.S. 381, 18 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998).

"Subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial

power. Whether raised by the litigants or not the federal courts, including appellate courts, are duty-

bound to determine jurisdiction and dismiss [or remand] any case in which it is found to be

wanting." *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983). "... [J]urisdiction is

3

not a game. As the Supreme Court [has] made abundantly clear, it is one of the fundamental tenets of our Constitution that only some cases may be brought in federal court." *E. R. Squibb & Sons v. Accident and Cas. Ins. Company*, 160 F.3d 926, 929 (2d Cir. 1998), *citing Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed.2d 1248 (1934).[3/] Subject-matter jurisdiction can never be waived or conferred by the consent of the parties. *Insurance Corporation of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982). As the Supreme Court has explained that "'the rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception, [and] requires this court, of its own motion, to deny its jurisdiction, and, ... that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record.'" *Insurance Corporation of Ireland*, 456 U.S. at 702, 102 S.Ct. at 2104 (*quoting Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed.2d 462 (1884)).

In addition to defining the scope of federal jurisdiction Congress has also provided a statutory limitation which precludes the exercise of federal jurisdiction under certain circumstances although the essential requirements of 28 U.S.C. § 1332(a) would otherwise be satisfied. Federal courts may exercise supplemental jurisdiction over state law claims that form a part of the same case or controversy as the claims which are within the federal court's original jurisdiction. *Reid v. Heil Co.*, 206 F.3d 1055, 1058 (11th Cir. 2000), citing 28 U.S.C. § 1367(a); 28 U.S.C. § 1441(c). There are a few actions, however, that cannot be removed from state to federal court. *Reid*, 206 F.3d at

---

[3/]    In *E. R. Squibb & Sons* the parties had litigated the case for more than 16 years assuming their right to be in federal court. There was no suggestion of collusion between the litigants to create federal jurisdiction. Nonetheless, the Second Circuit found that the United States courts lack subject matter jurisdiction terminating the action in that court despite recognizing the fact that "...it [will] be dismal for all concerned to have to go back to square one after 16 years, ...." *Squibb & Sons*, 160 F.3d at 930.

1058. Specifically, 28 U.S.C. § 1445(c) provides that "a civil action in any state court arising under the Worker's Compensation laws of such state may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). A claim for benefits under the Alabama Worker's Compensation laws is subject to removal to federal district court. See *Reid*, 206 F.3d at 1055. As the Fifth Circuit made clear in precedent binding in this court, § 1445(c) "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in state court for its ultimate disposition." *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091 (5th Cir. 1991), *quoting Kay v. Home Indemnity Co.*, 337 F.2d 898, 902 (5th Cir. 1964).

The removing defendants acknowledge that the claims made against the Alabama corporate citizen, Associated Grocers of the South, Inc., are not removable as a matter of federal law. The defendants contend, however, that Associated Grocers has been fraudulently joined to the claims made against otherwise diverse defendants. It is well-settled that the defendants, as the parties removing an action to federal court, bear the burden of establishing federal jurisdiction. See *Diaz v. Shepherd*, 85 F.3d 1502, 1505 (11th Cir. 1996). *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. *See Shamrock Oil & Gas Corporation v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Placing the burden on the removing defendants and resolving all doubts in favor of plaintiff as against the defendant is consistent with, if not mandated by, the Constitution and statutory limitations on the exercise of federal judicial power. *B, Inc. v. Miller Brewing Company*, 663 F.2d 545 (5th Cir. 1981). Allocating the burden in this fashion affirms an organizing tenet of removal jurisprudence; that is, that the statutory right of removal does not

5

outweigh nor even equal the plaintiff's right to pursue their claims in their own manner in the chosen

forum. *Caterpiller, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318

(1987). The defendants argue that Ms. Harris has attempted to "... circumvent this sacred right

granted to diverse defendants by Congress ...." (Doc. #7, p.8). The claim of divine protection

notwithstanding the defendants' claim of duplicity in avoiding a federal forum is mistaken.[4]

When as a matter of subject matter jurisdiction the inquiry goes directly to the very power

of the court to resolve a dispute, prudence as well as the Constitution dictates that the case should

proceed only in the court which clearly has jurisdiction. This will assure final resolution of the

dispute where as if the action proceeds in the wrong forum the jurisdictional defect will ultimately

produce a waste of substantial resources and time. *Brougton v. Florida International Underwriters*,

139 F.3d 861 (11th Cir. 1998). The removal statutes permit a diverse defendant to defend itself in

federal rather than state court but only if the federal jurisdiction is undisputedly clear. See *Berrel*

*S S Co. v. Kane*, 170 U.S. 100, 111, 18 S.Ct. 526, 530, 42 L.Ed. 964 (1899), cited in *Davis v. Carl*

*Cannon Chevrolet-Olds, Inc.*, 182 F.3d 792, 794 (11th Cir. 1999). If for whatever reason the court

lacks subject matter jurisdiction over the case it must be remanded. 28 U.S.C. § 1447(c).

<u>Fraudulent Joinder</u>

The jurisdictional parameters of 28 U.S.C. § 1332 and § 1445(c) are absolute. The

exemption under which a district court may exercise jurisdiction over a litigation which includes a

non-diverse party is wholly of judicial creation. In *Wilson v. Republic and Steel Co.*, 257 U.S. 92,

97, 42 S.Ct. 35, 66 L.Ed. 144 (1921) the Supreme Court stated that a diverse defendant's statutory

---

[4] "Under our dual court system [if] a potential plaintiff has the choice between a state forum and a federal forum,
it is his privilege to exercise that choice subject to legal limitations, and if he can avoid the federal forum by
the devices of properly joining a [non-diverse] defendant or a [non-diverse] co-plaintiff he is free to do so.
*Iowa Public Service Co. v. Medicine Bow Coal*, Co., 556 F.2d 400, 406 (8th Cir. 1977).

"right of removal cannot be defeated by fraudulent joinders of a resident defendant having no real

connection with the controversy." The Eleventh Circuit has explained that joinder may be deemed

fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a
> cause of action against the resident (non-diverse) defendant.... The
> second is when there is out right fraud in plaintiff's pleadings of a
> jurisdictional fact..... [A] third situation of fraudulent joinder was
> identified–i.e., where a diverse defendant is joined with a non-diverse
> defendant as to whom there is no joint, several alternative liability
> and where the claim against the diverse defendant has no real
> connection to the claim against the non-diverse defendant.

*Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). The present Notice of

Removal implicates the third of the fraudulent joinder alternatives. Notwithstanding any other

consideration as more fully discussed below, the burden of proving fraudulent joinder always rests

with the defendants as the removing party. See *Coker v. AMOCO Oil Company,* 708 F.2d 1433,

1440 (11th Cir. 1983). A claim of fraudulent joinder must be supported by clear and convincing

evidence. *Parks v. New York Times,* 308 F.2d 474, 478 (5th Cir. 1962); *cert. denied,* 376 U.S. 949,

84 S.Ct. 964, 11 L.Ed.2d 969 (1964). In evaluating whether there has been fraudulent joinder, all

allegations and submission must be resolved in the light most favorable to Ms. Harris. *Crowe v.

Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997). In *Coleman,* the Eleventh Circuit Court of Appeals

instructed that "the district court should resolve all questions of fact <u>and controlling law</u> in favor of

... plaintiff." (emphasis added). *Id.* Moreover, "[f]raudulent joinder is a term of art." See

*MacCable v. General Foods Corporation,* 811 F.2d 1336, 1339 (9th Cir. 1987), and "it does not

require a finding of fraudulent intent." *Schwenn v. Sears, Roebuck and Company,* 822 F.Supp. 1453,

1455 (D. Minn. 1993).

7

Procedural Misjoinder

Procedural misjoinder of parties is a relatively new concept that emerged from Eleventh Circuit jurisprudence with respect to fraudulent joinder. See *Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353, 1359-60 (11ᵗʰ Cir. 1996) (concluding that misjoinder may be just as fraudulent as joinder of a resident defendant against whom a plaintiff has no cause of action if the plaintiff's attempted joinder of the resident defendant pursuant to Federal Rule of Civil Procedure 20 is so egregious that it amounts to fraudulent joinder), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11ᵗʰ Cir.), *cert. denied*, 521 U.S. 957, 121 S.Ct. 381, 148 L.Ed.2d 294 (2000), see also 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3723 at 656-58 (3d ed. 1998).[5] The factual underpinnings of *Tapscott* are important to an understanding of the limited nature of the holding. In *Tapscott* certain plaintiffs sought recovery on behalf of a putative class against four defendants, based on claims of fraud and conspiracy arising from the sale of automobile service contacts. *Tapscott*, 77 F.3d at 1355. A later amended complaint added several new plaintiffs and three new defendants, including Lowe's Home Centers, a foreign corporation. *Id.* This amended complaint, however, did not center on automobile service contracts, but upon extended contracts for retail products wholly unrelated to the contracts in the original complaint. *Id.* The newly added plaintiffs were all diverse from Lowe's but not from the original automotive class defendants, and none of the "retail class" plaintiffs stated claims against the original automotive contract defendants. *Id.* at 1359-60.

---

[5] The concept of procedural misjoinder in the fraudulent joinder context has not been universally accepted. See *Glenn v. PerduPharma Company*, 2003 WL 22243939 (N.D. MS 2003) ("[T]he defendants rely on an oft-discredited Eleventh Circuit opinion for the proposition that the plaintiff's are procedurally misjoined to such an egregious degree so as to constitute fraudulent joinder.")

After Lowe's removed the case, the district court granted the motion to sever and remanded the action to state court as to all defendants except Lowe's. *Id.* at 1355. The Eleventh Circuit affirmed the district court's order holding that the joinder of the different groups was "improper and fraudulent joinder, bordering sham." *Id.* at 1360. The Eleventh Circuit unequivocally cautioned, however, that "[w]e do not hold that the mere misjoinder is fraudulent joinder, but we did rule with the district court that [the plaintiffs] attempt to join these parties is so egregious as to constitute fraudulent joinder." *Id.* Indeed it is quite likely that the inquiry into the alleged fraudulent misjoinder of Ms. Harris's claims both begins and ends with *Tapscott.* Significantly, the plaintiffs in *Tapscott* did not argue that the joinder of defendants was proper under Federal Rule of Civil Procedure 20(a). Rather they contended that "while a court may disregard the citizenship of fraudulently joined parties, a misjoinder, no matter how egregious, is not fraudulent joinder." *Tapscott,* 77 F.3d at 1360. The Eleventh Circuit responded to the plaintiff's contentions by first ruling that because the alleged <u>transactions</u> involved in the automotive class were "wholly distinct" from the alleged transactions involved in the retail class, the joinder of claims against the two distinct classes of defendants did not satisfy the permissive joinder standard of Federal Rule of Civil Procedure 20(a). See *id.* Second, the Eleventh Circuit concluded that if the plaintiffs joined resident defendants who have "no real connection with the controversy," such a "[m]isjoinder may just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Id.* Nothing in the *Tapscott* holding remotely suggests that Rule 20(a) is to be read as restrictively as the removing defendants assert here.

9

Persuasive Authority

The defendants recognize district courts within the state of Alabama have concluded that the position they assert in the petition for removal is incorrect. The defendants concede that United States District Judge William M. Acker, Jr. has held that the removal of a negligence action even __after__ the state court severance of a Worker's Compensation claim was improper. *Priest v. Sea Lift Services International, Inc.*, 953 F.Supp. 363 (N.D. Ala. 1997).[6/] Chief Judge Albritton of the Middle District of Alabama has also addressed the question of procedural misjoinder in the Worker's Compensation context and concluded the position asserted by the removing defendants here will not sustain federal jurisdiction. *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp.2d 1270 (M.D. Ala. 2001). In an unpublished opinion Judge Dement apparently also rejected the removing defendants' position in *Rascome v. Morbark, Inc.*, 01-D-1082-N, slip.op., (M.D. Ala. 2001). The defendants, while acknowledging the holdings of these courts, assert that the analysis was erroneous. (Doc. #7, p.6).[7/]

Defendants' Position

The defendants contend that the actual language of Rule 20 of the Alabama Rules of Civil Procedure establishes a two-prong test which "... cannot be met by the plaintiff." (Doc. #7, p.4).

---

[6/]    In an unpublished opinion, *Erwin v. Taylor-made Lumber Company, et al.*, CV 02-BE-1120-W, Judge Bowdre also rejected the defendants' position. In addition Judge Coogler has concluded in a related context that a defendant's position is incorrect. *Plyler v. Continental Conveyor and Equipment Company, et al.*, CV 04-CO-2641-J. See also *Griffin v. Osborn Transportation, Inc.*, CV 03-AR-2384-M.

[7/]    Removing defendants are particularly unconvinced by Judge Acker's opinion in *Priest* referring to his analysis as a "house of cards" premised upon an "incorrect cornerstone." (Doc. #7, p.7). The defendant then concludes that "two other Alabama federal judges decided to rely almost completely on Judge Acker's reasoning in following his incorrect holding." apparently referring to Judges Albritton and Dement. The conclusion of the defendants is particularly incorrect with regard to *Brooks*. Judge Albritton mentions but does not appear to rely on *Priest*. He specifically looked at the language from *Raines* cited by the defendants here. Judges Coogler and Bowdre appear to have emerged unscathed.

10

The defendants maintain that under Alabama "..., a plaintiff attempting to join tort claims against third parties and claims for Worker's Compensation benefits against an employer in the same action is attempting a 'misjoinder of parties'...." ( *Id.*, p.5). Having concluded that Ms. Harris has improperly joined parties under Alabama law the defendants look to Alabama Rule of Civil Procedure 21 asserting that the provisions of that Rule are "of critical importance to the present motion to remand." *Id.* The defendants contend that because Alabama Rule of Civil Procedure 21 authorizes a "severance" which in turn creates a "separate action," removal of the separate tort claims are warranted.[8] The defendants aver that Judge Acker in *Priest* "... was apparently unaware of the line of cases, cited above by these defendants, holding that the proper procedure under Alabama law in such circumstances is, indeed, severance, ...." *Id.*, p.7.[9]

The explication of the "line of cases" overlooked by the district judges of Alabama consists entirely of the following passage from the defendants' opposition to plaintiff's motion to remand:

> There is no coincidence that *every single* Alabama appellate case that has addressed the issue has used the term 'severance' in recognizing said action as the proper and usual remedy for a court in this state to take when a plaintiff improperly attempts to bring worker's compensation claims and tort claims in the same action. 'We note ... that the usual procedure where a claimant has filed a complaint seeking workmen's compensation and tort relief is for these two claims to be *severed*.' *Raines v. Browning-Ferris Industries*, 638 So.2d 1334, 1337 (Ala. Civ. App. 1993). Please see also, *Watson v. Presbyterian Retirement Corp.,* 615 So.2d 624 (Ala. Civ. App.

---

[8] Like the Federal Rules of Civil Procedure, the Alabama rule is written in discretionary not mandatory terms. "Parties may be dropped or added by order of the court ... on such terms as are just." Rule 21, A.R.Civ.P

[9] Presumably Judge Bowdre, Judge Coogler, Judge Albritton and Judge Dement were also "unaware of [this] line of Alabama cases." Moreover, the characterization of the cited authority as "holdings" that a particular procedure is "proper" is an exuberant reading. A holding is "a court's determination of a matter pivotal to the decision, a principle drawn from such a decision." (*Black's Law Dictionary*, West, 7th Ed. 1999). Obiter Dictum, on the other hand, is "a judicial comment made during the course of delivering a judicial opinion, but one unnecessary to the decision in the case and therefore not precedential (though it may be considered persuasive). *Id.* The latter definition applies to each case cited.

11

1993)and *Lowman v. Piedmont Exec. Shirt Mfg. Co.*, 547 So.2d 90 (Ala. 1989). (emphasis in original).

(Doc. #7, pp.5-6).

The entirety of the "line of cases" therefore consists of *Raines, Watson* and *Lowman*.[10] In *Raines* the Alabama Court of Civil Appeals resolved its own jurisdiction to consider both co-employee tort claims and the denial of worker's compensation benefits. Defendant *Browning-Ferris* had challenged the court's jurisdiction to address the tort claims because the amount in controversy exceeded the jurisdictional threshold of the Court of Civil Appeals. It was in that context that the Alabama Court of Civil Appeals observed, rather than held, that the usual procedure where a claimant has filed a complaint seeking both workmen's compensation benefits and tort relief is for the two claims to be severed. Citing *Lowman* and *Watson*. Significantly, however, the Court of Civil Appeals then concluded that despite the amount in controversy limitation it had jurisdiction to consider all issues presented in the appeal including both tort and worker's compensation claims. In addition the Court of Civil Appeals noted that the entire matter could be transferred to the Alabama Supreme Court including the worker's compensation claim. *Raines* says nothing to suggest a requirement, rule or order which mandates severing worker's compensation claims from tort claims. Indeed the appellate court reserved to itself the right to resolve the appeal of cases which presented both types of claims. In *Wallace v. Tee Jay's Manufacturing Company, Inc.*, 689 So.2d at 211 the Alabama Court of Civil Appeals observed that because no motion to sever had been filed by the parties a trial court considering both worker's compensation claims and tort claims was

---

[10]    The *dicta* relied upon by the removing defendants was also repeated in an additional Alabama case, *Wallace v. Tee Jay's Manufacturing Company, Inc.*, 689 So.2d 210-211 (Ala. Civ. App. 1997), citing *Raines* ("Finally, the record contains no motion to sever the compensation claim from the tort claim, as is the usual procedure when a complaint seeks both worker's compensation benefits and tort relief.")

12

required to rule on all issues when deciding summary judgment. *Wallace*, like *Raines*, said nothing to suggest that an Alabama trial judge is required as a matter of law to sever worker's compensation claims from tort claims. The court accepts as a given that no "severance" had occurred. This implied that the court was not required to consider a "severance" unless presented with a motion requesting such relief. The appellate court in fact directed the trial court to rule on both.[11] In *Watson v. Presbyterian Retirement Corporation, supra,* the trial court "severed" a tort claim and a worker's compensation claim. After a jury verdict in favor of the defendant on the tort claim, the court held additional ore tenus proceeding on the worker's compensation claim. When the trial court ruled against the plaintiff on the worker's compensation claim, the plaintiff appealed alleging in part that the trial court had erroneously based its ruling concerning the worker's compensation matter upon the jury verdict in the wrongful termination tort action. The appellate court concluded that "even if the trial court considered [the jury] verdict, no injury resulted." *Raines,* 615 So.2d at 624. Judge Acker's observation that an Alabama trial court may consider the worker's compensation claim predicated upon evidence adduced during a jury proceeding on a tort claim is wholly consistent with *Watson* which clearly authorizes the trial court to hear evidence that was otherwise relevant only to the tort claim and while making an independent ruling on the underlying worker's compensation claim. The trial judge in *Watson* did "sever" the worker's compensation claim, the cited authority actually implies that the trial court could have heard the worker's compensation claim non-jury contemporaneously with the evidence adduced in the tort action. In *Lowman v. Piedmont Executive Shirt Mfg. Co.*, 547 So.2d 90 (Ala. 1989) a plaintiff sued a co-employee and her employer

---

[11]    A factor in *Wallace* was the fact that the plaintiff had not sought a jury trial on the tort claim. Nonetheless, the Alabama Court of Civil Appeals specifically concluded that in the absence of a motion to sever, the trial court was obligated to decide all claims.

for mishandling a worker's compensation claim after her benefits had been discontinued. In the same complaint she included a claim for additional worker's compensation benefits alleging that an earlier disability had become permanent. The only reference to "severance" arose when the Supreme Court observed that "the trial court severed the workmen's compensation claim from the other claims, and [the employer] and [the co-employee] moved for summary judgment as to the tort claims." *Id.* The only issue addressed in *Lowman* was the summary judgment ruling on the tort claim. Nothing in *Lowman* could remotely be construed as a "holding" that a trial judge must or should sever these claims into separate cases. The defendants' reliance upon a "line of cases" "holding" that the "proper procedure" under Rule 20 is a severance of worker's compensation claims from tort claims is unwarranted as a matter of law.

Judge Acker's hypothesis in *Priest* to the effect that Alabama trial judges consistent with Alabama law can hear and resolve worker's compensation claims contemporaneously with or within the context of a complaint also alleging discrete tort claims was ratified in by *Bryant v. Flag Star Enterprises, Inc.*, 717 So.2d 400 (Ala. Civ. App. 1998). In *Bryant* a plaintiff brought an action in which she sought worker's compensation benefits from her employer and compensation for the intentional infliction of emotional distress based upon outrageous conduct in denying temporary disability benefits. Later plaintiff amended her complaint to add her employer's worker's compensation insurance carrier as a defendant to her tort of outrage claim. Upon the motion of the employer to "bifurcate" the trial of the worker's compensation claim from the outrage claim, then Circuit Judge Pamela W. Baschab entered an order to "bifurcate" the ore tenus proceeding on the worker's compensation claim and set a later date for disposition of the outrage claim. The trial court ruled against the plaintiff on the worker's compensation claim. At a later hearing the trial court

14

granted summary judgment to the worker's compensation insurance carrier on the outrage claim but

did not rule on a motion for summary judgment filed by the employer with respect to the outrage

claim. The Alabama Court of Civil Appeals observed that Judge Baschab's bifurcation of *Bryant's*

claims was not a severance of the worker's compensation claim from the outrage claim.  The

appellate court observed that:

> The trial court did not 'sever' the outrage claim from the worker's
> compensation claim, so as to create two separate actions, but merely
> directed separate trials of the two claims ....

*Bryant*, 717 So.2d at 401. The Court of Civil Appeals did not suggest that Bryant had abridged Rule

20 by "misjoining" her claims nor the two defendants.  The appellate court expressly noted that the

trial court had not severed the claims under Rule 21.

    The defendants' assertion that the term "severance" as used in the cited authority is to be

read as always establishing a "separate cause of action" is equally suspect. The defendants note that

"as early as 1976, shortly after Alabama adopted the Alabama Rules of Civil Procedure, [the

Alabama Supreme Court] expressly recognized [the] important distinction [between] severance and

separate trials under Rule 42."  Citing, *Key v. Duke Insurance Agency*, 340 So.2d 781.   The

defendants' observation is of course correct, however, it is also true that the court in *Key* commented

that "... Comments to the Alabama Rules of Civil Procedure do not always honor the distinction

between 'separate trial' and 'severance,' ..."

    As late as 1999, six years after *Raines*, Alabama trial judges continued to use

interchangeably the terms severed and separated for trial.  *Harper Sales Company v. Brown,*

*Stagner, Richardson, Inc.*, 742 So.2d 190 (Ala. Civ. 1999). ["We note that the trial court, in its

September 9, 1998, judgment stated that it had earlier 'severed' *Harper Sales'* counterclaim from

the claims made by Brown, Stagner, Richardson...." "We conclude that the trial court's afforded 'severance' of the counterclaim was actually an order for separate trials of the issues raised by the parties." *Id.*]

In *Masterbrand Cabinets, Inc. v. Ruggs*, 891 So.2d 869 (Ala. Civ. App. 2004) the Alabama Court of Civil Appeals once again observed that a trial court's "... purported severance of the two claims [a worker's compensation claim and a retaliatory discharge claim] did not result in the creation of a new action. Rather, it resulted in the ordering of separate trials for the worker's compensation claim and the retaliatory-discharge claim...." *Id.* at fn 1.[12] In *Ex Parte SRA Foods, Inc.*, 900 So.2d 394 (Ala. 2004) the Alabama Supreme Court considered the propriety of a writ of mandamus previously issued by the Alabama Court of Civil Appeals to a Jefferson County trial judge. In the underlying action an employee had sued his employer for retaliatory discharge and for the payment of worker's compensation benefits. The trial judge held a bench trial on the worker's compensation claim but postponed entering judgment until after the retaliatory discharge case had been submitted to a jury. The Supreme Court concluded that the trial judge had the authority to defer ruling on the benefits claims until all matters had been adjudicated within the same case. *Ex Parte SRA Foods, Inc.*, and the *Masterbrand Cabinets, Inc.* both arose within the context of the Alabama worker's compensation statutes. It is also clear however that in both cases a trial judge elected to separate the trials of the claims and that that "separation" was not a severance. The tort action was submitted to a jury and the trial court heard the worker's compensation claims.

---

[12] *Masterbrand Cabinets*'s underlying resolution of the worker's compensation claim was reversed in *Masterbrand Cabinets, Inc. v. Johnson*, ___ So.2d ___, 2005 W.L. 1313844 (Ala. Civ. App. 2005). The ruling however did not implicate in any fashion the question of severance.

16

It is not at all clear that the references made by the Alabama Court of Civil Appeals in *Raines, supra,* actually established that a true "severance" had occurred for Rule 21 purposes.

The defendants' analysis of Rule 20 and its relationship to *Tapscott* is suspect for yet another reason. Alabama Rule 20 "is intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit all parties directly interested in the controversy." See *SEB v. JHB,* 605 So.2d 1230, 1232 (Ala. Civ. App. 1992). The Alabama Supreme Court has expressly concluded that "whether Rule 20 is satisfied is 'generally, ... determined on a case-by-case basis and is left to the discretion of the trial judge.'" *Rudolph v. Farrow,* 515 So.2d 704, 705 (Ala. 1987) (observing "the rules allow virtually unlimited joinder of parties, [and] the committee comments to Rule 20 make it clear that the trial judge has 'ample powers, under Rules 20(b), 21 and 42(b), to ensure the trial is conducted in the most convenient and least prejudicial manner.'" *Id.*) In the present case the defendants appear to concede that the claims arise from the same occurrence or transaction. Federal Rule of Civil Procedure 20(a) "permit[s] all reasonable related claims for relief by or against different parties to be tried in a single proceeding. *Saval v. BL Ltd.,* 710 F.2d 1027 (4th Cir. 1983); see also *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974); *Moore v. N.Y. Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926). The defendants contend that because there are different standards of proof with respect to the wrongful death and tort claims and the worker's compensation claims there are no common issues of fact or law. The second requirement of permissive joinder under Federal Rule of Civil Procedure 20(a) is merely that separate claims asserted by or against the joined parties must raise at least one question of law or fact in common to all parties. 7 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1653, at 415 (3d ed. 2001). "The

17

second prong [of Rule 20(a)] does not require all questions of law and fact raised by the dispute to be common. Rather, only 'some question of law or fact must be common to all parties.'" *Porter v. Milliken and Michaels*, 2000 W.L. 1059849 (E.D. La. 2000), citing *Alexander v. Fulton County*, 207 F.3d 1303, 1324 (11th Cir. 2000); see also *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974); *Guedry v. Marino*, 164 F.R.D. 181, 184 (E.D. La. 1995).

## CONCLUSION

The authority cited by the removing defendants here fails to support the assertion that Ms. Harris's claims are misjoined under Alabama law because the complaint has abridged an amorphous reference to a "usual procedure." Even if the term "usual procedure" were interpreted as a rule the only logical conclusion to be reached is that joinder of such claims is sometimes but not always improper. The exception makes clear that the "usual procedure" will not sustain federal jurisdiction. *Crowe v. Cameron, supra.* Moreover, even if an alleged violation of a "procedure" were construed as misjoinder under Alabama law there is absolutely no basis for concluding that the misjoinder is egregious to the point of a sham as required by *Tapscott*. It would appear that virtually all facts relevant to Ms. Harris's case are common to both tort claims and the worker's compensation claims with the only distinction being the effect of a finding with regard to those facts upon varying elemental requirements of distinct theories of recovery from parties to the same occurrence. As Ms. Harris correctly observes it is not for the plaintiff to establish what facts are in common but for the removing defendants to demonstrate by clear and convincing evidence that there is no question of law or fact common to all defendants. They have not done so.[13]

---

[13]    In similar cases judges have observed for example that plaintiff is required to approve that the decedent was acting in the line and scope of his employment. That requires proof that the decedent was where he was suppose to be when he was involved in the accident which took his life. A worker's compensation claimant is required to demonstrate that he or she was not under the influence of alcohol or a narcotic or did not refuse

Ms. Harris seeks attorney's fees and costs pursuant to the provisions of 28 U.S.C. § 1447(c) which provides in pertinent part that "an order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." § 1447(c). Ms. Harris correctly notes that the statute as amended in 1988 eliminated a requirement that a removal be in "bad faith" before attorney's fees are appropriate. *Gray v. New York Life Insurance Company*, 906 F.Supp. 628, 630 (N.D. Ala. 1995). The majority of district courts addressing the question have concluded that "whether to award attorney's fees and costs is within the sole discretion of the trial court." *Whitlock v. Jackson National Life Insurance Company*, 32 F.Supp.2d 1286, 1292 (M.D. Ala. 1998). District courts have found that "'as a matter of fairness' a plaintiff is entitled to recover attorney's fees for an improper removal even when the notice of removal was made in good faith." See *Tran v. Waste Management, Inc.*, 290 F.Supp.2d 1286, 1295 (M.D. Fla. 2003). In the present case there is no Eleventh Circuit supplemental authority extant to support the defendants' theory, no federal district court case has sustained the defendants' position (at least four have rejected it), no Alabama case has sustained the defendants' position and there is Alabama authority from which a reasonable conclusion is reached that Alabama law does not require a "severance" of worker's compensation claims from tort claims. Nonetheless, notwithstanding the paucity of support for the defendants' position as a matter of discretion the plaintiff's motion for attorney's fees and costs is DENIED.

The United States District Court for the Northern District of Alabama EXPRESSLY LACKS subject matter jurisdiction over the removed action. It is ORDERED that this action be REMANDED to the Circuit Court of Jefferson County, Alabama within fifteen (15) days of the date

---

to use safety equipment. Such fact may also be relevant to a defense of contributory negligence on the tort claim. The nature of the relief sought from each defendant is essentially irrelevant in the Rule 20 context.

19

of the entry of this order.  The parties are directed to 28 U.S.C. § 636(b), Rule 72 of the *Federal*

*Rules of Civil Procedure* and the express terms of Paragraph 5 of the General Orders of Reference

dated July 25, 1996 and May 8, 1998, as amended July 27, 2000.

Upon remand the clerk is DIRECTED to send a certified copy of this order to the clerk of

the Circuit Court of Jefferson County, Alabama.

As to the foregoing it is SO ORDERED this the 1st day of July, 2005.

PAUL W. GREENE
CHIEF MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED

03 MAY -8 AM 11:06

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SEVERE STRODE, as the Personal Representative of Curtis Leon Strode, deceased; DARLENE PELT, as the Next Friend of Brandy Pelt, Nikki Pelt, and Robin Pelt, minor children and dependents of Curtis Leon Strode, deceased, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  CIVIL ACTION NO. 02-JEO-2390-W |
| FREIGHTLINER, LLC; R.E.M. SERVICES, et al., | )<br>)<br>) |
| Defendants. | ) |

**ENTERED**

**MAY - 8 2003**

## ORDER OF REMAND

This is a diversity action defendant Freightliner, LLC (hereinafter "Freightliner") removed to this court on September 27, 2002. (Doc. 1).[1] It is presently before the court on Freightliner's motion to sever (doc. 3) and supplemental motion to sever (doc. 6) and the plaintiffs' motion to remand (doc. 7).

## BACKGROUND AND PROCEDURAL HISTORY

Curtis Leon Strode (hereinafter "Mr. Strode") was killed on January 24, 2002, when the Freightliner truck he was operating for his employer, REM Services (hereinafter "REM"), rolled over. Mr. Strode was a resident of Boligee, Greene County, Alabama, at the time of his death. He resided with Darlene Pelt and three minor children. One of the children, Brandy Pelt, age five, is the natural daughter of Mr. Strode. The other children, Robin Pelt and Nikki Pelt, ages

---

[1] References herein to "Doc. ___" are to the document numbers assigned by the Clerk of the Court and located in the lower right-hand corner.

**EXHIBIT B**

eleven and nine, respectively, are not Mr. Strode's natural children. The plaintiffs assert that all of the children and Ms. Pelt were dependents of Mr. Strode under the Alabama worker's compensation laws.

Defendant Freightliner is a Delaware corporation with its principal place of business in Portland, Oregon. (Doc. 1 at ¶ 5). REM is an Alabama corporation with its principal place of business in Greene County, Alabama. (Complaint at ¶ 4).

This action was originally filed in the Circuit Court of Greene County on August 26, 2002. It was filed by Ms. Pelt, the children, and Severe Strode, the personal representative of Mr. Strode's estate. Count One alleges that Freightliner designed and manufactured a defective vehicle that "was not crashworthy." (Complaint at ¶¶ 18-25). Count Two alleges that Freightliner negligently or wantonly designed, manufactured, tested, sold or failed to recall the truck or warn of the dangers it possessed. (Id. at ¶¶ 26-28). Count Three alleges a workman's compensation claim relying on Alabama Code § 25-5-11[2] on behalf of Ms. Pelt and the three

---

[2] Section 25-5-11(a) provides:

(a) If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter. . . . If the injured employee, or in case of death, his or her dependents, recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. If the damages recovered and collected are in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of the injury or death. To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death. . . . For purposes of this amendatory act, the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee; however, if a judgment in an action brought pursuant to this section is uncollectible in part, the employer's entitlement to subrogation for such medical and vocational benefits shall be in proportion to the ratio the amount of the judgment collected bears to the total amount of the judgment.

Ala. Code § 25-5-11(a).

dependent children against REM as Mr. Strode's employer. (*Id.* at ¶¶ 29-34).

Freightliner removed this action to this court on September 27, 2002, on diversity grounds, asserting that REM was fraudulently joined. (Doc. 1 at ¶ 6). In support of its claim, Freightliner states (1) the worker's compensation claim is a nonjury matter (doc. 1 at ¶ 7); (2) the worker's compensation claim and the tort claims may not be joined in the same action (*id.* at ¶ 8, citing *Ex parte Jackson*, 485 So. 2d 1116, 1118 (Ala. 1986)); (3) the workman's compensation claim should be severed and remanded to the state court (*id.* at ¶ 9); and, (4) Alabama Code § 25-5-11 does not set forth a claim against REM (*id.* at ¶ 10, citing *Padgett v. Neptune Water Meter Co.*, 585 So. 2d 900 (Ala. 1991)).

The plaintiffs filed their motion to remand on October 15, 2002, asserting that there is no fraudulent joinder, the parties are properly joined, and 28 U.S.C. § 1445(c) prohibits removal of actions arising under the worker's compensation laws. (Doc. 7). The plaintiffs further assert that there are disputes between them and REM concerning who are Mr. Strode's dependents for purposes of the worker's compensation laws. (Doc. 9 at 2). The plaintiffs, noting Freightliner's answer denying "each and every material allegation of the complaint," further assert that "[t]he same issues will have to be litigated as to Freightliner since [Mr. Strode's] death occurred while on the job." (*Id.* at 2-3). They also state that the claims are properly joined (*id.* at 5) and that REM has a subrogation claim as a matter of law (*id.* at 6).[3]

---

[3] It is also evident, although not a part of the record, that REM has filed a cross-claim in the Circuit Court of Greene County, Alabama, against Freightliner. (Doc. 13 at ¶ 2).

## DISCUSSION

### Remand Standard

The applicable considerations are well-settled:

> Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 & n. 7, 107 S. Ct. 2425, 2429 & n. 7, 96 L. Ed. 2d 318 (1987); *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 282, 38 S. Ct. 237, 239, 62 L. Ed. 713 (1918); *Gafford v. General Electric*, 997 F.2d 150 (6th Cir. 1993); *see also, Insigna v. LaBella*, 845 F.2d 249, 253-54 (11th Cir. 1988); *Lane v. Champion Int'l Corp.*, 844 F. Supp. 724, 731 (S.D. Ala. 1994); *see generally*, Wright & Miller, 14A Federal Practice and Procedure § 3702 ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy"); *see also, St. Paul's*, 303 U.S. at 294, 58 S. Ct. at 592. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990); *cert. denied*, 498 U.S. 1085, 111 S. Ct. 959, 112 L. Ed. 2d 1046 (1991); *see also Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983) (when defendant removes alleging nondiverse defendant was joined to defeat diversity, if there is chance plaintiff will recover against non-diverse defendant, case should be remanded).

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

### Application to the Facts

This action is premised on diversity jurisdiction; therefore, no plaintiff may share the same citizenship as any defendant. A plaintiff may prevent removal of his state action

4

simply by joining a defendant who shares the same state citizenship as the
plaintiff. The filing of a frivolous or otherwise illegitimate claim against a
non-diverse defendant solely to prevent removal is called a "fraudulent joinder."
Courts may disregard the citizenship of fraudulently joined defendants when
assessing the existence of complete diversity. *See Tedder v. F.M.C. Corp.*, 590
F.2d 115, 117 (5th Cir. 1979),[4] *see also Thomas v. Jim Walter Homes, Inc.*, 918 F.
Supp. 1498 (M.D. Ala. 1996).

*Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1273 (M.D. Ala. 2001). In determining

whether the plaintiff has fraudulently joined a party, the removing defendant

> must show either (1) that there is no possibility the plaintiff could establish a
> cause of action against the resident defendant in state court, (2) that the plaintiff
> fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined
> with a nondiverse defendant as to whom there is no joint, several or alternative
> liability and the claim has no real connection to the claim against the nondiverse
> defendant.

*Id.*, citing *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). "[A]bsent

fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint

tortfeasors and to prosecute his own suit in his own way to a final determination." *Crowe v.*

*Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), citing *Parks v. The New York Times Co.*, 308

F.2d 474, 478 (5th Cir. 1962). "If there is even a possibility that a state court would find that the

complaint states a cause of action against any one of the resident defendants, the federal court

must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.*,

709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in*

*Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989).

Freightliner asserts that the plaintiffs, Strode and Pelt, have improperly joined their

distinct claims in an improper attempt to preclude removal of the wrongful death claims. It

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as
binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

5

further asserts that the claims should be entirely separate lawsuits and are due to be severed under Alabama law. In support of this proposition, the defendant cites to *Ex parte Jackson*, 485 So. 2d. at 1117, wherein the court stated, "We will accept as correct the trial court's conclusion that the workmen's compensation claim could not be joined with the [third party] negligence claims. . . . The issues raised by a workman's compensation claim are entirely different from those raised by a negligence action." It also cites to *Hubbard v. Liberty Mutual Life Ins. Co.*, 599 So. 2d 20, 22 (Ala. 1992), for the proposition that "the Legislature [in § 25-5-11] intended to uphold the distinction between third-party tort actions . . . and worker's compensation claims" and *Raines v. Browning-Ferris Industries of Alabama, Inc.*, 638 So. 2d 1334, 1337-38 (Ala. Civ. App. 1993), for the proposition "that the usual procedure where a claimant has filed a complaint seeking both workman's compensation and tort relief is for these two claims to be severed." The plaintiff counters, citing *Priest v. Sealift Services, Int'l.*, 953 F. Supp. 363 (N.D. Ala. 1997), for the proposition that the court "understands that some Alabama trial judges under similar procedural circumstances, instead of severing a workers' compensation count from a tort count, try to a jury the tort count against [the] alleged non-employer tortfeasors while reserving to themselves the separate workers' compensation claim based on the same evidence, thus saving two trials." *Priest*, 953 F. Supp. at 364; *See also Brascom v. Morbark, Inc.*, Case No. 01-D-1082-N at 7-8 (M.D. Ala. Nov. 20, 2001) (DeMent, J.).

Although the foregoing cases are instructive, they are not dispositive of the present issue of whether this court should remand the worker's compensation claim while retaining jurisdiction over the tort claims. The pertinent inquiry is whether the parties have been misjoined. In *Brooks*, the court addressed a similar issue and stated as follows:

A party can not be misjoined if joinder is proper. Necessarily, therefore, the court's analysis of fraudulent misjoinder must begin with the text of Federal Rule of Civil Procedure 20. *Rudder v. Kmart Corp.*, 1997 WL 907916 (S.D. Ala. Oct. 15, 1997). That rule provides, in pertinent part, as follows:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. PRO. 20.[5]

In *Tapscott* [*v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)], the Eleventh Circuit explained that misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of establishing a cause of action. *Tapscott*, 77 F.3d at 1360. To meet the standard of fraudulent joinder, however, it is not sufficient to establish merely that defendants have been misjoined. *Id.* The misjoinder must be so egregious as to constitute fraudulent joinder. *Id.* ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree . . . that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder."). In *Tapscott*, one plaintiff class had claims against one defendant and another plaintiff class had claims against another defendant. The only commonality between the claims was that the defendants allegedly had violated the same state statutes. *Id.*

*Brooks*, 176 F. Supp. 2d at 1274-75.

This court finds, as did the court in *Brooks*, that

[i]t appears to this court that the Rule 20 requirements are met in this case. The Plaintiffs have sought several liability against two defendants for damages sustained as a result of the same alleged work-related incident. Although the claim against one defendant is for workers' compensation and the claims against the others are tort claims, the claims seem to at least involve common questions of fact. In addition, the Rule 20 standard does not require that there be a basis for joint liability, but allows joinder also on the basis of only "several" liability. The permissive joinder standard has been held to be satisfied in a case in which a employee joined a claim against a union for discrimination and a claim against an

---

[5] The relevant ALABAMA RULE OF CIVIL PROCEDURE is almost identical. *See* ALA. R. CIV. P. 20(a).

7

employer for wrongful discharge. *See Rumbaugh v. Winifrede R.R. Co.*, 331 F.2d 530 (4th Cir.), *cert. denied*, 379 U.S. 929, 85 S. Ct. 322, 13 L. Ed. 2d 341 (1964).

*Brooks*, 176 F. Supp. 2d at 1276. Although the defendant is correct that the workman's compensation case cannot be tried before the jury, this is a matter of "case management" and not misjoinder. *Id.* Even if the court were willing to find that there is misjoinder, it cannot conclude that there is fraudulent joinder. *See Tabscott*, 77 F.3d at 1360 (misjoinder must be so egregious as to constitute fraudulent joinder); *See also Brooks*, 176 F. Supp. 2d at 1277 (misjoinder must be egregious). As noted in *Brooks*,

> ... there appears to at least be a question under Alabama law as to whether the joinder of a workers' compensation claim and tort claim against a third party is proper permissive joinder. While the Alabama Court of Civil Appeals noted that the "usual procedure" is to sever such claims, the court has been cited to no authority, and is aware of none, which states that a state circuit court must sever such claims. In absence of such authority, the Plaintiffs' actions in joining those claims can hardly be viewed as egregious.

*Id.* at 176 F. Supp. 2d at 1277.

The court finds that Freightliner's reliance on *Williams v. Bridgestone/Firestone, Inc.*, Case. No. CV 93-A-073-N (M.D. Ala. 1993) (Albritton, J.), is misplaced. In *Williams*, the court held that the plaintiff's tort claims did not arise under Ala. Code § 25-5-11. It did not hold that tort claims under the AEMLD are misjoined when they are advanced, as in this action, in conjunction with a workman's compensation claim.

For this court to find fraudulent joinder under the present circumstances, it would have to overlook well-established law, including that the plaintiff is the master of his or her complaint; that the burden of proving fraudulent joinder rests with the defendant; and, that in viewing a claim of fraudulent joinder, the court must evaluate the allegations and submissions in a light

8

most favorable to the plaintiff. *Brooks*, 176 F. Supp. 2d at 1274.

## CONCLUSION

Premised on the foregoing, this action is due to be remanded to the Circuit Court of Greene County, Alabama, effective fifteen (15) days from the entry of this order. Accordingly, it is so **ORDERED**. Any party may seek review of this order pursuant to FEDERAL RULE OF CIVIL PROCEDURE 72(a). The remand will occur fifteen (15) days after the entry of this order unless stayed by an appropriate order. (*See* General Orders of Reference dated July 15, 1996, and May 8, 1998, as amended July 27, 2000). The remaining motions, including Freightliner's motion to sever (doc. 4), the supplement to the motion to sever (doc. 6), and the emergency motion for a protective order (doc. 16) and REM's motion for release and recovery of the vehicle involved in this accident (doc. 15) are to remain pending for resolution by the Greene County Circuit Court.

Upon remand, the Clerk of the Court is **DIRECTED** to send a certified copy of this order to the Clerk of the Circuit Court of Greene County, Alabama.

Costs are assessed as paid.

**DONE**, this the ___ day of May, 2003.

JOHN E. OTT
United States Magistrate Judge

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED

03 SEP 30 PH 1:42

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| WAYNE GRIFFIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 03-AR-2384-M |
| | ) | |
| OSBORN TRANSPORTATION, INC., | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ENTERED

SEP 3 0 2003

### ORDER OF REMAND

In accordance with the accompanying memorandum opinion, the motion of plaintiffs to remand the above entitled action to the Circuit Court of Etowah County Alabama, from which it was improvidently removed, is GRANTED, upon a finding that this court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1441(c). The motion of defendant Osborn Transportation, Inc. to sever and remand is MOOT. Accordingly, the case is hereby REMANDED. The Clerk is directed to send to the Circuit Court of Etowah County a certified copy of this order, a certified copy of the docket entries, and copies of all pleadings and orders filed in this court since removal.

The parties shall bear their own respective costs in this court.

DONE this _30th_ day of September, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

**EXHIBIT C**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

**FILED**

02 MAY 29 AM 8: 48

U.S. DISTRICT COURT
N.D. OF ALABAMA

RAYMOND ERWIN, JR.,                    ]
                                       ]
    Plaintiff,                         ]
                                       ]
vs.                                    ]     Case No. CV-02-BE-1120-W
                                       ]
TAYLOR-MADE LUMBER                     ]
COMPANY, et al.,                       ]
                                       ]
    Defendants.                        ]

**ENTERED** *bc*

MAY 29 2002

### ORDER REMANDING CASE TO STATE COURT

    The court has before it the Notice of Removal (doc. 1) and Motion to Sever (doc. 3) filed by defendant Yates-American Machine Co., Inc. ("Yates"). In the Notice of Removal, Yates contends that this court has jurisdiction founded on 28 U.S.C. § 1332 because all the properly-joined defendants are diverse and at least $75,000 is in controversy. Specifically, Yates claims that the Alabama defendants named in this action, Taylor-Made Lumber Company and Taylor-Made Transportation, Inc., have been improperly joined to defeat diversity.

    Yates argues that the plaintiff's only claim against Defendant Taylor-Made Lumber Company, which is one for worker's compensation benefits, would not be tried before a jury, and therefore, Taylor-Made Lumber Company is fraudulently joined with the tort claims against Yates, which would be tried before a jury. Yates further argues that because no cause of action is asserted in the complaint against the other non-diverse Defendant, Taylor-Made Transportation, Inc., that defendant has also been fraudulently joined.

    The court, *sua sponte*, rejects Yates's assertion of fraudulent joinder. In *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270 (M.D. Ala. 2001), the United States District Court for the

**EXHIBIT D**

Middle District of Alabama rejected the same argument asserted by Yates in the instant case, specifically that a worker's compensation claim against an employer was fraudulently joined with tort claims against other defendants to defeat diversity. *Brooks*, 176 F. Supp. 2d at 1277. The court reasoned that the defendants had not met the high standard for proving fraudulent joinder because "there appears to be at least a question under Alabama law as to whether the joinder of a worker's compensation claim and tort claim against a third party is proper permissive joinder." *Id.* After noting the lack of authority mandating severance of worker's compensation and tort claims against third parties, the court remarked that a plaintiff's motive in attempting to avoid federal jurisdiction is irrelevant "as long as legitimate claims are alleged against all defendants and the plaintiff has the intent to pursue a judgment against the defendants." *Id.* (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998)).

In *Priest v. Sealift Services Int'l, Inc.*, the United States District Court for the Northern District of Alabama held that a state court's severance, on motion by a defendant, of a worker's compensation claim from negligence claims against third party defendants did not make the severed claims removable. *See* 953 F. Supp. 363, 364 (N.D. Ala. 1997). Although not directly on point, the *Priest* court noted in dicta the common practice of Alabama state court judges in declining to sever a worker's compensation claim from separate state tort claims against non-employer defendants to prevent two separate trials. *Id.* Further, the court recounted the possible negative implications of partial removal, including duplicate recoveries for the plaintiff for worker's compensation relief in state court and tort remedies in federal court. *Id.*

The court finds that Yates has not met the high standard for proving fraudulent joinder. The court finds that the worker's compensation claim against Taylor-Made Lumber Company is

not fraudulently joined with the state tort claims against Yates and numerous fictitious defendants. Specifically, Yates cannot demonstrate that the plaintiff has no possibility of establishing a cause of action against the non-diverse defendant, Taylor-Made Lumber Company. The court notes that although Taylor-Made Transportation, Inc. may be fraudulently joined because no claim has been asserted against it, that fact is irrelevant. The existence of a cause of action against Taylor-Made Lumber Company alone defeats diversity. Accordingly, the court REMANDS this case to state court.

Further, the court finds another basis for remand. Worker's compensation cases are nonremovable. 28 U.S.C. § 1445(c). The Motion to Sever, which was filed post-removal, has no effect on the Defendant's attempt to remove this action. In evaluating jurisdiction, this court must look to the pleadings at the time of removal. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). At the time of removal, the Motion to Sever had not been filed. Because the court finds it lacks jurisdiction to hear this matter, the court declines to rule on the Motion to Sever.

DONE this _29th_ day of May, 2002.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

3

**UNITED STATES DISTRICT COURT**
Northern District of Alabama
Office of the Clerk
Room 140, 1729 5th Avenue North
Birmingham, Alabama 35203
(205) 278-1700

Perry D. Mathis
Clerk

May 29, 2002

Clerk, Bibb County Circuit Court
Courthouse Square
455 Walnut Street
Centreville, AL 35042

Our Case Number:    CV 02-BE-1120-W
Your Case Number:    CV 02-61
Raymond Erwin, Jr.  v.  Taylor-Made Lumber Co., et al.

Dear Clerk:

In accordance with the order of this court entered this date, the above-entitled civil action is remanded to your court for further litigation. Enclosed is a certified copy of the order remanding case, a certified copy of the docket entries and the original state court pleadings (if any). Please acknowledge receipt on the attached copy of this letter.

Sincerely,

PERRY D. MATHIS, CLERK

By: _H. Clark_
Deputy Clerk

MAY 29 2002
RGE/TP

Enclosures

xc:    Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED

NOV 2 0 2001

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| MARY ANN BRASCOM, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 01-D-1082-N |
| | ) | |
| MORBARK, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion To Remand ("Motion"),
filed September 17, 2001.  Defendants Morbark, Inc., ("Morbark")
and Flails, Inc. ("Flails") filed a Brief In Opposition To Remand
("Opposition") on October 9, 2001.  After careful consideration
of the arguments of the parties, the relevant law, and the record
as a whole, the court finds that Plaintiffs' Motion is due to be
granted.

## I.  REMAND STANDARD

It is well-settled that a defendant, as the party removing
an action to federal court, has the burden to establish federal
jurisdiction.  See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th
Cir. 1996).

> Federal courts are courts of limited jurisdiction.
> They possess only that power authorized by Constitution
> and statute, which is not to be expanded by judicial
> decree. It is to be presumed that a cause lies outside
> this limited jurisdiction, and the burden of
> establishing the contrary rests upon the party
> asserting jurisdiction.

EXHIBIT E

12

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377
(1994) (citations omitted).

The removal statute should be construed narrowly. See Diaz
v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Shamrock
Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)). Thus,
where there is a dispute about federal jurisdiction,
uncertainties are resolved in favor of remand. See Burns v.
Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations
omitted); Carroll v. QHG of Alabama, Inc., 9 F. Supp. 2d 1303,
1306 (M.D. Ala. 1998) ("the Eleventh Circuit Court of Appeals
favors remand of cases that have been removed where federal
jurisdiction is not absolutely clear"). "A presumption in favor
of remand is necessary because if a federal court reaches the
merits of a pending motion in a removed case where subject matter
jurisdiction may be lacking it deprives a state court of its
right under the Constitution to resolve controversies in its own
courts." See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405,
411 (11th Cir. 1999). Furthermore, any order by a federal court
lacking subject matter jurisdiction, other than an order of
dismissal or remand, is void. See Christopher v.
Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001); Shirley
v. Maxicare Texas, Inc., 921 F.2d 565, 568 (5th Cir. 1991).

2

## II.  PROCEDURAL HISTORY AND BACKGROUND

Kelvin Brascom ("Brascom"), deceased, was an employee of Eufala Pulpwood Co., Inc., in Quitman County, Georgia.[1]  Brascom lived in Clayton, Alabama.[2]  On approximately March 31, 2001, while at work, Brascom was changing the chains on a flail drive on a Chiparvestor machine, designed, manufactured, and sold by Morbark and Flails.[3]  A co-employee, unaware of Brascom's presence in the machine, started the engines, activating the machine, causing Brascom to be pinched and pulled in by the rollers, which crushed him to death.[4]

Plaintiffs filed the Complaint in the Circuit Court For Barbour County, Alabama, on July 27, 2001.  Plaintiff Mary Ann Brascom brings her claims individually as Brascom's widow and on behalf of Queneshai Johnson, Kendra Johnson, Kendall Johnson, and Jarvis Johnson, ("Johnson children") ages 3-6, alleged dependents of Brascom.[5]  Plaintiff Mattoria Brascom asserts her claims as the Administratrix of Brascom's estate.

In the Complaint, each Plaintiff brings claims against Morbark and Flails for defective design and manufacture, as well

---

[1] Compl., ¶¶ 11-12.

[2] Id., ¶ 10.

[3] Id., ¶ 12.

[4] Id., ¶¶ 13-14.

[5] Id., ¶¶ 1, 10.

3

as for negligent and wantonness in design and manufacture, resulting in the wrongful death of Brascom.[6] Plaintiffs also bring a claim against Eufala Pulpwood Company, Inc , ("Eufala Pulpwood") for workers' compensation benefits pursuant to Alabama Code § 25-5-11.[7]

Plaintiffs are citizens of Barbour County, Alabama. Morbark is a Michigan corporation, and does business in Barbour County, Alabama.[8] Flails was formerly a Michigan corporation which did business in Barbour County, Alabama,[9] but Flails merged with Morbark on January 1, 1999.[10] Defendant Eufala Pulpwood is an Alabama corporation, doing business in Barbour County, Alabama.

Morbark and Flails filed a Notice of Removal on September 12, 2001. Morbark and Flails assert as the basis for removal that Eufala Pulpwood was fraudulently joined in an attempt to defeat jurisdiction based on diversity of citizenship.[11] Plaintiffs then filed the instant Motion To Remand.

---

[6] Compl., ¶¶ 15-36.

[7] Id., ¶¶ 37-41.

[8] Id., ¶ 3, Morbark and Flails Ans., ¶ 3.

[9] Compl., ¶ 4.

[10] Morbark and Flails Ans., ¶ 4.

[11] Notice of Removal, ¶¶ 5-10.

4

### III. DISCUSSION

While diversity between plaintiffs and defendants must be complete, <u>Darden v. Ford Consumer Fin. Co., Inc.</u>, 200 F.3d 753, 755 (11th Cir. 2000), an action may be removed if joinder of the non-diverse party is proven to be fraudulent. <u>Triggs v. John Crump Toyota</u>, 154 F.3d 1284, 1287 (1998). Joinder may be deemed fraudulent if 1) there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; 2) there is outright fraud in the plaintiff's pleading of jurisdictional facts; or 3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. <u>Whitlock v. Jackson Nat'l Life Ins. Co.</u>, 32 F. Supp. 2d 1286, 1289-90 (M.D. Ala. 1998) (citing <u>Triggs</u>, 154 F.3d at 1287). The removing party bears a heavy burden of proving that joinder was fraudulent. <u>Id.</u> at 1290 (citing <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989)).

In the case at hand, no allegation has been made that Plaintiffs fraudulently pleaded jurisdictional facts. Instead, Defendants argue that the joinder of Eufala Pulpwood is fraudulent under the first and third bases of fraudulent joinder.

A. <u>Whether There Is No Possibility That The Plaintiff Can Prove A Cause Of Action Against The Non-diverse Defendant</u>

In their Opposition, Defendants assert that a live controversy does not exist between Plaintiffs and Eufala Pulpwood, the only non-diverse Defendant, because the Complaint contains no allegation that Eufala Pulpwood "has refused to pay" workers' compensation benefits to Plaintiffs.[12]  In other words, it appears that Defendants are arguing that, should Eufala Pulpwood agree that workers' compensation benefits are due and payable as Plaintiffs contend, then no colorable ground exists for Plaintiffs to bring an action that Eufala Pulpwood has refused payment.[13]  Consequently, Defendants argue that Eufala Pulpwood should be deemed fraudulently joined because there is no possibility Plaintiffs can prove a cause of action against it.

Subsequent to the filing of Defendants' Opposition, however, Eufala Pulpwood has clearly articulated in its Answer that controversies exist as to 1) whether Mary Ann Brascom qualifies as the dependent widow of Brascom; 2) whether the Johnson children qualify as dependents of Brascom; and 3) the nature and amount of benefits due to anyone determined to be dependents of Brascom.[14]  Eufala Pulpwood's Answer, in essence, extinguishes

---

[12] Opp. at 6-7.

[13] <u>Id.</u>

[14] Eufala Pulpwood Counterclaim/Crossclaim, flush language after ¶ 5; see also Eufala Pulpwood Answer, ¶ 1 (while admitting

6

Defendants' argument and demonstrates that there is a
"possibility" that a cause of action exists against Eufala
Pulpwood under the workers' compensation laws.  Triggs, 154 F.3d
at 1287 ("'[i]f there is even a possibility that a state court
would find that the complaint states a cause of action against
any one of the resident defendants, the federal court must find
that the joinder was proper and remand the case to the state
court.'") (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41
(11th Cir. 1983)).  Thus, Defendants' Motion is due to be denied.


   B. <u>Whether A Diverse Defendant Is Joined With A Non-diverse
Defendant As To Whom There Is No Joint, Several, or Alternative
Liability And Where The Claim Against The Diverse Defendant Has
No Real Connection To The Claim Against The Non-diverse Defendant</u>

    *1. Whether A Diverse Defendant Is Joined
With A Non-diverse Defendant As To Whom There
Is No Joint, Several, or Alternative Liability*

    Alternatively, Defendants argue that Plaintiffs fraudulently
joined Eufala Pulpwood because the Complaint does not give rise
to joint, several, or alternative liability.  The court
disagrees.

    Alabama Code § 25-5-11 allows an employee, or his or her
personal representative, to bring tort actions simultaneously
with workers' compensation claims.  Indeed, there is no

---

that Mary Ann Brascom is Brascom's widow, reserving the right to
deny that Mary Ann Brascom is the widow of Brascom if discovery
reveals such a fact to be true; and denying that the Johnson
children are dependents of Brascom).

requirement that the state court sever the two types of claims. See *Priest v. Sealift Servs., Int'l Inc.*, 953 F. Supp. 363, 364 (N.D. Ala. 1997) (noting that "[s]ome Alabama trial judges, . . ., instead of severing a workers' compensation count from a tort count, try to a jury the tort count against alleged non-employer tortfeasors while reserving to themselves the separate workers' compensation claim based on the same evidence, thus saving two trials."). Here, Plaintiffs argue alternative claims that Morbark and Flails are liable for the alleged wrongful death of Brascom under tort law and that Eufala Pulpwood is liable for the payment of benefits to Brascom's family under workers' compensation laws. By statute, Plaintiffs may combine these claims in a single action, Ala. Code § 25-5-11, and the court will not prohibit Plaintiffs from doing so.

## 2. *Whether The Claim Against The Diverse Defendant Has No Real Connection To The Claim Against The Non-diverse Defendant*

Finally, Defendants argue that Eufala Pulpwood has no connection to the claims asserted against Morbark and Flails because the proof is different for the tort and workers' compensation claims. The court rejects this argument.

Liability against all three Defendants arises from the same accident. Brascom died in a machine manufactured and designed by Morbark and Flails while he was within the line and scope of his duties with Eufala Pulpwood. In addition, the claims against

8

Morbark and Flails, the diverse defendants, are inextricably intertwined with the claims against Eufala Pulpwood, due to a subrogation claim by Eufala Pulpwood.[15] Thus, there is a real connection between the claims against the diverse and non-diverse Defendants.

### IV. ORDER

Based on the foregoing, the court finds that there is not complete diversity of citizenship between the parties, and that joinder of Eufala Pulpwood was not fraudulent. Accordingly, it is CONSIDERED and ORDERED that Plaintiffs' Motion To Remand be and the same is hereby GRANTED and that this action be and the same is hereby REMANDED to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C. § 1447(c). However, the court finds that, misguided as they were, Defendants' arguments for removal were not frivolous or made in bad faith. Thus, it CONSIDERED and ORDERED that Plaintiffs' request for costs and attorney's fees be and the same is hereby DENIED. The clerk is DIRECTED to take all steps necessary to effectuate said remand.

DONE this _26th_ day of November, 2001.

_____
UNITED STATES DISTRICT JUDGE

---

[15] Eufala Pulpwood Contrclaims/Crossclaims, ¶¶ 7-8.

9