IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTIS WILLIAMS and BEVERLY WILLIAMS,<br><br>    Plaintiffs,<br><br>v.<br><br>CNH AMERICA, LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  2007-CV-00538<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CNH'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Plaintiffs Artis Williams and Beverly Williams's ("Plaintiffs") Motion to Remand does not refute the propriety of Defendant CNH America, LLC's ("CNH") removal of Plaintiffs' tort claims against CNH. Nor do they argue that this Court is prohibited from severing and remanding Plaintiffs' worker's compensation claim against Defendant Bullock County Commission ("the Commission") back to state court. Accordingly, CNH hereby respectfully requests that this Court deny Plaintiffs' Motion to Remand, grant its Motion to Sever and Remand Plaintiffs' Worker's Compensation Claim and retain jurisdiction over Plaintiffs' third party tort claims against CNH, a diverse party.

In support of its Opposition to Plaintiffs' Motion to Remand, CNH says as follows:

**I.   The Tort Claims Against CNH Are Properly Removed, and The Court Should Sever and Remand Plaintiffs' Worker's Compensation Claims.**

Plaintiffs essentially ignore the majority of CNH's argument and analysis in favor of attaching several out-of-date cases that do not squarely address CNH's argument. CNH's argument for removal and severance is valid in light of the current case law of the Eleventh Circuit and the Middle District of Alabama.

A.  **CNH Recognizes That Older Cases Allow Remand In Similar Situations.**

CNH recognizes that older cases exist in both the Northern and Middle Districts of Alabama in which judges remanded cases where worker's compensation claims were joined with diverse third party tort claims. Plaintiffs attach several such examples from the Northern and Middle Districts to their Motion to Remand. Plaintiffs' examples, however, are out-of-date, and CNH respectfully requests this Court to follow its own, more recent decision. The holdings of the cases cited by Plaintiffs are problematic for several well known reasons.

First, the two claims (worker's compensation and third party tort) are entirely different. A worker's compensation claim is a purely statutory creation, whereas a tort claim exists through the common law. Liability of an employer arises merely from the fact of employment and an "on the job" injury. Conversely, liability of a third party hinges on some negligent act or omission. Worker's compensation claims are decided without regard to the fault of either party, while fault is the fundamental basis of a tort claim. In fact, that the Worker's Compensation Act even exists is proof positive that the Alabama legislature believes the interests underlying these claims are incompatibly different, and it saw fit to completely divide these two causes of action.

Second, these claims are routinely severed by the trial court well before the tort action fully develops. They are severed, of course, for the reasons noted directly above. In its Motion to Remand, Plaintiffs argue that severance is not required by any Alabama law. While this is true, this lack of a statutory mandate does not mean that Alabama circuit courts do not, in their broad discretion to manage their cases, do it every day.

Third, the damages available in each respective action diverge drastically. Employers are statutorily immune from suit, and their liability is limited to a narrow circumscribed schedule of

compensation laid out beforehand by the Legislature. Moreover, employers may not be held liable for punitive damages, no matter how reckless or wanton they may be. In contrast, third parties can be held liable for any number of compensatory damage categories as well as punitive damages. There is thus no joint or several liability based on the acts of each party. In all respects, while Plaintiffs have the right to maintain both of these claims, they are two separate causes of action and should be treated as such.

In contrast to the older cases cited by Plaintiffs, the cases of Reed v. Heil, 206 F.3d 1055 (11th Cir. 2000) and Bryant v. Wausau Underwriters Insurance Company, et al., 2007 WL 1159699 (M.D. Ala. 2007), relied upon by CNH in its Notice of Removal and Motion to Remand and Sever Plaintiffs' Worker's Compensation Claim, stand for the proposition that tort claims are inherently different from worker's compensation claims. Because these claims do not arise under the same source of law, they are essentially separate actions, and federal courts may properly retain jurisdiction upon removal over the common law tort claims and sever and remand the statutory worker's compensation claim.

    **B.**    ***Heil* and *Bryant* Represent Current and Better Law.**

In both its Notice of Removal and Motion to Sever and Remand Plaintiffs' Worker's Compensation Claim, CNH relies on the Eleventh Circuit's opinion in Reed v. Heil and this Court's opinion in Bryant v. Wausau Underwriters as support for its argument that Plaintiffs' common law tort claims against CNH were properly removed and should be severed from Plaintiffs' worker's compensation claim against the Commission with the latter being remanded to Bullock County Circuit Court pursuant to 28 U.S.C. §1445(c). Plaintiffs incorrectly claim that these decisions do not control this situation.

3

In Reed v. Heil, the plaintiff joined a retaliatory discharge claim to an ADA claim and the defendant removed. The Eleventh Circuit held that the retaliatory discharge claim arose under Alabama's worker's compensation laws and, as such, was not removable based on 28 U.S.C. §1445(c). In so holding, the Eleventh Circuit noted that the retaliatory discharge is a statutorily created cause of action that was designed to further the purposes of the overall statutory scheme. The ADA claim was properly removed, however, because it is essentially a separate cause of action that did not arise under Alabama's worker's compensation laws and is not otherwise interwoven into Alabama's laws. Heil at 1059-60.

Based on the Eleventh Circuit's decision, this Court explained in Bryant v. Wausau Underwriters Co. that tort claims do not arise under Alabama's worker's compensation scheme. For this reason, tort claims may be properly removed, and the court may sever and remand joined worker's compensation claims while retaining jurisdiction over the removed tort claims. Bryant at *2.

Heil and Bryant are better statements of the law. They recognize the inherent incompatibilities between tort and worker's compensation claims and the concept that two separate causes of action can and should proceed separately. Cf. Butler v. Polk et al., 595 So.2d 1293, 1296 (5th Cir. 1979)(garnishment proceeding was properly removable under §1441(a) because, inter alia, the pleadings contemplated different liability for different acts and there was no shared or parallel liability so actions were essentially separate under state law).

In fact, the Northern District of Alabama has also ordered the severance and remand of worker's compensation claims from removed tort claims. See Long v. Raymond Corp., CV-04-BE-1111-S (N.D. Ala. Nov. 23, 2004) (order granting motion to sever and remand worker's compensation claims) attached hereto as Exhibit A. Furthermore, they represent an intuitive

4

recognition by the federal courts of Alabama that joining such distinct and separate claims denies a diverse defendant his right to a federal forum.

Heil and Bryant apply directly to the case at hand. CNH is a diverse defendant against whom separate tort claims are asserted and joined to worker's compensation claims. CNH removed the case under 28 U.S.C. §§1332 and 1441 and contemporaneously filed a Motion to Sever and Remand Plaintiffs' Workers' Compensation Claim pursuant to 28 U.S.C. §1445(c). According to Heil and Bryant, the tort claims against CNH, the diverse defendant, are subject to the jurisdiction of this Court.

### C. Plaintiffs Ignore The Impact Of *Heil* and *Bryant*.

Despite the neat fit, Plaintiffs do not appreciate the suitability of Bryant to the situation at bar if the short shrift given the Bryant decision in their Motion to Remand is any indication. Plaintiffs make the argument that CNH may not rely on Bryant for the proposition that it clearly asserts because the "arising under" language apparently has no effect on the appropriateness of the removal of a tort claim. A closer look at Plaintiffs argument, however, reveals that Plaintiffs would prefer to inundate the court with less up-to-date decisions than discuss the Court's recent Bryant decision and its consequences.

After characterizing CNH's reliance on Bryant, and its predecessor, Reed v. Heil, 206 F.3d 1055 (11th Cir. 2000) as "woefully misplaced," Plaintiffs fail to discuss the ultimate holdings of these cases - which resulted in the identical relief sought by CNH here - that the 11th Circuit and the Middle District of Alabama found that the tort claims were properly removed to the federal court because they did not arise under Alabama's worker's compensation scheme. These courts further held that it was correct to sever the worker's compensation claims from the tort claims so that they could be remanded back to state court pursuant to 28 U.S.C. §1445(c).

In examining Plaintiffs' argument, it becomes clear that Plaintiffs mistakenly focus on the underlying reasoning of these cases rather than the conclusions that comprise their holdings. To be sure, those two decisions made a determination that the tort claims asserted against the non-employer defendant did not arise under Alabama's worker's compensation schemes. See Heil at 1057; Bryant at *2. Plaintiffs bring this aspect of the Courts' consideration directly to the Court's attention in their Motion to Remand.

However, this "arising under" determination was <u>prelude to and the basis for</u> the decision of both the 11th Circuit and the Middle District to retain jurisdiction over the separate tort claims and sever the worker's compensation claims from the tort claims so that they might be remanded. Neither the Heil nor the Bryant court was asked to decide only the "arising under" question, and they both ultimately decided in favor of remanding the worker's compensation claim and retaining the third party claim, just as CNH here requests.

As evidence of their further neglect of the holdings of Heil and Bryant, Plaintiffs offer to the Court the Northern District of Alabama's unpublished decision in Strode v. Freightliner, LLC, CV-02-JEO-2390-W, Slip Op. (N.D. Ala. May 8, 2003) attached as Exhibit B to their Brief, for the proposition that Bryant cannot be relied upon in this situation. In Strode, the Northern District discussed another unpublished decision, Williams v. Bridgestone/Firestone, Inc., CV-93-A-073-N (M.D. Ala. 1993) which held, according to the Northern District, that "the plaintiff's tort claims did not arise under Ala. Code §25-5-11. It did not hold that tort claims under the AEMLD are misjoined when they are advanced, as in this action, in conjunction with a worker's compensation claim." Id.

While this may very well be a fair reading of the fourteen year old Williams decision, it does not preclude CNH's reliance on Bryant because in that case the Court held that, since tort

6

claims do not arise under Alabama's worker's compensation scheme, it is proper to remove the case, sever any joined worker's compensation claims and remand them back to state court while keeping the tort claims in federal court. Citation to the <u>Strode</u> and <u>Williams</u> decisions is simply inapposite in light of the more recent <u>Bryant</u> decision.

## II.     There Is No Justiciable Controversy Between Plaintiffs and the Commission.

Plaintiffs devote a large section of their brief to the Middle District's decision in <u>Brooks v. Paulk & Cope, Inc., et al.</u>, 176 F.Supp.2d 1270 (M.D. Ala. 2001). However, because there is no case or controversy at present between Plaintiffs and the Commission, there can be no several liability between CNH and the Commission as required under the plain language of the <u>Brooks</u> decision.

First, Plaintiffs' have not alleged a justiciable controversy between them and the Commission as required by Ala. Code §§25-5-81 and 25-5-88 and the applicable precedent. By its terms, §25-5-81, the statute authorizing worker's compensation disputes to be settled by Alabama's circuit courts, requires an actual dispute between the parties before the circuit court may entertain a worker's compensation claim.[1]  §25-5-88, the sister statute to §25-5-81, explains the procedure for filing a complaint in the circuit court which is allowed only after a controversy has arisen.[2]  See also <u>2 Alabama Worker's Compensation</u>, Terry A. Moore, §24:11 ("Because

---

[1] Section 25-5-81 states, in pertinent part, "[i]n case of a **dispute** between employer and employee or between the dependents of a deceased employee and the employer with respect to the right to compensation under this article and Article 2 of this chapter, or the amount thereof, either party may submit the **controversy** to the circuit court of the county which would have jurisdiction of a civil action in tort between the parties." Ala. Code §25-5-81 (emphasis added).

[2] Section 25-5-88 states "[e]ither party to a **controversy** arising under this article and Article 2 of this chapter may file a verified complaint in the circuit court of the county which would have jurisdiction of an action between the same parties arising out of tort, which shall set forth the names and residences of the parties and the circumstances relating to the employment at the time of the injury, **with a full description of the injury, its nature and extent, the amount of the average earnings received by the employee which would affect his compensation under this article and Article 2 of this chapter, the knowledge of the employer of the injury or the notice to him thereof.** Ala. Code §25-5-88 (emphasis added);

worker's compensation cases are intended to be adjusted privately if at all possible, a verified complaint should be filed only when a controversy has arisen between the parties").

The Alabama courts also require a dispute between employer and employee before circuit courts may entertain worker's compensation claims. In Morrow Drilling Co. v. Adkins, 597 So.2d 1365, 1366 (Ala. Civ. App. 1992), the Court of Civil Appeals found a justiciable controversy of a sufficiency that would invoke the jurisdiction of the circuit court where the record showed that defendant employer had specifically denied plaintiff's allegation of total disability. The record further reflected that the plaintiff had been threatened with suit by a hospital over medical bills that defendant employer had refused to pay. Id. Based on the findings, the Court of Civil Appeals found "there to have been a justiciable controversy between the parties and that such controversy could be submitted to the circuit court." Id.

There is nothing in the record of this sort of dispute in this case because Plaintiffs have out-and-out failed to allege any. An in-depth review of the facts or the allegations of Plaintiffs' Complaint does not reveal any mention of any dispute or controversy between Plaintiffs and the Commission. Moreover, the Court must consider the pleadings as they existed at the time of removal. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

Plaintiffs do not allege any dispute between them and the Commission in the Statement of Facts or in Count Four, the only count implicating the Commission, which Plaintiffs call "Worker's Compensation." No allegation of any dispute as to worker's compensation benefits between the Plaintiffs and the Commission can be found in these paragraphs. See generally Compl.

As noted above, Plaintiffs do not have a live controversy with the Commission; thus they have nothing to which they may join CNH. Without a right to relief from the Commission, CNH

may remove this case because the Commission has no place in this lawsuit and cannot share in any kind of liability.

### III. Plaintiffs Have Not Pled Facts or Allegations Sufficient To Demonstrate A Right to Relief Against the Commission.

This obvious presumption that a right to relief exists is the foundation upon which Judge Albritton's discussion in Brooks v. Paulk & Cope, Inc., et al., 176 F.Supp.2d 1270 (M.D. Ala. 2001), on which Plaintiffs rely heavily, is built. Judge Albritton notes, at the outset after describing the plaintiff's injuries, that "[a] controversy has arisen between Charlie Brooks and his employer as to the amount of Alabama Workers' Compensation Act benefits to which he is entitled." Id. at 1273. Because of this sentence, Plaintiffs in this case cannot rely on Brooks to shore up their position, because they have not alleged a justiciable controversy between them and the Commission, and thus cannot join the Commission and CNH in the same action.

As noted in its Notice of Removal and based on communications with the Commission's attorneys, CNH understands that the Commission has been providing Plaintiffs with all the benefits to which Plaintiffs are entitled and has willingly paid every bill, medical or otherwise, that had been presented to it on Plaintiffs' behalf in this matter.

Because there is simply no dispute between the Commission and Plaintiffs that would authorize a complaint to be filed pursuant to §§ 25-5-81 and 88, the Plaintiffs do not have a live controversy with the Commission. Thus, this Court is due to maintain jurisdiction over the tort claims and sever the non-removable worker's compensation claims based on Plaintiffs' failure to assert a right to relief, severally or otherwise.

### IV. Plaintiffs' Worker's Compensation Claim Is Not Inextricably Intertwined With Their Tort Claims.

Plaintiffs also make the incorrect argument that, because employers or their worker's

9

compensation insurance carriers may intervene in worker's compensation suits, these claims cannot removed and severed because they are "inextricably intertwined". This is a red herring argument with two distinct problems.

First, Plaintiffs' position is plainly incorrect - there is no federal court prohibition on entertaining worker's compensation issues. There is, as has been noted repeatedly by both parties, a statutory prohibition on the <u>removal</u> of worker's compensation claims, but there is none precluding a federal court from hearing a worker's compensation issue provided the court otherwise has jurisdiction, for example where there is complete diversity between the parties.[3] Should the Commission or its carrier have a colorable claim for subrogation against CNH, they are free to bring it in any court that otherwise has jurisdiction.

Second, this issue is not ripe. Any right to subrogation does not mature until another party is held liable for the injuries to Mr. Williams. <u>Bunkley v. Bunkley Air Conditioning, Inc.</u>, 688 So.2d 827, 832 (Ala. Civ. App. 1996)(quoting §25-5-11(a) for proposition that where no damages are paid to employee, no right of subrogation exists). They may intervene at some point or they may not as a matter of strategy. Moreover, Plaintiffs argument that these claims are inextricably intertwined in the presence of subrogation issues <u>assumes</u> there are subrogation issues present in the case. There are no such claims in this case.

## V. <u>Conclusion</u>

Based on the foregoing, CNH respectfully requests that the Court deny Plaintiffs' Motion to Remand and grant CNH's Motion to Sever and Remand the Worker's Compensation Claims, thus retaining jurisdiction over Plaintiffs' third party tort claims against CNH.

---

[3] <u>See</u> Hood, Hardy and Saad, ALA. WORKERS' COMP. (4th ed.), §11-7 ("It should be noted that the U.S. district courts have jurisdiction in a proper diversity case under the Act"); <u>see also</u> Erwin Chemerinsky, FEDERAL JURISDICTION §5.3 (4th ed. 2003)(diversity jurisdiction does not exist for only two types of cases: domestic relations and probate matters).

/s/ J. Chandler Bailey
One of the Attorneys for Defendant
CNH America, LLC


OF COUNSEL:
Jere F. White, Jr. (WHI007)
J. Chandler Bailey (BAI043)
E. Hyde Carby (CAR175)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of July, 2007, I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Jere L. Beasley, Esq.
J. Gregg Allen, Esq.
Beasley, Allen, Crow, Methvin,
 Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36104

L. Shane Seaborn, Esq.
Myron C. Penn, Esq.
Penn & Seaborn, LLC
P. O. Box 688
Clayton, AL 36016

Michael M. Eley, Esq.
Webb & Eley, P.C.
PO Box 240909
Montgomery, AL 36124

/s/ J. Chandler Bailey
Of Counsel

FILED
2004 Nov-24 PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY GUY LONG, | ] |
| Plaintiff, | ] |
| v. | ] CV-04-BE-1111-S |
| THE RAYMOND CORPORATION, et al., | ] |
| Defendants. | ] |

**ORDER ON PENDING MOTIONS**

Currently before the court are several pending motions. After careful review of each of the pending motions, the court concludes as follows:

(1) The motions to sever and remand counts one and two of the complaint filed by defendants AmerisourceBergen Drug Corporation (docs. # 4 & # 16) and Raymond Corporation (doc. # 1) are GRANTED. Counts One and Two of the plaintiff's complaint are based on Alabama's Worker's Compensation laws. Under 28 U.S.C. § 1445(c), state law worker's compensation claims are not removable to federal district court. Therefore, the court GRANTS the motions to sever and REMANDS the plaintiff's worker's compensation claims to the Circuit Court of Jefferson County, Bessemer Division.

(2) Defendant AmerisourceBergen Drug Corporation's (docs. # 3 ) motion to dismiss count four of the compliant, which alleges that Amerisource was wanton or negligent in its removal of the alleged safety device, is GRANTED. Under Alabama law, the exclusivity

1

EXHIBIT
A

provision contained in §25-5-53 of the Alabama Code bars all state claims against the employer, regardless of whether those actions allege willful and intentional conduct. *See Stough v. B & B Pallet Repair, Inc.*, 778 So. 2d 193, 196 (Ala. Civ. App. 2000). Furthermore, all lawsuits brought against employers based on injuries sustained during the course of employment are presumed to be governed under the Worker's Compensation Act. *See Veterans of Foreign Wars Post 7320 v. Sheffield*, 398 So. 2d 262 (Ala. 1981).

(3) The motion to dismiss filed by individual defendant Richard Roper (doc. # 5) is GRANTED. Roper's motion to dismiss, filed on June 1, 2004, is based on his assertion that he had no involvement in the actions alleged in the complaint. Based on the plaintiff's failure to respond to the motion to dismiss and his concession in the motion to remand that he currently has no evidence to refute the defendants' contention that Roper had no involvement in this lawsuit, the court concludes that the motion to dismiss should be GRANTED.[1]

DONE and ORDERED this the 23rd day of November, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[1] Based on the plaintiff's failure to offer evidence that Roper had any personal involvement in the incidents alleged in the complaint, the court need not consider the affidavit of Richard Roper that would convert the motion to dismiss into a motion for summary judgment.