IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTIS WILLIAMS and BEVERLY WILLIAMS, Individually and as a dependent and next friend of Artis Williams,<br><br>    Plaintiffs,<br><br>vs.<br><br>CNH AMERICA, LLC; BULLOCK COUNTY COMMISSION, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 2007-CV-538<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

Defendant CNH was only able to remove this case to Federal Court because it alleged that the Bullock County Commission "was improperly or fraudulently joined," thus its citizenship should be disregarded for purposes of removal. (Notice of Removal ¶7.)  Yet, in its Opposition to Plaintiffs' Motion to Remand, nowhere does CNH mention its allegation of fraudulent joinder.  Nowhere in its Opposition does CNH analyze the fraudulent joinder standard and nowhere in its Opposition does CNH cite any case applying the fraudulent joinder standard.  Instead, it is CNH's hope that this Court will skip over the required fraudulent joinder analysis and, first, decide whether to grant CNH's Motion to Sever.  Unfortunately for CNH, the law does not allow the Court to do so.

This Court must first determine if the Bullock County Commission was fraudulently joined because, if not, this Court cannot accept jurisdiction and the case must be remanded.  See Brooks v. Paulk & Cope, Inc., 176 F.Supp.2d 1270, 1274 (M.D. Ala. 2001).  CNH bears the burden of showing that jurisdiction exists.  This burden is a heavy one.  It is especially high when the Defendant alleges fraudulent joinder as the basis for subject matter jurisdiction.  See Frontier Airlines,

1

United Airlines, Inc., 758 F.Supp. 1399, 1404 (D.Colo. 1989) (quoting Chesapeake & Ohio R.R. Co. v. Cockrell, 232 U.S. 146, 152 (1914)). "If there is even a possibility that a state court would find that the complaint states a cause of action against . . . the resident defendant, the federal court must find that the joinder is proper and remand the case to the state court." Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).

 Here, CNH has not and cannot meet its heavy burden of proving fraudulent joinder. CNH has cited no case law or facts that would support its allegation that the Plaintiffs fraudulently joined Bullock County to defeat diversity jurisdiction. As the Honorable Chief Magistrate Judge Paul W. Greene stated in a recent decision addressing the same issues found in this case, "there is no Eleventh Circuit supplemental authority extant to support the defendants' theory, no federal district court case has sustained the defendants' position (at least four have rejected it), no Alabama case has sustained the defendants' position and there is Alabama authority from which a reasonable conclusion is reached that Alabama law does not require a 'severance' of worker's compensation claims from tort claims . . . ." Harris v. Mosby's Packing Co., et al., 05-PWG-595-S, slip op. at 19 (N.D. Ala. July 1, 2005) (attached as Ex. A to Plaintiffs' Motion to Remand) (emphasis added). To Plaintiffs' knowledge, every Federal District Court in Alabama that has been faced with this fraudulent joinder issue has rejected CNH's argument, has expressly found that its Court lacked subject matter jurisdiction and has thus promptly remanded the case. Consequently, this Court should remand this case as well to state court.

## I. <u>REED</u> AND <u>BRYANT</u> ARE NOT APPLICABLE BECAUSE NO FRAUDULENT JOINDER ALLEGATIONS WERE AT ISSUE.

CNH's continued reliance upon <u>Reed</u> and <u>Bryant</u> is simply misplaced. In both cases, diversity of the parties already existed. Thus, diversity jurisdiction was not at issue in <u>Reed</u> and <u>Bryant</u>.[1] The sole question faced by those Courts was whether the tort claims "arose out" of Alabama Worker's Compensation laws because, if they did, the Court had to remand those claims pursuant to 28 U.S.C. §1445(c).

In <u>Reed</u>, an injured employee sued his employer, the Heil Company, after he was terminated from his employment. The plaintiff alleged that, by firing him, the defendant breached their contract and was retaliating against him for seeking worker's compensation benefits. The plaintiff further alleged that he was fired in violation of the Americans with Disabilities Act (ADA). Heil removed the case to Federal Court because the Federal Court had subject matter jurisdiction over the ADA claim and because diversity of citizenship existed. <u>Reed</u>, 206 F.3d at 1058. In <u>Reed</u>, the Court clearly had original jurisdiction over the ADA claims and the sole issue was whether the retaliatory discharge claim had to be remanded because it arose under the state worker's compensation laws. <u>Id.</u> at 1058. If the retaliatory discharge claim arose under the Alabama's Worker's Compensation laws, then the retaliatory discharge claim had to be remanded pursuant to 28 USC § 1445(c). The Eleventh Circuit ultimately concluded that the retaliatory discharge claim did arise under Alabama's worker's compensation laws and the retaliatory discharge claim was remanded to state court. <u>Id.</u> at 1060-61.

---

[1] "Plaintiff does not dispute that Count Two was properly removed based on diversity jurisdiction." <u>Bryant v. Wausau Underwriter's Ins. Co.</u>, 2007 WL 1159699 at 2 (M.D. Ala., April 18, 2007).

"Heil removed the case to Federal Court on the basis of subject matter jurisdiction over the ADA claim and possibly diversity of citizenship as well." <u>Reed v. The Heil Co.</u>, 206 F.3d 1055, 1058 (11th Cir. 2000).

In Reed, there was no dispute over whether the Plaintiff had fraudulently joined a non-diverse defendant. There was no issue over where tort claims had been misjoined with worker's compensation claims. Thus, there was no dispute over whether the Plaintiff had fraudulently joined a non-diverse defendant as is the issue in the instant case.

Next, CNH relies upon this Court's decision in Bryant, supra. In Bryant, the plaintiffs sued two defendants in state court asserting claims for workers compensation benefits and outrage. This Court remanded the claim for workers compensation benefit pursuant 28 U.S.C. § 1445 (c), but retained jurisdiction over the outrage claim. However, just as in Reed, there was no issue of whether a non-diverse party had been fraudulently joined. It was undisputed that removal was proper based on diversity jurisdiction. (See Fn. #1). The issue was whether the outrage claim arose under the Alabama's Workmen's Compensation laws. If so, the claim had to be remanded. If not, the Court had proper jurisdiction based on diversity. The court ultimately determined that the outrage claim did not arise under the worker's compensation claim and thus denied the plaintiff's motion to remand the outrage claims. In Bryant, this Court was not faced with the issue of whether a non-diverse defendant sued for worker's compensation benefits was fraudulently joined with a diverse defendant sued for tort claims – all claims of which arose out of the same accident.

Here, it is completely irrelevant whether or not plaintiffs' claim against CNH "arose" out of Alabama's Workers Compensation laws. The issue is whether or not the Bullock County Commission was fraudulently joined in this action. A tort action does not have to "arise out of" the worker's compensation laws to be properly joined in a lawsuit with a claim for worker's compensation benefits. CNH has not and cannot point this Court to one case that stands for that proposition. To a certain extent, CNH conceded this point in its brief when it admitted that it

4

was "true" that Alabama law does not <u>mandate</u> a severance of a tort claim from a worker's compensation claim. (CNH's Opposition to Plaintiffs' Motion to Remand at 2.) In other words, because there is no law that mandates a severance of the claims, it is proper to join tort claims with worker's compensation claims in a single suit.

All of the Federal District Courts in Alabama (to Plaintiff's knowledge) that have been confronted squarely with the issue before this Court, have determined that all claims, both tort and worker's compensation claims, must be remanded to the state court. See <u>Brooks</u>, <u>supra</u>; <u>Priest v Sealift Services International, Inc.</u>, 953 F. Supp. 363 (N.D. Ala. 1997); <u>Harris v. Mosby's Packing Co.</u>, 05-PWG-595-S, Slip Op. (N.D. Ala. July 1, 2005); <u>Strode v Freightliner</u>, CV-02-JEO-2390-W, Slip Op. at (N.D. Ala. May 8, 2003); <u>Griffin v. Osborn Transportation, Inc.</u>, 03-AR-2384-M, Slip Op. (N.D. Ala., Sept. 30, 2003); <u>Erwin v. Taylor-Made Lumber Co.</u>, CV-02-BE-1120-W, Slip Op. (N.D. Ala., May 29, 2002); <u>Mary Ann Brascom v. Morbark, Inc.</u>, 01-D-1082-N, Slip Op., ( M.D. Ala. Nov. 20, 2001); and <u>Plyler v. Continental Conveyor & Equipment Co., et al.</u>, CV-04-CO-2641-J, (See fn. 6 to <u>Harris</u>, Slip Op.).[2],[3]

> As succinctly stated by the Honorable Judge Albritton:
>
> It appears to this court that the <u>Rule 20</u> requirements are met in this case. The Plaintiffs have sought several liability against two defendants for damages sustained as a result of the same alleged work-related incident. Although the claim against one defendant is for worker's compensation and the claims against the others are tort claims, the claims seem to at least involve common questions of fact. In addition, the <u>Rule 20</u> standard does not require that there be a basis

---

[2] All of the Slip Opinions contained in this string site were attached as Exhibits A-E to Plaintiffs' Motion to Remand.

[3] The defendant makes no attempt to distinguish the cases cited by the plaintiffs because it cannot. These cases are directly on point. Instead, CNH attempts to brush them aside by claiming they are "out of date". (CNH's Opposition at page 2.) Interestingly, all of the cases cited by the plaintiffs were decided after <u>Reed v Heil Co.</u>, supra, one of the primary cases relied upon by the defendant. (<u>Harris</u> decided July 1, 2005; <u>Griffin</u> decided Sept. 30, 2003; <u>Strode</u> decided May 8, 2003; <u>Erwin</u> decided May 29, 2002; <u>Brascom</u> decided Nov. 20, 2001; <u>Brooks</u> decided Nov. 12, 2001).

> for joint liability, but allows joinder also on the basis of only "several" liability.
>
> * * *
>
> Even if, the defendants in this case have been misjoined, the court cannot conclude that this misjoinder is sufficient to find that there has been fraudulent joinder in this particular case. As earlier discussed, misjoinder must be egregious in order for there to be fraudulent joinder. Egregious misjoinder was recognized in *Tapscott*, which was a case which two groups of Plaintiff's asserted claims against different defendants that bore no factual commonality. This case does not meet that standard, as Charlie Brooks has asserted claims against both Paulk & Cope and SPX and Carquest.
>
> Furthermore, and perhaps of more significance, there appears to at least be a question under Alabama law as to whether the joinder of a workers' compensation claim and tort claim against a third party is proper permissive joinder. While the Alabama Court of Civil Appeals noted that the "usual procedure" is to sever such claims, the court has been cited to no authority, and is aware of none, which states that a state circuit court must sever such claims. In absence of such authority, the Plaintiffs' actions in joining those claims can hardly be viewed as egregious.

Brooks, 176 F Supp. 2d at 1276-1277 (emphasis in the original).

## II. THERE IS A CLEAR JUSTICABLE CONTROVERSY BETWEEN THE PLAINTIFFS AND THE NON-DIVERSE DEFENDANT, BULLOCK COUNTY COMMISSION.

Defendant CNH makes the confusing, and rather odd, argument that no justicable controversy exists between the Plaintiffs and the Bullock County Commission. CNH claims that "[n]o allegation of any dispute as to worker's compensation benefits between the Plaintiffs and the Commission can be found" in the Complaint. (CNH's Opposition to Plaintiffs' Motion to Remand at 8.) The fact that the plaintiffs filed a lawsuit is evidence of a controversy.[4] In addition, Bullock County filed an Answer to the Complaint wherein it specifically denied that Artis

---

[4] Further, under the fraudulent joinder standard, if there is even a "possibility" that the complaint states a cause of action against the resident defendant, the Federal Court must remand. Triggs v. John Crump Toyota, supra. Under Rule 8 of the Alabama Rules of Civil Procedure, a complaint should be liberally construed in favor of the pleader and a complaint is sufficient if it puts the defendant on notice of the claims against them. See A.R.C.P. Rule 8 – "Committee Comments on 1973 Adoption." Certainly, given these rules, Plaintiffs' Complaint states a justiciable controversy and cause of action against Bullock County.

6

Williams was entitled to worker's compensation benefits. (Ex. 1 -- ¶ 32 of Bullock County's Answer.) Bullock County filed its Answer on June 14, 2007, prior to CNH's removal of this matter to Federal Court. Thus, at the time of removal, there existed a justicable controversy between the parties.

Finally, to clear up any doubts CNH may have as to the existence of a controversy between Plaintiffs and the County, Mike Eley, the attorney representing Bullock County in this matter, has provided an affidavit stating that (1) Mr. Williams has not been paid worker's compensation benefits, other than medical expenses; (2) there are possible defenses to Mr. Williams worker's compensation claim, including but not limited to, misconduct and the lack of seat belt use at the time of the accident; (3) there is a controversy as to whether or not Mr. Williams is capable of returning to work; and (4) there is a controversy on whether Mr. Williams suffers temporary partial disability, permanent partial disability or permanent total disability. (Ex. 2 -- Affidavit of Mike Eley.) In fact, it was because of these areas of controversy that Bullock County filed its answer denying Mr. Williams' claim for worker's compensation benefits. (Ex. 2) Therefore, the record is clear that there are justiciable controversies between Bullock County and the Plaintiffs and, as such, CNH's argument must fail.

CNH also asserts that the worker's compensation claim is not inextricably intertwined with the tort claims because there are no subrogation issues present in this case. CNH's analysis is wrong in two respects. First, there are subrogation issues in this case. Again, the County has raised subrogation as an affirmative defense in its answer. (Bullock County's Answer at ¶ 31; and affirmative defense number 2 on page 3.) Second, case law does not support CNH's argument. The Alabama Supreme Court has ruled that the employer is allowed to intervene in the third-party suit to protect its statutory subrogation right. <u>Millers Mutual Insurance Association v. Young,</u> 601 So. 2d 962, 963 (Ala. 1992). Further, a Court in the

7

Middle District of Alabama has specifically rejected CNH's assertion and held that the tort claims against the diverse defendants "are inextricably intertwined with the claims against" worker's compensation defendant due to the subrogation claim by the worker's compensation defendant. See, Brascom, supra. at page 8-9 (attached as Ex. E to Plaintiffs' Motion to Remand.)  "Thus, there is a real connection between the claims against the diverse and non-diverse defendants." Id at 9.

## CONCLUSION

CNH has failed to meet its heavy burden of proving that the Plaintiffs fraudulently joined Bullock County in this case.  There is simply no case law in this circuit that supports the Defendant's argument.  As such, the Plaintiffs' Motion to Remand is due to be GRANTED and this case is due to be REMANDED back to the Circuit Court of Bullock County, Alabama.


/s/ Jere L. Beasley_____

JERE L. BEASLEY (BEA020)
J. GREG ALLEN (ALL021)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36104
(334) 269-2343

PENN & SEABORN, LLC
P. O. Box 688
Clayton, AL  36016
(334) 738-4486

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed and served through Alafile the above and foregoing document upon all interested parties on this the 31st day July, 2007, as follows:

/s/ Jere L. Beasley_____
OF COUNSEL


**Attys. for Defendant CNH America LLC**
Jere F. White, Jr.
J. Chandler Bailey
Hyde Carby
Lightfoot, Franklin & White LLC
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200

**Atty. for Defendant**
**Bullock County Commission**
Michael M. Eley
Webb & Eley, P.C.
P.O. Box 240909
Montgomery, AL  36124

ELECTRONICALLY FILED
6/14/2007 2:30 PM
CV-2007-900016.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| ARTIS WILLIAMS and BEVERLY WILLIAMS, | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) Case No.: CV-07-900016 ) |
| CNH AMERICA LLC; BULLOCK COUNTY COMMISSION, et al., | ) ) ) |
| Defendants. | ) |

### ANSWER TO COMPLAINT

Comes now Defendant Bullock County Commission, in the above-styled cause by and through its attorney of record, with full reservation to amend or supplement, upon the discovery of additional facts or defenses and files this answer to the Complaint of the plaintiff as follows:

1. Defendant Bullock County Commission states paragraph one is unknown; however, it does admit to paragraph one.

2. Defendant Bullock County Commission is not required to respond to paragraph two.

3. Defendant Bullock County Commission admits Bullock County is a governmental entity.

4. Defendant Bullock County Commission is not required to respond to paragraph four.

5. Defendant Bullock County Commission is not required to respond to paragraph five.

6. Defendant Bullock County Commission is not required to respond to paragraph six.

7. Defendant Bullock County Commission is not required to respond to paragraph seven.

8. Defendant Bullock County Commission states paragraph eight is unknown.

9. Defendant Bullock County Commission admits paragraph nine.

10. Defendant Bullock County Commission admits paragraph ten.

11. Defendant Bullock County Commission admits paragraph eleven.

**EXHIBIT 1**

### Count One

Defendant Bullock County Commission is not required to answer Count One of the plaintiff's Complaint.

### Count Two

Defendant Bullock County Commission is not required to answer Count Two of the plaintiff's Complaint.

### Count Three

Defendant Bullock County Commission is not required to answer Count Three of the plaintiff's Complaint.

### Count Four

25. Paragraph 25 does not require a response.

26. Defendant Bullock County Commission admits paragraph twenty-six.

27. Defendant Bullock County Commission state this issue is not applicable under worker's compensation.

28. Defendant Bullock County Commission admits paragraph twenty-eight.

29. Defendant Bullock County Commission admits paragraph twenty-nine.

30. Defendant Bullock County Commission does not need to respond to paragraph thirty.

31. Defendant Bullock County Commission states the proper statute for worker's compensation is Ala. Code, §25-5-1. Ala. Code, §25-5-11 is the statute covering third-party liability in which we are claiming subrogation; therefore Bullock County Commission admits paragraph thirty-one.

32. Defendant Bullock County Commission states paragraph thirty-two is unknown at this time and is therefore denied.

## Affirmative Defenses

The Defendant Bullock County Commission hereby asserts the following affirmative defenses:

1. Exclusive remedy against Bullock County Commission is worker's compensation.

2. Bullock County Commission is entitled to subrogation from the plaintiff against any third-party finding of liability.

3. The Defendant reserves the right to assert any additional affirmative defenses that may become known during discovery.

Respectfully submitted on June 14, 2007.

_____
MICHAEL M. ELEY   (ELE001)
Attorney for Defendant

OF COUNSEL:
WEBB & ELEY, P.C.
P. O. Box 240909
MONTGOMERY, AL  36124
(334) 262-1850

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Answer upon plaintiff's attorney by placing a copy of same in the U.S. Mail, postage prepaid on this the 14th day of June, 2007.

Greg Allen
Beasley, Allen, Crow,
  Methvin, Portis & Miles
P. O. Box 4160
Montgomery, AL  36104

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTIS WILLIAMS and BEVERLY WILLIAMS, Individually and as a dependent and next friend of Artis Williams, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CASE NO. 2:07-cv-538 |
| CNH AMERICA, LLC; BULLOCK COUNTY COMMISSION, et al. ) ) ) | |
| Defendants. ) | |

STATE OF ALABAMA        )

MONTGOMERY COUNTY)

### AFFIDAVIT OF MICHAEL M. ELEY

Before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared Michael M. Eley, who is known to me and who being by me first duly sworn, on oath deposes and says as follows:

My name is Michael M. Eley and I am a practicing attorney in Montgomery County, Alabama. I am representing Bullock County defending the worker's compensation claim brought by Artis Williams. I am familiar with the brief filed by Defendant CNH America, LLC wherein it is contended that there is no justiciable controversy between Bullock County and Artis Williams. That is not correct. As a matter of fact, Mr. Williams has been paid no worker's compensation benefits at this time other than medical expenses. Mr. Williams has been paid his sick leave and some of his co-workers have donated their sick leave. Worker's

1

**EXHIBIT 2**

compensation payments other than medical expenses have not been made. I am exploring possible worker's compensation defenses including, but not limited to, misconduct and the lack of seatbelt use at the time of this accident. I understand that Mr. Williams may contend that he was wearing the seatbelt at the time of the accident but I am exploring that issue as well as others.

In addition, there is a controversy on whether or not Mr. Williams is capable of returning to work at this point. There is a question as to whether Mr. Williams suffers temporary partial disability, permanent partial disability or permanent total disability. Further there is a controversy as to potential subrogation should there be a settlement or verdict in the case. There clearly are justiciable issues involved in this worker's compensation claim.

For these above reasons, Bullock County filed an answer denying the Plaintiff's claims for worker's compensation benefits.

This affidavit is based upon my personal knowledge and belief and is true and accurate to the best of my knowledge.

_____
MICHAEL M. ELEY

SWORN and SUBSCRIBED before me on this the _27_ day of _July_, 2007.

_____
Notary Public
My Commission Expires:
11|12|07