IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTIS WILLIAMS and BEVERLY WILLIAMS, </br></br>    Plaintiffs, </br></br>v. </br></br>CNH AMERICA, LLC, et al., </br></br>    Defendants. | )</br>)</br>)</br>)</br>)</br>)  CIVIL ACTION NO.</br>)  2007-CV-00538</br>)</br>)</br>)</br>)</br>) |

## CNH'S MOTION FOR LEAVE TO FILE A SURREPLY TO PLAINTIFFS' MOTION TO REMAND

Defendant CNH America, LLC ("CNH") moves this Court for leave to file the attached Surreply to Plaintiffs Artis and Beverly Williams' ("Plaintiffs") Response to CNH's Opposition to Remand. In support of this Motion, CNH says as follows:

    1.    Plaintiffs raise new issues in their Response that require a reply on the part of CNH.

    2.    CNH's Surreply will provide this Court will all the information it needs to make a decision regarding this matter.

    Wherefore, respectfully submitted,

    /s/ J. Chandler Bailey
    One of the Attorneys for Defendant
    CNH America, LLC

OF COUNSEL:
Jere F. White, Jr. (WHI007)
J. Chandler Bailey (BAI043)
Hyde Carby (CAR175)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

      This is to certify that on this 7th day of August, 2007, I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Jere L. Beasley, Esq.
    J. Gregg Allen, Esq.
    Beasley, Allen, Crow, Methvin,
     Portis & Miles, P.C.
    P. O. Box 4160
    Montgomery, AL 36104

    L. Shane Seaborn, Esq.
    Myron C. Penn, Esq.
    Penn & Seaborn, LLC
    P. O. Box 688
    Clayton, AL 36016

    Michael M. Eley, Esq.
    Webb & Eley, P.C.
    PO Box 240909
    Montgomery, AL 36124

                                           /s/ J. Chandler Bailey
                                           Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTIS WILLIAMS and BEVERLY WILLIAMS,<br><br>    Plaintiffs,<br><br>v.<br><br>CNH AMERICA LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)  2007-CV-00538<br>)<br>)<br>)<br>)<br>) |

## CNH'S SURREPLY TO PLAINTIFFS' MOTION TO REMAND

CNH America LLC ("CNH") says as follows in response to Plaintiffs Artis and Beverly Williams' ("Plaintiffs") Response in Support of their Motion to Remand this case back to the Circuit Court of Bullock County, Alabama:

This is a classic case of the tail wagging the dog. Plaintiffs would have this Court allow a state court, unrelated, non-jury claim for worker's compensation benefits – the damages for which are statutorily prescribed – drag a products liability claim seeking punitive damages from a jury against a diverse defendant into state court. Although this practice may have occurred in the past, it should not continue, and this Court's recent decision in a similar case supports CNH's argument and counsels in favor of denying Plaintiffs' motion.

In Bryant v. Wausau Underwriters Insurance Company, et al., 2007 WL 1159699 (M.D. Ala. 2007), this Court severed a worker's compensation claim and remanded it back to state court. It retained diversity jurisdiction over the separate third party tort claims that were brought along with the worker's compensation claim. It did so even though the worker's compensation

claims and third party tort claims are permitted to be brought together in one lawsuit under Ala. R. Civ. P. 20.

In so holding, this Court implicitly recognized that, because these claims "arise under" different sources of law, they are essentially unrelated, and severance is appropriate. Severance is particularly appropriate where the sole motivation for joining a completely unrelated claim is to defeat a diverse defendant's right to a federal forum. As this Court has said in the past, a court should be cautious about remand, lest it erroneously deprive a defendant of this important right. See e.g., Bolling v. Union National Life Ins. Co., 900 F.Supp. 400, 405 (M.D. Ala. 1995).

Accordingly, CNH requests that the Court sever the unrelated worker's compensation claims against the Commission from the tort claims against CNH, retain federal diversity jurisdiction over Plaintiffs' third party claims against CNH and deny Plaintiffs' Motion to Remand.

I. **Worker's Compensation Claims Should Not Be Joined With Unrelated Third Party Tort Claims To Defeat Diversity.**

CNH is aware of the several decisions cited by Plaintiffs in which federal courts in this state have remanded entire cases against multiple defendants because of the existence of a worker's compensation claim. Those cases are older than this Court's recent decision in Bryant, and CNH submits that Bryant is not only more current, it is a better and more just statement of the law. It recognizes the inherent difference between tort claims and worker's compensation claims.

In Bryant, this Court severed a worker's compensation claim from third party tort claims against diverse defendants and remanded the worker's compensation claim back to state court because these claims do not arise from the same source of law. This Court found that severance was appropriate despite the fact that these claims were brought together in state court and that

2

state court pleading rules allow for joinder of these two claims in one action. Thus, Plaintiffs' argument that severance is inappropriate because Rule 20 allows for joinder fall short in the face of Bryant.

Furthermore, Plaintiffs should not be allowed to defeat diversity by joining tort claims with wholly unrelated worker's compensation claims against employers who are not subject to the same burden of proof, damages, pleading requirements or fact-finders as are the third party tortfeasors. At its heart, Bryant correctly holds that diverse third party tortfeasors should not be deprived of a federal forum merely because their case was joined with a non-removable worker's compensation claim – even if that joinder was originally proper under Rule 20.

## II. The Court Should Sever These Unrelated Claims and Perfect Federal Subject Matter Jurisdiction Under Rule 21.

Federal Rule of Civil Procedure 21 provides the Court with the means to sever this worker's compensation claim to protect its jurisdiction over the tort claims against the diverse party in this case, CNH. Rule 21 grants that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Moreover, "the courts have also used Rule 21 to drop a party who was joined in an action for the purpose of preventing removal." See Wright & Miller, Fed. Prac. & Proc. §1685 (emphasis added).

Specifically, Rule 21 has been implemented in this Court to allow a party to be dropped to perfect federal court jurisdiction where that party is dispensable and its presence will destroy diversity jurisdiction. See Byrd v. Howse Implement Co., Inc., 227 F.R.D. 692, 694 (M.D. Ala. 2005)(quoting Anderson v. Moorer, 372 F.2d 747, 750 n. 4 (5th Cir.1967). While Howse is not squarely on point, it nonetheless stands for the proposition that Rule 21 may be used in the

Court's broad discretion to accomplish and protect otherwise proper diversity jurisdiction. This is exactly what CNH requests here.[1]

In this case, the Commission is certainly not an indispensable party under Rule 19; the severance in <u>Bryant</u> proves as much. There will be no prejudice to any party if these cases are severed under Rule 21. Moreover, Plaintiffs' unrelated worker's compensation claims against the Commission are unfairly joined with the tort claims against CNH for the purpose of defeating the otherwise proper assertion of diversity jurisdiction, thereby erroneously depriving CNH of its right to a federal forum. <u>See</u> <u>Bolling</u>, 900 F.Supp. at 405. Rule 21 not only authorizes severance in this situation, such a result justly affords diverse defendants the federal forum granted them by Congress for their unrelated tort claims.

### III. <u>Conclusion</u>

Based on the foregoing, CNH's Notice of Removal and its Brief in Opposition to Remand, CNH respectfully requests that this Court, pursuant to <u>Bryant</u> and Rule 21, sever the unrelated worker's compensation claims against the Commission from the third party tort claims against CNH and perfect subject matter jurisdiction over the claims against CNH pursuant to 28 U.S.C. §1332.[2]

---

[1] Indeed, if this <u>entire</u> case were remanded and the worker's compensation claim was ultimately severed by the state court, then Plaintiffs would surely argue that CNH could not remove the case again, because such severance was not a voluntary act of Plaintiffs. This would practically deprive a diverse defendant of its entitled federal forum in a tort claim that has no relation to the worker's compensation claim that is bootstrapped to it.

[2] Severance and retention of the diverse third party tort claims is the appropriate result. Should this Court, however, have any question about the propriety of severance and remand of the worker's compensation claims, in light of the cases cited by Plaintiffs, CNH respectfully asserts that the best means to obtain guidance as to the proper course of conduct in these cases is to deny the motion to remand. Plaintiffs would then have the right to appeal that decision, whereas granting the motion will effectively foreclose any appeal. CNH submits that this important issue has frankly been decided with different results by different judges in the Northern and Middle Districts of Alabama. <u>Cf.</u> Plaintiffs' Brief in Support of their Motion to

/s/ J. Chandler Bailey
One of the Attorneys for Defendant
CNH America, LLC

OF COUNSEL:
Jere F. White, Jr. (WHI007)
J. Chandler Bailey (BAI043)
Hyde Carby (CAR175)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

---

Remand, p.6, with Bryant and Long v. Raymond Corp., attached as Exhibit A to CNH's Brief in Opposition to Remand. While CNH urges this Court to sever and remand the worker's compensation claim, as was done in Bryant and Long, if this Court wants clarification from the Eleventh Circuit on this issue, denying the Motion to Remand is the means to obtain it.

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 7th day of August, 2007, I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Jere L. Beasley, Esq.
    J. Gregg Allen, Esq.
    Beasley, Allen, Crow, Methvin,
     Portis & Miles, P.C.
    P. O. Box 4160
    Montgomery, AL 36104

    L. Shane Seaborn, Esq.
    Myron C. Penn, Esq.
    Penn & Seaborn, LLC
    P. O. Box 688
    Clayton, AL 36016

    Michael M. Eley, Esq.
    Webb & Eley, P.C.
    PO Box 240909
    Montgomery, AL 36124

                                        /s/ J. Chandler Bailey
                                        Of Counsel