IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTIS WILLIAMS, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:07-cv-538-MEF |
| | ) |
| CNH AMERICA, LLC, *et al.*, | ) (WO-Recommended for Publication) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant CNH America's ("CNH") Motion to Sever and Remand Plaintiffs' Claims for Worker's Compensation (Doc. # 4), filed June 18, 2007, and Plaintiffs' Motion to Remand (Doc. # 5), filed July 9, 2007. CNH has requested that this Court sever and remand Plaintiffs' worker's compensation claim against the Bullock County Commission ("the Commission") but retain jurisdiction over Plaintiffs' remaining common law claims against CNH. Plaintiffs argue that this Court should remand the entire case back to state court.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiffs commenced this action in the Circuit Court for Bullock County, Alabama on May 14, 2007. Plaintiff Artis Williams alleges that on April 16, 2007, in the scope of his employment with the Commission, he was driving a tractor that rolled over and caused him injury. He is suing the Commission for worker's compensation benefits. He is also suing the manufacturer of the tractor, CNH, for design defects, negligence, and wantonness.

Plaintiff Beverly Williams is Artis Williams' wife, and she is suing for loss of consortium.

CNH filed a notice of removal in this Court on June 18, 2007. CNH removed this case on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that a court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Diversity jurisdiction is defeated if *any* plaintiff shares the same state citizenship with *any* defendant. *See, e.g.*, *Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). This rule is known as "complete diversity." *Id.* at 1338. Plaintiffs

are citizens of the State of Alabama. Defendant CNH is a corporation organized under the laws of Delaware with a principle place of business in Pennsylvania. However, the Commission is organized under the laws of Alabama; therefore, its presence in this suit would defeat subject matter jurisdiction in this Court.

CNH essentially argues that when a removed case involves multiple claims, one of which is a worker's compensation claim, a federal court should sever and remand the worker's compensation claim and retain the remainder of the case, so long as subject matter jurisdiction exists over the remaining claims. However, CNH offers no persuasive argument as to why this Court should treat this case differently from any other case involving multiple claims.

CNH argues that Plaintiffs fraudulently joined the Commission. CNH contends that Plaintiffs included the allegedly unrelated workers compensation claim against the Commission solely to prevent CNH from removing the case to federal court. On the other hand, Plaintiffs argue that the Commission was not fraudulently joined, and this Court should not sever the worker's compensation claim because all claims in this case arise out of the same incident and have common questions of law and fact.

Federal courts disregard the citizenship of fraudulently joined defendants when determining whether diversity jurisdiction exists. *See, e.g.*, *Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1247 (M.D. Ala. 2001) ("When a defendant has been fraudulently joined, the

court should disregard his or her citizenship for purposes of determining whether a case is removable based upon diversity of citizenship."). A defendant's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. . . . [A third situation arises] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claims against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). A removing defendant bears the burden of proving fraudulent joinder. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). This burden on the defendant is a heavy one. It requires the court to evaluate the parties' factual allegations in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *See id.*[1]

---

[1] It is important to note that a court should determine its jurisdiction over the case "based upon the plaintiff's pleadings at the time of removal," supplemented by any affidavits or deposition transcripts filed by the parties. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005). Also, while the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b), the jurisdictional inquiry must not subsume substantive determination. *Crowe*, 113 F.3d at 1538. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. *Id.*

CNH is arguing that the third method of finding fraudulent joinder applies: that there is no joint, several, or alternative liability and the claim against the Commission has no real connection to the claim against CNH. CNH has put forth several justifications for this argument: (1) the worker's compensation claim against the Commission is not removable pursuant to 28 U.S.C. § 1445(c); (2) the issues and damages involved in the two actions are different; and (3) severance of worker's compensation claims is the recognized practice in Alabama because worker's compensation claims require a bench trial.

CNH correctly asserts that worker's compensation claims are not removable pursuant to § 1445(c). However, this does not mean that there is no joint, several, or alternative liability; nor does it mean that the worker's compensation claim has no real connection to the claims against CNH. Indeed, all of the claims in this case arise out of the same incident and will necessarily have several common questions of fact. As a result, these claims cannot be said to have no real connection. *See Baker v. Tri Nations Express, Inc.*, 531 F. Supp. 2d 1307, 1313 n.6 (M.D. Ala. 2008) (Watkins, J.) (noting that claims arising out of the same car accident have a "real connection" and prevent a finding of fraudulent joinder under the third method); *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1276 (M.D. Ala. 2001) (Albritton, C.J.) (workers compensation claim joined with tort claims against third party arising out of same work-related accident was not fraudulent). Consequently, CNH's alternative first and second justifications for severance are inopposite.

CNH also argues that this Court should sever the worker's compensation claim

because that is the "recognized practice" in Alabama.  However, Alabama's rule regarding joinder of parties mirrors the corresponding federal rule and would seem to allow for the joinder of the claims involved in this case:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of *or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.*

Ala. R. Civ. P. 20(a) (emphasis added).  Moreover, Alabama's worker's compensation statute specifically provides for the joinder of worker's compensation claims with other claims arising out of the same transaction:

> If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, . . .the employee . . . may proceed against the employer to recover compensation under this chapter . . . and *at the same time*, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter.

Ala. Code § 25-5-11(a) (1975) (emphasis added).

In addition, far from being the "recognized practice," there appears to be significant discretion left to trial judges in Alabama as to whether to sever a worker's compensation claim from common law claims against third parties.  *See Brooks*, 176 F. Supp. 2d at 1275 (discussing Alabama workmen's compensation cases); *Priest v. Sealift Servs. Int'l, Inc.*, 953 F. Supp. 363, 364 (N.D. Ala. 1997) ("This court understands that some Alabama trial judges under similar procedural circumstances, instead of severing a workers' compensation

count from a tort count, try to a jury the tort count against alleged non-employer tortfeasors while reserving to themselves the separate workers' compensation claim based on the same evidence, thus saving two trials.").

CNH argues that the Eleventh Circuit's opinion in *Reed v. The Heil Co.*, 206 F.3d 1055 (11th Cir. 2000), should be interpreted as suggesting that severing and remanding worker's compensation claims from otherwise removable claims is required or, at a minimum, recommended.[2] This Court does not find *Reed* to be controlling in this case.

In *Reed*, the plaintiff, Reed, brought suit in Alabama state court alleging state law claims, including retaliation against an employee for filing for worker's compensation, as well as a federal law claim for violation of the Americans with Disabilities Act ("ADA"). The defendant removed the case to federal court on the based on federal question jurisdiction due to the ADA claim. The district court denied Reed's attempts at remand, and granted summary judgment to the defendant on all claims. Reed appealed the ruling on the worker's compensation retaliation claim and the ADA claims. *See Reed*, 206 F.3d at 1057-58. The Eleventh Circuit held that the district court lacked jurisdiction over Reed's worker's compensation retaliation claim pursuant to 28 U.S.C. § 1445(c) because retaliation claims

---

[2] Defendants have also cited an unpublished opinion in which this Court severed and remanded a worker's compensation claim to state court and retained jurisdiction over the remaining common law claims pursuant to diversity jurisdiction. *See Bryant v. Wausau Underwriters Ins. Co.*, 06-cv-1002-MEF, slip op. (M.D. Ala. Apr. 18, 2007) (Fuller, C.J.). In *Bryant*, the plaintiff did not raise many of the arguments that Plaintiffs have raised in this case, and this Court—based upon its review of the issues in this case—is currently in the process of reconsidering its ruling in *Bryant*.

arise under the state's worker's compensation laws. *See id.* at 1060. The Eleventh Circuit ultimately reversed and remanded the district court on the retaliation claim, with instructions to remand that claim back to state court. The Circuit affirmed the district court on the ADA claim, however, rather than ordering a remand on that claim as well. *See id.* at 1063.

Nowhere in the *Reed* opinion, however, did the Eleventh Circuit address the issue of fraudulent joinder of a worker's compensation claim; nor did the Circuit hold that it was error for the district court to not sever the worker's compensation claim. The main reason that none of those issues were addressed by the Eleventh Circuit is because *Reed* involved a worker's compensation claim joined with a claim arising under federal law removed pursuant to § 1331 (federal question jurisdiction). In contrast, this case involves a nondiverse worker's compensation claim joined with state common law claims against a diverse third party removed pursuant to § 1332 (diversity jurisdiction). Because fraudulent joinder is only relevant to claims that are removed based on diversity jurisdiction, even if *Reed* stood for the proposition that CNH suggests, it would not be controlling here.[3]

This Court's interpretation of *Reed* and ultimate holding is supported by other federal courts which have reached the same conclusion. *See Brooks*, 176 F. Supp. 2d at 1277 (then

---

[3] This is particularly apparent given the fact that 28 U.S.C. § 1441(c) specifically gives district courts the authority to hear claims removed pursuant to § 1331 and remand "otherwise non-removable claims or causes of action." There is no such authority conferred in cases removed pursuant to § 1332. Moreover, there is no evidence in the *Reed* opinion that the Circuit addressed, or any party raised, the argument that the *entire case* should have been remanded to state court.

Chief Judge Albritton held, post-*Reed*, that where plaintiff brought worker's compensation claim against nondiverse employer with common law claims against diverse third party, entire case should be remanded to state court); *Priest*, 953 F. Supp. at 364 (remanding case that was removed based on diversity jurisdiction which involved nondiverse workers compensation claim); *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186, 195-97 (D. Conn. 2005) (remanding case involving worker's compensation claim removed based on diversity jurisdiction); *see also Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1247 (8th Cir. 1995) (holding that district court erred in failing to remand case that involved worker's compensation claim removed pursuant to § 1331).[4]

## IV. CONCLUSION

For the reasons stated above, it is hereby ORDERED that

(1)   Plaintiffs' Motion to Remand (Doc. # 5) is GRANTED.

(2)   Defendant CNH's Motion to Sever and Remand Plaintiffs' Claims for Worker's Compensation (Doc. # 4) is DENIED.

(3)   This case is REMANDED to the Circuit Court of Bullock County, Alabama.

(4)   The Clerk is DIRECTED to take appropriate steps to effect the remand.

(5)   Any pending motions not resolved by this Order are left for resolution by the Circuit Court of Bullock County, Alabama.

---

[4]   In an unpublished opinion, one other court in this district has refused to sever worker's compensation claims from tort claims. *See Brascom v. Morbark, Inc.*, 01-D-1082-N, slip op. at 7-9 (M.D. Ala. Nov. 20, 2001) (DeMent, J.).

DONE this 28th day of March, 2008.

                        /s/ Mark E. Fuller
               CHIEF UNITED STATES DISTRICT JUDGE